SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email: jhoffman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
Email: jcrowe@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
Facsimile: 619.234.3815
E mail: awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No.: 2:24-cv-05205-FMO-MAA<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S AMENDED ANSWER TO COMPLAINT; AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Fernando M. Olguin<br>Crtrm: 6D<br>First Street Courthouse<br><br>Mag.: Hon. Maria A. Audero<br>Crtrm: 880<br>Roybal Federal Building |

Defendant State Farm General Insurance Company ("State Farm General" or "Defendant") hereby submits this Amended Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Jacquelyn "Jackie" Lacey, in her individual capacity; and Jacquelyn "Jackie" Lacey, as Trustee of the D and J Lacey Family Trust dated November 23, 2026 ("Plaintiff"), in the Los Angeles Superior Court, Case No. 24STCV12766, and removed to this Court on June 20, 2024 (Dkt. 1), pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), as follows:

## PRELIMINARY STATEMENT

1. Defendant admits that it conducts business in California. Defendant admits that it is a member of the State Farm family of companies. Defendant admits that State Farm is ranked in the Fortune 500 list of largest companies, uses the phrase "Like a good neighbor, State Farm is there" in some of its marketing materials, and has a trademarked logo that includes three red ovals. Except as expressly admitted, Defendant lacks information and belief regarding the truth or falsity of the remaining allegations of Paragraph 1 of Plaintiff's Complaint and, on that basis, Defendant denies the remaining allegations of Paragraph 1 of Plaintiff's Complaint.

2. Defendant denies the allegations of Paragraph 2 of Plaintiff's Complaint.

3. Defendant denies the allegations of Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that Jacquelyn and David Lacey (the "Laceys") paid premiums to Defendant under the Homeowners Policy issued to them effective February 22, 2020 to February 22, 2021, Policy No. 71-C7-M007-7 (the "Homeowners Policy") and Personal Liability Umbrella Policy issued to the Laceys effective June 12, 2019 to June 12, 2020, Policy No. 71-GB-A528-2 (the "Umbrella Policy"). Defendant admits that Mrs. Lacey was formerly the District Attorney for

Los Angeles County.  Except as expressly admitted, Defendant denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5. Defendant admits that David Lacey was alleged to have confronted individuals on his property while holding a handgun on the morning of March 2, 2020. Defendant admits that three of those individuals filed a civil lawsuit against Mr. and Mrs. Lacey, titled *Abdullah et al. v. Lacey et al.,* Los Angeles County Superior Court Case No. STCV40080 (the "*Abdullah* Action"). Defendant admits that it provided a defense to Mrs. Lacey in the *Abdullah* Action. Defendant denies that it abandoned Mr. Lacey and denies that the claims asserted in the *Abdullah* Action "were plainly covered under the Lacey's [sic] State Farm insurance policies." Except as expressly admitted, Defendant denies the allegations of Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that it accepted Mr. Lacey's tender of defense of the Second Amended Complaint in the *Abdullah* Action under the Umbrella Policy pursuant to a reservation of rights letter dated March 12, 2021. Defendant admits that its acceptance of Mr. Lacey's defense was subject to the reservation of rights dated March 12, 2021 and the supplemental reservation of rights dated August 31, 2023, including, among other things, the right to withdraw its defense. Except as expressly admitted, Defendant denies the allegations of Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that its agreement to accept Mr. Lacey's defense included the agreement to pay Mr. Lacey's reasonable attorneys' fees subject to the terms and limitations of the Umbrella Policy and California law, including California Civil Code section 2860. Except as expressly admitted, Defendant denies the allegations of Paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations of Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that the plaintiffs in the *Abdullah* Action agreed to settle their claims and dismiss the entire *Abdullah* Action with prejudice. Except as expressly admitted, Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

## THE PARTIES

11. Defendant admits that Mrs. Lacey is an individual and brings this action in her individual capacity and also in her capacity as trustee of the D and J Lacey Family Trust dated November 23, 2016 ("Trustee"). Defendant admits that Mr. Lacey was Plaintiff's husband who passed away during the course of the *Abdullah* Action. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint, and on that basis, denies them.

12. Defendant admits that it is an Illinois corporation, with its principal place of business in Bloomington, Illinois.

13. Defendant admits that it is an insurer authorized to do business in the State of California. Except as expressly admitted, Defendant denies the allegations of Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint, and on that basis, denies them.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint, and on that basis, denies them.

## THE INSURANCE POLICIES

16. Defendant admits that it issued the Homeowners Policy to the Laceys. Defendant admits that the Homeowners Policy includes Personal Liability and other

coverages subject to the terms and conditions contained therein. Except as expressly admitted, Defendant denies the allegations of Paragraph 16 of Plaintiff's Complaint, including its subparts.

17. Defendant admits that it issued the Umbrella Policy to the Laceys. Defendant admits that the Umbrella Policy contains Personal Liability coverage subject to the terms and conditions contained therein. Except as expressly admitted, Defendant denies the allegations of Paragraph 17 of Plaintiff's Complaint, including its subparts.

18. Defendant admits the allegations of Paragraph 18 of Plaintiff's Complaint.

19. Defendant admits the allegations of Paragraph 19 of Plaintiff's Complaint.

## THE UNDERLYING INCIDENT AND CLAIMS AGAINST THE INSUREDS

20. Defendant admits that Mr. Lacey was alleged to have confronted individuals on his property while holding a handgun on the morning of March 2, 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint, and on that basis, denies them.

21. Defendant admits that Dr. Melina Abdullah, Dahlia Ferlito, and Justin Marks filed their Complaint in the *Abdullah* Action on or about October 19, 2020. Defendant admits that the Laceys tendered defense of the Complaint in the *Abdullah* Action on or around October 21, 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of Plaintiff's Complaint, and on that basis, denies them.

22. Defendant admits that the Complaint in the *Abdullah* Action included causes of action for negligence, civil rights violations, assault and battery, and intentional infliction of emotional distress. Defendant admits that the plaintiffs in

the *Abdullah* Action filed a Second Amended Complaint in the *Abdullah* Action that included a cause of action for false imprisonment. Defendant admits that it accepted Mrs. Lacey's tender of defense of the Complaint in the *Abdullah* Action, and that it accepted Mr. Lacey's tender of defense of the Second Amended Complaint, pursuant to a reservation of rights, in the *Abdullah* Action. Except as expressly admitted, Defendant denies the allegations of Paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that it declined to pay $1,300,000 to settle the *Abdullah* Action but states that it did ultimately settle the *Abdullah* Action without any personal contribution from the Laceys. Except as expressly admitted, Defendant denies the allegations of Paragraph 23 of Plaintiff's Complaint.

**STATE FARM'S PATTERN OF BAD FAITH CONDUCT**

24. Defendant denies the allegations of Paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that it retained Harry Safarian of The Safarian Firm, APC to defend Mrs. Lacey in the *Abdullah* Action. Except as expressly admitted, Defendant denies the allegations of Paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations of Paragraph 26 of Plaintiff's Complaint.

27. Defendant admits that it did not accept Mr. Lacey's tender of defense of the initial Complaint in the *Abdullah* Action. Except as expressly admitted, Defendant denies the allegations of Paragraph 27 of Plaintiff's Complaint.

28. Defendant admits that Mr. Lacey fired no shots and made no physical contact with the plaintiffs in the *Abdullah* Action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Lacey's subjective intentions contained in Paragraph 28 of Plaintiff's Complaint, and on that basis, denies them. Except as expressly admitted, Defendant denies the allegations of Paragraph 28 of Plaintiff's Complaint.

29. Defendant admits that Mr. Lacey retained Ellis George LLP (formerly known as Browne George Ross O'Brien Annaguey & Ellis LLP) ("Ellis George"), to defend him in the *Abdullah* Action. Except as expressly admitted, Defendant denies the allegations of Paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations of Paragraph 30 of Plaintiff's Complaint.

31. Paragraph 31 of Plaintiff's Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 31 of Plaintiff's Complaint.

32. Defendant admits that it accepted Mr. Lacey's tender of defense of the Second Amended Complaint in the *Abdullah* Action subject to a reservation of rights in or around March 2021. Except as expressly admitted, Defendant denies the allegations of Paragraph 32 of Plaintiff's Complaint.

33. Defendant admits that its agreement to accept Mr. Lacey's defense included the agreement to pay Mr. Lacey's reasonable attorneys' fees subject to the terms and limitations of the Umbrella Policy and California law, including California Civil Code section 2860. Except as expressly admitted, Defendant denies the allegations of Paragraph 33 of Plaintiff's Complaint.

34. Defendant admits that it agreed to defend and indemnify Mrs. Lacey in the *Abdullah* Action. Defendant denies that it breached a duty to defend Mr. Lacey. Except as expressly admitted, Defendant denies the allegations of Paragraph 34 of Plaintiff's Complaint.

35. Defendant admits that Ellis George filed a Motion for Summary Adjudication of the cause of action for false imprisonment and the claim for punitive damages in the *Abdullah* Action, which the court granted on February 7, 2023. Defendant admits that the court in the *Abdullah* Action dismissed the civil rights violation cause of action and that the plaintiffs in the *Abdullah* Action dismissed the negligence cause of action. Defendant admits that *Abdullah* Action

"boiled down" to causes of action for assault and intentional infliction of emotional distress. Except as expressly admitted, Defendant denies the allegations of Paragraph 35 of Plaintiff's Complaint, including its subparts.

36. Defendant admits that it authorized Offers of Compromise pursuant to California Code of Civil Procedure section 998 with respect to the claims alleged against Mrs. Lacey individually in the *Abdullah* Action, which the plaintiffs in the *Abdullah* Action accepted. Defendant admits that the plaintiffs in the *Abdullah* Action thereafter dismissed all claims alleged against Mrs. Lacey individually in the *Abdullah* Action with prejudice. Except as expressly admitted, Defendant denies the allegations of Paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations of Paragraph 37 of Plaintiff's Complaint.

38. Defendant admits that it selected Mr. Safarian to participate in the defense of The Estate of David Lacey (as substituted for Mr. Lacey upon his death) pursuant to California Civil Code section 2860. Except as expressly admitted, Defendant denies the allegations of Paragraph 38 of Plaintiff's Complaint.

39. Defendant admits that Mr. Safarian informed Ellis George that he had been instructed to participate in the defense of The Estate of David Lacey on or around July 20, 2023. Except as expressly admitted, Defendant denies the allegations of Paragraph 39 of Plaintiff's Complaint.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Complaint, and on that basis, denies them.

41. Defendant admits that attorney Ryan Keech moved from Ellis George to the K&L Gates firm, and continued to participate in the defense of The Estate of David Lacey in the *Abdullah* Action. Except as expressly admitted, Defendant denies the allegations of Paragraph 41 of Plaintiff's Complaint, including its footnote.

42. Defendant denies the characterizations of Mr. Safarian's behavior contained in Paragraph 42 of Plaintiff's Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of Plaintiff's Complaint, and on that basis, denies them.

43. Defendant denies the allegations regarding its purported conduct contained in Paragraph 43 of Plaintiff's Complaint. As to the remaining allegations regarding Mr. Safarian's purported conduct, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, denies them. Defendant otherwise denies the allegations of Paragraph 43 of Plaintiff's Complaint.

44. Defendant admits that it settled the entire *Abdullah* Action for less than the $1.3 million combined policy limits and without any personal contribution from Mrs. Lacey, either individually or in her capacity as the Trustee. Except as expressly admitted, Defendant denies the allegations of Paragraph 44 of Plaintiff's Complaint, including its footnote.

45. Defendant denies the allegations of Paragraph 45 of Plaintiff's Complaint.

46. Defendant admits that it funded the entire settlement of the *Abdullah* Action without contribution from Mrs. Lacey, either individually or in her capacity as the Trustee. Defendant admits that it has not sought reimbursement from Mrs. Lacey for its settlement payments. Except as expressly admitted, Defendant denies the allegations of Paragraph 46 of Plaintiff's Complaint, including its footnote.

47. Defendant admits that the settlement of the *Abdullah* Action avoided a trial of the *Abdullah* Action. Except as expressly admitted, Defendant denies the allegations of Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations of Paragraph 48 of Plaintiff's Complaint.

49. Defendant admits that a dispute exists between Plaintiff and Defendant regarding the attorneys' fees incurred in defending Mr. Lacey and The Estate of David Lacey in the *Abdullah* Action. Except as expressly admitted, Defendant denies the allegations of Paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations of Paragraph 50 of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION
### (For Breach of Contract)
### (On Behalf of All Plaintiffs; Against State Farm and Des 1-50)

51. Defendants incorporates herein by reference its responses to Paragraphs 1 through 50 above.

52. Defendant admits that the Homeowners Policy and Umbrella Policy exist and were in effect when the *Abdullah* Action was filed. Except as expressly admitted, Defendant denies the allegations of Paragraph 52 of Plaintiff's Complaint.

53. Defendant denies the allegations of Paragraph 53 of Plaintiff's Complaint.

54. Defendant denies the allegations of Paragraph 54 of Plaintiff's Complaint.

55. Defendant denies the allegations of Paragraph 55 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (For Breach of the Implied Covenant of Good Faith and Fair Dealing)
### (on Behalf of All Plaintiffs; Against State Farm and Does 1-50)

56. Defendants incorporates herein by reference its responses to Paragraphs 1 through 55 above.

57. Defendant admits that an implied duty of good faith and fair dealing exists between Mrs. Lacey and Defendant under the Homeowners Policy and Umbrella Policy. The remaining allegations of Paragraph 57 contain a legal

conclusion to which no response is required.  To the extent a response is required Defendant denies the remaining allegations of Paragraph 57 of Plaintiff's Complaint.

58. Defendant denies the allegations of Paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations of Paragraph 59 of Plaintiff's Complaint.

60. Defendant denies the allegations of Paragraph 60 of Plaintiff's Complaint.

61. Defendant denies the allegations of Paragraph 61 of Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies generally and specifically each and every allegation contained in the Complaint, and further denies that Plaintiff has been damaged in any sum at all, or in any manner at all, or is entitled to any relief whatsoever from Defendant.

## DEFENSES

As separate defenses to the Complaint, Defendant alleges, on information and belief, the following defenses.  By alleging the following defenses, Defendant does not assume any burden of production, proof or persuasion as to such defenses not otherwise imposed by law.  Defendant reserves the right to allege additional defenses as warranted by discovery:

## FIRST DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND DEFENSE

### (California Civil Code § 2860 and Binding Arbitration)

The gravamen of Plaintiff's claims center on a dispute regarding the amount paid by Defendant for independent counsel or "*Cumis*" fees arising from or related to the defense of David Lacey and The Estate of David Lacey in the *Abdullah* Action, which dispute is subject to mandatory arbitration under California Civil Code section 2860.

## THIRD DEFENSE

### (Policy Terms)

The claims are barred, in whole or in part, to the extent they fall outside the scope of coverage under the Homeowners Policy and/or Umbrella Policy (collectively, the "Policies"), and/or are barred by the terms, provisions, limitations, conditions, and/or exclusions of the Policies.

## FOURTH DEFENSE

### (Breach of Policy Terms and/or Conditions)

The Complaint, and each purported cause of action therein, is barred and/or limited to the extent Plaintiff or any insured, acting individually or through counsel, breached the terms and conditions of the Policies including, but not limited to, the cooperation clause contained in the Policies.

## FIFTH DEFENSE

### (Failure to Mitigate)

The Complaint, and each purported claim for relief therein, is barred to the extent that Plaintiff or any insured has failed to mitigate their damages, if any, alleged or otherwise.

## SIXTH DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action therein, is barred to the extent that it contains claims precluded, in whole or in part, by the applicable statute

of limitations, including but not limited to California Code of Civil Procedure sections 335.1, 337, 338, and 339.

### SEVENTH DEFENSE

### (Standing)

The Complaint, and each purported cause of action therein, is barred to the extent Plaintiff lacks standing to assert any such cause of action or claim.

### EIGHTH DEFENSE

### (Waiver)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiff or any insured, by their actions, knowingly, voluntarily, and willingly, waived any rights they may otherwise have had against Defendant.

### NINTH DEFENSE

### (Estoppel)

The Complaint, and each purported cause of action therein, is barred to the extent that Plaintiff or any insured is estopped to assert the claims set forth in the Complaint.

### TENTH DEFENSE

### (Conduct of Third Parties)

Plaintiff's alleged injuries were caused, if at all, by the acts of third parties, not Defendant.

### ELEVENTH DEFENSE

### (Due Process)

Plaintiff's request for punitive damages is barred to the extent it violates Defendant's rights to substantive and procedural due process, violates their right to protection from excessive fines, and denies them equal protection under both the United States Constitution and the California Constitution.

## TWELFTH DEFENSE

### (Due Process)

Any award of punitive damages based on anything other than Defendant's conduct specific to this lawsuit and/or Lacey would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the California Constitution, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishments for the same alleged wrong.

## THIRTEENTH DEFENSE

### (Punitive Damages – No Ratification)

Plaintiffs' request for punitive damages is barred, as a matter of law, to the extent it fails to establish that Defendant ratified or approved of any alleged malicious, fraudulent, or oppressive acts of any of its employees or agents.

## FOURTEENTH DEFENSE

### (Offset / Credit / Reduction)

In the event there is a finding of damages for Plaintiff, such damages must be reduced, credited or offset to the extent Plaintiff or any insured received monetary benefits from Defendant, or Defendant paid monetary benefits on behalf of Plaintiff or any insured to a third party. This includes, but is not limited to, any amounts Defendant paid towards the defense of claims seeking damages not potentially covered under the Policies, under the principles set forth in *Buss v. Superior Court*, 16 Cal.4th 35 (1997).

## FIFTEENTH DEFENSE

### (Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, based on accord and satisfaction.

## SIXTEENTH DEFENSE

**(Justification / Privileged)**

Some or all of Defendant's alleged conduct was justified and/or privileged under applicable law, including but not limited to California Civil Code section 47. As a result, Plaintiff fails to state facts upon which relief may be granted.

## RESERVATION OF RIGHTS

Defendant is informed and believes and thereupon alleges that it may have other separate and additional defenses of which it is presently unaware; Defendant reserves the right to allege other separate and additional defenses upon the discovery of additional facts during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by her Complaint;
2. That the Court dismiss, with prejudice, Plaintiff's Complaint, and award Defendant its recoverable costs; and
3. That the Court award Defendant such other and further relief as it may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant State Farm General Insurance Company maintains that this action should proceed to mandatory arbitration pursuant to California Civil Code Section 2860. Nonetheless, to the extent any claims may proceed to trial, State Farm General Insurance Company hereby demands a jury trial in this action.

1 | Dated: July 9, 2024

2 | SHEPPARD, MULLIN, RICHTER &
3 | HAMPTON LLP

5 | By    */s/ Andrea S. Warren*
6 | JENNIFER M. HOFFMAN
   ANDREA S. WARREN

8 | Attorneys for Defendant
   STATE FARM GENERAL INSURANCE COMPANY

SMRH:4868-6926-2031.2

-16-   Case No. 2:24-cv-05205-FMO-MAA
DEFENDANT'S AMENDED ANSWER TO COMPLAINT; AFFIRMATIVE DEFENSES; DEMAND FOR JURY TRIAL