ELLIS GEORGE LLP
Trent Copeland (State Bar No. 136890)
  tcopeland@ellisgeorge.com
Keian Vahedy (State Bar No. 316708)
  kvahedy@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

K&L GATES LLP
Ryan Q. Keech (State Bar No. 280306)
  Ryan.Keech@klgates.com
Kevin S. Asfour (State Bar No. 228993)
  Kevin. Asfour@klgates.com
Zachary T. Timm (State Bar No. 316564)
  Zach.Timm@klgates.com
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

Attorneys for Plaintiff JACQUELYN
"JACKIE" LACEY, in her individual
capacity; and JACQUELYN "JACKIE"
LACEY as trustee of the D and J Lacey
Family Trust dated November 23, 2016

*Additional Counsel Listed on Next Page*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05205-FMO-MAA<br><br>*[Assigned to Hon. Fernando M. Olguin, Courtroom 6D; Magistrate Judge: Hon. Maria A. Audero, Courtroom 880]*<br><br>**JOINT REPORT PURSUANT TO FRCP 26(F) AND C.D. CAL. LOCAL RULE 26-1**<br><br>**<u>Scheduling Conference:</u>**<br>Date:    August 1, 2024<br>Time:    10:00 a.m.<br>Crtrm.:   6D<br><br>Case commenced: June 20, 2024 |

FINAL -- Joint Rule 26(F)  CDCal Rule 26-1 Report (003) 4859-3732-1426 v 2.docx

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213.620.1780
Facsimile:   213.620.1398
Email:        jhoffman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Facsimile:   714.513.5130
Email:        jcrowe@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:   619.338.6500
E mail:        awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE
 COMPANY

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiffs Jacquelyn "Jackie" Lacey, in her individual capacity; and Jacquelyn "Jackie" Lacey as trustee of the D and J Lacey Family Trust dated November 23, 2016 ("Plaintiffs" or "Laceys") on the one hand, and Defendant State Farm General Insurance Company ("State Farm" or "Defendant"), on the other hand, by and through their counsel of record, hereby submit the following Joint Rule 26(f) Report in advance of the Scheduling Conference.

## I. **STATEMENT OF THE CASE**

### A. **Plaintiffs' Statement**

This bad faith action arises from State Farm's breach of insurance contract and willful failure to protect its insureds, Jacqueline "Jackie" Lacey and Trustee of the D and J Lacey Family Trust dated November 23, 2016, which is the successor in interest to David Lacey, who passed away on September 5, 2022.

On or about October 19, 2020, the three protesters who had confronted Mr. Lacey at his front door, Melina Abdullah, Dahlia Ferlito, and Justin Marks, sued the Laceys in the Los Angeles Superior Court action styled *Abdullah, et al. v. Lacey, et al.* Case No. 20STCV40080 ("Abdullah Action"). Among other things, the plaintiffs alleged a cause of action for negligence against both of the Laceys, and sought damages for alleged injuries to their "minds and bodies," based upon their early-morning interaction with Mr. Lacey at his front door. In addressing the protestors, Mr. Lacey (i) simply wanted them to leave his home, and asked them to do so; (ii) made absolutely no physical contact with any of them, nor did he even *attempt* to physically contact them in any way; (iii) had no intention of harming any of them; and (iv) had no expectation that they would suffer any harm as a result of his actions—nor would any reasonable person have such an expectation. As such, any injury that the protestors allegedly suffered was purely accidental, unintended, and unforeseen from the standpoint of Mr. Lacey.

Immediately upon learning of the Abdullah Action, the Laceys reported it to

State Farm, because the underlying claims plainly obligated State Farm, at a minimum, to defend both of the Laceys under the Laceys' State Farm insurance policies immediately, given that the claims raised, at the very least, the possibility of a covered loss as to both insureds.

From 2020 to present, the Laceys repeatedly requested that State Farm defend and indemnify them against the covered claims. But State Farm was, and continues to be, defiant. Knowing the Laceys did not have private counsel at the time, State Farm fabricated excuse after excuse to delay and shirk its coverage obligations regarding the Abdullah Action, including mischaracterizing the nature of the claims at dispute, misrepresenting the terms of applicable coverage, and later even hiring outside counsel to intimidate the Laceys from seeking coverage altogether.

State Farm's delay tactics and refusals were entirely without justification, and only became worse. For example, although State Farm eventually retained panel counsel (Harry Safarian of The Safarian Firm, APC) on or about November 26, 2020, to defend Jackie Lacey, State Farm expressly instructed panel counsel not to defend David Lacey. It was not until March 12, 2021, *when the Abdullah Action had already been pending for approximately five months,* that State Farm reluctantly agreed to extend a limited defense to Mr. Lacey – subject to a purported reservation of rights and a significant hourly rate reduction. By that point, however, State Farm had legally forfeited any ability to impose statutory "rate-capping" on Mr. Lacey's defense fees, given that the insurer had failed and refused to defend Mr. Lacey for five months in disregard of its coverage obligations; accordingly, neither Mr. Lacey nor his counsel ever agreed to any such rate-capping. Moreover, within months of the representation commencing, State Farm either "slow paid," "low paid" or, as time went on, "no paid" Mr. Lacey's legal fees – leaving the Laceys exposed to massive legal expenses which State Farm had agreed to pay and was obligated by law to pay.

As the Laceys' trial team began ramping up for trial to defend against the

claims of the "activists," State Farm initiated backdoor negotiations through its panel counsel – who State Farm demanded be given some access to Mr. Lacey's attorneys' meetings and work product.  Through this lawyer, State Farm was able to leverage his "access" to the Lacey trial team to surreptitiously negotiate a settlement with the activists' lawyer of their claims against Mr. Lacey—all without the knowledge, involvement or consent of the insureds or their independent counsel, in violation of State Farm's legal obligations to its insureds.  It is believed and understood that Mr. Safarian's private communications with the underlying plaintiffs' counsel took place via private text messages, phone conversations and email from at least July 2023 - March 2024.  When Mrs. Lacey—his putative client—asked him to turn over these text messages, Mr. Safarian refused.

Mrs. Lacey as Trustee of the Trust (and as a beneficiary thereof), in particular, remains damaged as she is left holding the bag for Mr. Lacey's (and later the Trust's) attorneys' fees.

Plaintiffs further note that they dispute much of Defendant's characterization below and statements throughout this joint report, and do not concede the accuracy of any such statements (regardless of whether they are expressly addressed in Plaintiffs' sections).

## B.  <u>Defendant's Statement</u>

State Farm disputes Mrs. Lacey's characterization of this dispute, and contends that this case is a disguised attorneys' fees dispute between her counsel and State Farm, which is subject to mandatory arbitration under California Civil Code section 2860.  It arises out of an underlying lawsuit filed against Mrs. Lacey and her late husband David Lacey in Los Angeles Superior Court, *Abdullah, et al. v. Lacey*, Case No. 20STCV40080 (the "*Abdullah* Action"), which State Farm defended and ultimately settled in exchange for dismissals of the Laceys with prejudice, without *any* personal contribution from them.

The plaintiffs in the *Abdullah* Action alleged that they were assaulted by Mr.

1  Lacey brandishing a gun on his porch during their demonstration at the Lacey
2  residence.  In their initial complaint, the plaintiffs alleged causes of action for
3  Negligence, Civil Rights Violations, Battery and Assault, and Intentional Infliction
4  of Emotional Distress.

5       The Laceys tendered their defense to State Farm, seeking coverage under
6  their Homeowners ("HO") and Personal Liability Umbrella Policy ("PLUP").  State
7  Farm accepted the defense of Mrs. Lacey.  State Farm retained Harry Safarian of
8  The Safarian Firm, APC to defend Mrs. Lacey in the *Abdullah* Action.

9       State Farm initially declined a defense to Mr. Lacey in the *Abdullah* Action,
10 which did not allege facts suggesting any "occurrence" or "accident" as to Mr.
11 Lacey, or any "offense" under the PLUP.  Instead, as Mrs. Lacey alleges in her
12 Complaint in this lawsuit, Mr. Lacey intentionally "confront[ed]" the plaintiffs in
13 the *Abdullah* action with a gun and "instructed them to leave" his property.
14 (Complaint, ¶ 5).  Mr. Lacey retained Ellis George LLP (formerly known as Browne
15 George Ross O'Brien Annaguey & Ellis LLP) ("Ellis George"), to defend him in the
16 *Abdullah* Action.  Ryan Keech subsequently moved from Ellis George to the K&L
17 Gates firm, and continued to participate in the defense of The Estate of David Lacey
18 in the *Abdullah* Action.

19       In February 2021, the plaintiffs in the *Abdullah* Action filed a Second
20 Amended Complaint, which added a cause of action for False Imprisonment, an
21 "offense" under the PLUP.  State Farm then accepted tender of Mr. Lacey's defense
22 under the PLUP pursuant to a reservation of rights because it believed that the False
23 Imprisonment cause of action may trigger a potential for coverage under the PLUP
24 (even though that theory of liability directly conflicted with the factual allegations of
25 the Complaint).  On March 12, 2021, State Farm issued its reservation of rights
26 letter agreeing to defend Mr. Lacey, and agreeing to recognize his acting counsel as
27 *Cumis* defense counsel.  State Farm agreed to pay Mr. Lacey's reasonable attorneys'
28 fees subject to the terms and limitations of the PLUP and California law, including

California Civil Code section 2860. State Farm and *Cumis* counsel agreed to an hourly rate of $225 per hour. Later, when Mr. Keech left Ellis George and reportedly took the case with him to his new firm, but Ellis George nonetheless continued billing substantial fees on the matter, State Farm expressly reserved the right to question the reasonableness and necessity of two law firms defending The Estate of David Lacey.

Mr. Lacey passed away in 2022 and his *Cumis* counsel continued on as counsel for his Estate. The Estate's *Cumis* counsel subsequently obtained summary adjudication on the False Imprisonment cause of action in February 2023. As a result, as of that time, the defense of the *Abdullah* Action related only to claims not even potentially covered under the policies. State Farm nonetheless continued defending the *Abdullah* Action subject to its reservation of rights.

In or around June 2023, Mr. Safarian sent Offers of Compromise pursuant to California Code of Civil Procedure section 998 with respect to the claims alleged against Mrs. Lacey individually in the *Abdullah* Action. Plaintiffs in the *Abdullah* Action accepted the 998 offers and State Farm has paid all amounts pursuant to the 998 offers. In July 2023, plaintiffs in the *Abdullah* Action dismissed all claims alleged against Mrs. Lacey individually in the *Abdullah* Action with prejudice.

Upon dismissal of Mrs. Lacey, State Farm selected Mr. Safarian to participate in the defense of The Estate of David Lacey (as substituted for Mr. Lacey upon his death) pursuant to California Civil Code section 2860. Mr. Safarian informed Ellis George that he had been instructed to participate in the defense of The Estate of David Lacey on or around July 20, 2023.

On August 31, 2023, State Farm issued its supplemental reservation of rights that agreed to continue its defense of Mr. Lacey's Estate, but expressly reserved its right to seek reimbursement of defense costs solely allocable to non-covered claims pursuant to *Buss v. Superior Court*, 16 Cal 4th 35 (1997). That would include *all* defense costs incurred in the defense of Mr. Lacey's Estate after dismissal of the

False Imprisonment claim in February 2023.

During mediation in March 2024, State Farm agreed to settle the entire *Abdullah* Action for less than the $1.3 million combined policy limits and without any personal contribution from Mrs. Lacey, either individually or in her capacity as the Trustee. Mrs. Lacey and her counsel participated in the mediation. They also drafted and executed the settlement agreement without any involvement from State Farm. State Farm has paid all amounts due and owing pursuant to the settlement agreement. In July 2024, plaintiffs in the *Abdullah* Action and Mr. Lacey's Estate filed a Joint Stipulation of Dismissal.

To date, State Farm has paid more than $800,000 towards the defense of Mr. Lacey and his Estate. This does not include amounts paid for Mrs. Lacey's defense and to settle the *Abdullah* Action, which State Farm also fully funded and paid.

Notwithstanding that State Farm (i) defended Mrs. Lacey, (ii) defended Mr. Lacey and the Estate through *Cumis* counsel following the Second Amended Complaint and through the conclusion of the *Abdullah* Action, even after the only potentially covered claim alleged against him was dismissed, and (iii) paid to fully and finally settle the *Abdullah* Action without any personal contribution from Mrs. Lacey, Mr. Lacey or the Estate, Mrs. Lacey filed this bad faith action in her individual capacity and also in her capacity as trustee of the D and J Lacey Family Trust. Mrs. Lacey alleged two causes of action: breach of contract and bad faith.

State Farm denies that it breached the contract or acted in bad faith.

State Farm also contends that the gravamen of Mrs. Lacey's claims center on the dispute regarding the amount paid by State Farm for independent counsel or "*Cumis*" fees arising from or related to the defense of David Lacey and The Estate of David Lacey in the *Abdullah* Action, which dispute is subject to mandatory arbitration under California Civil Code section 2860.

State Farm additionally contends that it has a right to offset or reduction of any amounts paid towards the defense of non-covered claims against any damages

1  that Mrs. Lacey may prove pursuant to the principles recognized in *Buss*.  This

2  includes amounts paid towards the defense of The Estate of David Lacey following

3  dismissal with prejudice of the False Imprisonment cause of action in July 2023,

4  which exceed $300,000.

## II.    SUBJECT MATTER JURISDICTION

6       Defendants contend, and Plaintiffs do not contest, that this Court has

7  jurisdiction pursuant to 28 U.S.C § 1332(a) because the matter in controversy

8  exceeds the sum or value of $75,000 and is between citizens of different states.

9  Defendant removed the action from Los Angeles Superior Court on June 21, 2024.

## III.   LEGAL ISSUES

### A.    Plaintiffs' Position

12      Plaintiffs are asserting claims for Breach of Contract and Breach of Implied

13 Covenant of Good Faith and Fair Dealing (Bad Faith).  Implied by law in the State

14 Farm Insurance Policies is a duty of good faith and fair dealing prohibiting State

15 Farm from doing anything to deprive Plaintiffs of the benefits of the insurance

16 policies and requiring that State Farm deal fairly and in good faith with its insureds.

17      Despite Plaintiffs' timely and sufficient tender of the Abdullah Action to State

18 Farm, State Farm breached the applicable insurance policies by, *inter alia,* failing

19 and refusing to timely and reasonably provide for a legal defense of Mr. Lacey,

20 including payment of his attorneys' fees related to the Abdullah Action.  Moreover,

21 upon belatedly agreeing to defend Mr. Lacey, State Farm improperly sought to

22 impose statutory rate-capping on Mr. Lacey's defense fees, but State Farm had

23 forfeited any such ability by virtue of its failure and refusal to defend Mr. Lacey for

24 approximately five months.  Further, even apart from its unlawful imposition of

25 hourly rate caps, State Farm breached the policies and their implied covenant of

26 good faith and fair dealing by engaging in prolonged delays in making payment

27 toward Mr. Lacey's defense fees and costs.

28      Plaintiffs dispute Defendants' attempt to arbitrate the parties' attorneys fee

1  dispute prior to a legal determination of the alleged or claimed coverage issues.  State

2  Farm  forfeited and/or is estopped from asserting all rights under the policies of

3  insurance including any rights under section 2860 of the California Civil Code

4  <u>because</u> State Farm did not meet its duty to defend and accept tender of Mr. Lacey's

5  defense at the outset.  State Farm may dispute Plaintiffs' attorneys' fees' claims (a

6  dispute which the court will ultimately resolve), but it is not entitled to recharacterize

7  Plaintiffs' claims to suit its aim of filing an inappropriate motion to compel

8  arbitration, prior to the adjudication of Plaintiffs' contract and tort claims.  *See, e.g.,*

9  *Janopaul + Block Companies v. Superior Court*, 200 Cal. App. 4th 1239 (2011).  In

10  this joint report, Plaintiffs will not and  need not engage in an exhaustive discussion

11  of the relevant case law, but notes simply that the *Janopaul* line of authority is directly

12  on point, and mandates that where, as here, an insured alleges an insurer's breach of

13  contract and bad faith based upon a *refusal to defend* an insured, such that the insurer

14  has waived any rights under section 2860, those issues of breach must be resolved

15  *before* any potential arbitration under 2860, because the resolution of such issues may

16  very well eliminate the possibility of any such arbitration.  In attempting to argue

17  otherwise, State Farm disregards this controlling authority and instead relies on cases

18  that are readily distinguishable and inapposite (obviously, Plaintiffs reserve all rights

19  to brief this issue in the event that State Farm files a motion to compel arbitration).

20      Moreover, Plaintiffs dispute that State Farm is entitled to any offset or

21  reduction of amounts owing under *Buss v. Superior Court*, 16 Cal. 4th 35 (1997), for

22  multiple, independent reasons, including, without limitation, (i) State Farm did not

23  timely and sufficiently reserve any such right; (ii) contrary to State Farm's

24  contentions herein, the underlying case did not consist solely of claims that were

25  not even potentially covered following the summary adjudication; (iii) State Farm

26  cannot demonstrate that any item of defense fees or costs is solely allocable to a

27  non-covered claim; and (iv) State Farm violated its statutory obligation to cooperate

28  with independent counsel and allow independent counsel to participate in all aspects

of the litigation, including, without limitation, the settlement of claims against Mr. Lacey that State Farm unilaterally brokered.

### B.    Defendant's Position

The key legal issues are:  (1) whether State Farm had a duty to defend Mr. Lacey from the time of the initial tender of the Complaint in the *Abdullah* Action until the Second Amended Complaint, (2) whether State Farm breached the duty to defend or acted in bad faith based on the timing of its payments to *Cumis* counsel, (3) whether State Farm breached the contract or acted in bad faith by settling the *Abdullah* Action and obtaining dismissals with prejudice on behalf of both Mr. and Mrs. Lacey without *any* contribution from them, (4) whether *Cumis* counsel is entitled to the difference between its claimed hourly rate of more than $900 an hour and the hourly rate that State Farm paid pursuant to Section 2860 from March 12, 2021 forward, and (5) the reasonableness and necessity of *Cumis* counsel's attorneys' fees from March 12, 2021 forward.

State Farm believes the latter two issues must proceed to mandatory arbitration pursuant to California Civil Code Section 2860.  Cal. Civ. Code § 2860; *Truck Insurance Exchange v. Superior Court*, 51 Cal. App. 4th 985, 998 (1996).

State Farm contends that the first three legal issues lack merit, and were manufactured in an attempt to avoid Section 2860 arbitration, which fails.  "On its face, § 2860 does not contain an exception for fee disputes where other claims or issues are alleged." *Compulink Mgmt. Ctr., Inc. v. St. Paul Fire & Marine Ins. Co.*, 169 Cal. App. 4th 289, 296-97 (2008); *Fontana Union Water Co. v. Arch Ins. Co.*, 2016 WL 9045966, at *3 (Cal. Ct. App. Apr. 13, 2016) ("section 2860 requires courts to compel arbitration of any and all *Cumis* fee disputes, even where other claims such as bad faith or breach of contract are alleged").

State Farm's refusal to defend Mr. Lacey in response to the initial complaint in the *Abdullah* Action was not wrongful, because Mr. Lacey confronted the plaintiffs in the *Abdullah* Action with a gun, which constitutes assault, not a

1    potentially covered accident.  (Complaint, ¶ 5); *Stellar v. State Farm General Ins.*

2    *Co.*, 157 Cal. App. 1498, 1505 (2007) ("The plain meaning of the word 'accident' is

3    an event occurring unexpectedly or by chance. . . . An accident . . . is never present

4    when the insured performs a deliberate act . . . [W]here the insured intended all of

5    the acts that resulted in the victim's injury, *the event may not be deemed an*

6    *'accident' merely because the insured did not intend to cause injury*.") (emphasis

7    added).

8         Plaintiff's allegations that State Farm wrongfully settled the *Abdullah* Action

9    fail because a defending insurer *always* has the right to control settlement.  *Western*

10   *Polymer Technology, Inc. v. Reliance Ins. Co.*, 32 Cal. App. 4th 14 (1995).

11   Moreover, the allegations make no sense, because Plaintiff not only approved of the

12   settlement (which included a dismissal with prejudice and no personal contribution

13   from Plaintiff), but Plaintiff also drafted and executed the underlying settlement

14   agreement, without any involvement from State Farm.

15        State Farm also contends that the issue of whether it allegedly "slow paid"

16   *Cumis* counsel after agreeing to defend Mr. Lacey cannot be resolved until Section

17   2860 arbitration completes and the reasonableness, necessity, and amount of *Cumis*

18   counsel fees State Farm actually owed has been determined.  *Fontana Union Water*

19   *Co. v. Arch Ins. Co.*, 2016 WL 9045966, at *3 (Cal. Ct. App. Apr. 13, 2016) ("The

20   breach of contract and bad faith allegations derive from the fee dispute.  In other

21   words, if there were no fee dispute, there would be no basis for the breach of

22   contract or bad faith allegations."); *Travelers Cas. Ins. Co. of Am. v. Visemer De*

23   *Gelt, LLC*, 2014 WL 12495643, at *7 (C.D. Cal. Mar. 11, 2014) ("Rulings on the

24   appropriateness of arbitration have ultimately rested on what courts have deemed

25   the 'gravamen of the complaint' . . . . An assertion of additional claims such as bad

26   faith and breach of contract will not preclude arbitration if fees constitute the

27   ultimate focus of the dispute."); *Arrowood Indem. Co. v. Bel Air Mart*, 2013 WL

28   2434830, at *1, 4 (E.D. Cal. June 4, 2013) (compelling arbitration where the breach

claims hinged on alleged underpayment of fees).  If State Farm never had an obligation to pay the claimed fees and costs, it cannot be held liable based on the timing of payments it never owed.

Finally, to the extent that Lacey establishes any liability or damages (which State Farm disputes), State Farm contends that any such award must be offset or reduced by the more than $300,000 that State Farm paid towards the defense of claims not potentially covered under the policies, under the principles set forth in *Buss v. Superior Court*, 16 Cal 4th 35 (1997).  Following dismissal of the False Imprisonment cause of action, which *Cumis* counsel obtained, all defense fees and costs were necessarily incurred for the defense of non-covered claims alleged against The Estate of David Lacey.

## IV.    PARTIES AND EVIDENCE

### A.    The Parties

The proper parties are currently before this Court.

### B.    The Evidence; Plaintiffs' Position.

The evidence that may potentially bear on the resolution of Plaintiffs' claims includes, but is not limited to, the following:  (1) the applicable State Farm insurance policies, (2) key pleadings, (3) certain discovery, facts and evidence regarding the underlying action, (4) coverage-related correspondence between State Farm and the insureds (and their respective counsel), (5) internal communications between State Farm and its panel counsel, (6) internal communications between State Farm and its agents, on one hand, and Douglas Hicks Law (including Carl Douglas), on the other hand, (7) State Farm's claims file pertaining to this matter; (8) State Farm's loss reserves pertaining to this matter; (9) State Farm's communications with reinsurers pertaining to this matter (*see, e.g., Lipton v. Superior Court*, 48 Cal. App. 4th 1599 (1996)); (10) State Farm's claims-handling guidelines, policies, manuals and procedures; (11) State Farm's prior instances of alleged bad faith against other insureds (*see, e.g., Colonial Life & Accident Ins. Co.*

*v. Superior Court*, 31 Cal. 3d 785 (1982)); and (12) the unpaid balances owed from State Farm to Ellis George LLP and K&L Gates LLP.  Additionally, Plaintiffs may require testimony from the following percipient witnesses:  Stacey Allman, Amy Hulick, William Lowe, Harry Safarian, Mira Hashmall, and Carl Douglas.

### C.    The Evidence; Defendant's Position.

The percipient witnesses may include Mrs. Lacey, Carl Douglas, Harry Safarian, Ryan Keech, Trent Copeland, Keian Vahedy, Kevin Asfour, Mira Hashmall of Miller Barondess, Stacey Allman of State Farm and Heath Hawsey of State Farm.

The key documents may include: (i) the Homeowners Policy and Umbrella Policy that State Farm issued to the Laceys, (ii) correspondence between State Farm and the Laceys relating to the *Abdullah* Action, (iii) the pleadings in the *Abdullah* Action, (iv) motions for summary judgment and adjudication filed in the *Abdullah* Action, (v) the *Abdullah* court's order on the motions for summary judgment and adjudication, (vi) the court's entries of dismissal, (vii) the settlement agreement (including the accepted mediator's proposal) signed by *Cumis* counsel and Mr. Douglas, (viii) the stipulation for dismissal signed by *Cumis* counsel and Mr. Douglas, (ix) communications between *Cumis* counsel, on the one hand, and State Farm, Mr. Safarian, or Mr. Douglas on the other, (x) the 998 Offers of Compromise agreed upon to dismiss Mrs. Lacey from the *Abdullah* Action, (xi) *Cumis* counsel invoices submitted to State Farm, and (xii) documentation of State Farm's payment of defense invoices and settlement amount.

## V.    DAMAGES AND INSURANCE

### A.    Damages

#### 1.    Plaintiffs' Position

State Farm is liable to Plaintiffs for the compensatory damages and other general and specific damages that they have suffered, and continue to suffer, including, but not limited to the unpaid loss of $2.1 million, as well as all attorneys'

fees and costs incurred in attempting to secure benefits under the insurance policies, including the prosecution of this action and punitive damages, all in an amount to be proved at trial.

## 2.    **Defendant's Position**

State Farm contends that it has no liability and Plaintiff has no damages. State Farm funded the entire settlement of the *Abdullah* Action for less than the combined policy limits and without any personal contribution from the Laceys. State Farm also provided a complete defense to Mrs. Lacey at no cost to her, and paid more than $800,000 towards the defense of Mr. Lacey and The Estate of David Lacey (including for the defense of claims not even potentially covered). Moreover, State Farm contends that it has a right to offset or reduction of any amounts paid towards the defense of non-covered claims against any damages that Mrs. Lacey may prove pursuant to the principles recognized in *Buss*. This includes amounts paid towards the defense of The Estate of David Lacey following dismissal with prejudice of the False Imprisonment cause of action in July 2023, which exceed $300,000.

## B.    **Insurance**

Not applicable (except that this dispute involves Plaintiff's tender of defense and indemnity for the claims alleged in the *Abdullah* Action under Plaintiff's Homeowners Policy and Umbrella Policy).

## VI.    **MAGISTRATE JUDGE**

At this time both parties do not consent to having a Magistrate Judge preside over this action for all purposes.

## VII.    **DISCOVERY**

### A.    **DISCOVERY**

#### 1.    **Status of Discovery**

**Plaintiff's Position**

Discovery is underway as Plaintiffs issued critical subpoenas to two key

witnesses—Harry Safarian (State Farm's Panel Counsel in the Abdullah Action) and Carl Douglas—and their cellphone carriers regarding their efforts to compromise the Laceys' interest by prioritizing State Farm's interests in the Abdullah action.

### Defendant's Position

Defendant disputes that the subpoenaed records have any relevance to the determinative issues in this case, and are merely an orchestrated effort to avoid mandatory Civil Code section 2860 arbitration. The central issue here – entitlement to Section 2860 arbitration – requires no discovery, and can be resolved based on the allegations of Plaintiff's Complaint and the documents it incorporates by reference (including Plaintiffs' policies and the pleadings in the *Abdullah* Action).

### 2.    Discovery Plan

Pursuant to FRCP Rule 26, the parties have formulated the following discovery plan:

### a.    Initial Disclosures

The parties have and/or will exchange initial disclosures prior to the time set forth in FRCP 26.

### b.    Scope and Timing of Discovery

#### (i)    Plaintiffs' Position

While no specific deviations from normal practice currently appear necessary, this is a case heavily predicated on the production of text messages and internal communications by and between State Farm, including its agents, affiliates and representatives, and counsel in the Abdullah Action (Douglas Hicks Law and The Safarian Firm, APC). It is Plaintiffs' understanding that State Farm's counsel intends to delay and/or prevent the production of these relevant communications by objecting, moving to quash, and/or seeking to stay discovery proceedings, which would impact Plaintiffs' ability to prepare and prosecute this case. Plaintiffs' position is that there is no legal basis to delay discovery which should commence according to statute and rule. To the extent that State Farm contends that the

pending dispute should be stayed and is subject to Cal. Civil Code Section 2860, this position is without merit.  The law is clear that where an insured alleges claims for breach of contract and bad faith owing to the insurer's wrongful failure to defend and/or wrongful delay in paying defense fees and costs (both of which form a basis for  Plaintiffs' claims) the insurer is <u>not</u> entitled to arbitrate any issues purportedly subject to section 2860 unless and until the contractual and bad faith claims are resolved in favor of the insurer.  *See, e.g., Janopaul + Block Companies v. Superior Court*, 200 Cal. App. 4th 1239 (2011).

**(ii)    <u>Defendant's Position</u>**

State Farm is considering whether to file a motion to stay discovery pending completion of mandatory arbitration under Section 2860.  In the meantime, State Farm does not object to exchanging Initial Disclosures or conducting permissible discovery of third parties.  State Farm also does not object to entry of a protective order for its trade secret and highly confidential materials.

State Farm does object to Plaintiff's service of subpoenas on third parties seeking privileged information of State Farm.  In particular, State Farm is examining the scope of the subpoena recently served on Mr. Safarian and will pursue meet and confer and motion practice to the extent the subpoena threatens to invade the attorney-client privilege as between State Farm and Mr. Safarian unrelated to his representation of Mrs. Lacey.

State Farm contends that setting discovery deadlines is premature, given that Civil Code section 2860 arbitration is mandatory here and may warrant staying discovery altogether.  To the extent the Court is nonetheless inclined to set deadlines at the initial conference, State Farm's suggested dates appear below.

**c.    <u>Electronically Stored Information</u>**

The Parties agree that to the extent that electronically stored information (ESI) exists, they will agree to produce the requested information subject to an ESI and Protective Order in conformance with the Federal Rules of Civil Procedure.

d.    **Inadvertent Production**

The parties agree that the inadvertent or unintentional disclosure of any information subject to a claim of attorney-client privilege, work product immunity, or any other applicable privilege or substantive right (collectively, "Inadvertently Produced Information") shall not be deemed a waiver in whole or in part of the party's claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto or on the same subject matter.  If a party or non-party has produced and/or otherwise disclosed Inadvertently Produced Information, the receiving party, upon request, or, on its own initiative at such time as the receiving party reasonably and in good faith believes itself to be in possession of Inadvertently Produced Information, whichever occurs first, shall promptly return the Inadvertently Produced Information, and all copies of said information that may have been made and any notes regarding said information shall be destroyed.  The parties will set forth more detail regarding the procedures for "clawing-back" any Inadvertently Disclosed Information in a mutually acceptable protective order.

e.    **Privileged Materials**

The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with the Local Rules and FRCP 26(b)(5).

# VIII. NON-DISPOSITIVE  MOTIONS

A.    **Plaintiffs' Position**

Plaintiffs do not presently anticipate motions to add parties or claims, file amended pleadings, transfer venue, etc.  Discovery motion practice may be required in the event disputes over production arise and the meet and confer process fails to resolve the disputes.

B.    **Defendant's Position**

State Farm anticipates filing (1) a motion for judgment on the pleadings

regarding the duty to defend David Lacey before tender of defense of the Second Amended Complaint in the *Abdullah* Action, which can be resolved based on the allegations of Mrs. Lacey's Complaint and documents incorporated by reference; (2) a motion to compel arbitration and to stay the litigation pending completion of arbitration under California Civil Code section 2860.  To the extent any issues remain following arbitration, State Farm expects to file a motion for summary judgment.  State Farm also expects discovery motion practice given that Lacey has already sought to obtain State Farm's privileged and confidential information by third party subpoena, which was withdrawn.  State Farm does not anticipate a motion seeking to add other parties or transfer venue.  State Farm reserves the right to file other motions as they may become necessary.

## IX.    CLASS CERTIFICATION

N/A.

## X.    DISPOSITIVE MOTIONS

### A.    Plaintiffs' Position

Plaintiffs anticipate filing a dispositive motion based on State Farm's breach of contract and bad faith conduct.

### B.    Defendant's Position

After Section 2860 arbitration, State Farm anticipates filing a motion for summary judgment as to any claims or issues remaining after arbitration, including on the breach of contract and bad faith claims.  State Farm proposes a cut-off date for summary judgment motions of 45 days after the expert discovery cut-off date.

## XI.    SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

### A.    Plaintiffs' Position

Plaintiffs engaged State Farm's coverage counsel in pre-filing settlement discussions, which were unsuccessful.  Plaintiffs are amenable to private mediation.

### B.    Defendant's Position

The parties have not had any settlement discussions since the filing of this

lawsuit.  Because arbitration of *Cumis* fee disputes is mandated by California statute, State Farm does not believe that any form of ADR will be productive until after completion of arbitration.  To the extent issues remain in dispute after completion of arbitration, State Farm is amenable to private mediation.

## XII.   PRETRIAL CONFERENCE AND TRIAL PROPOSED SCHEDULE

### A.    Plaintiffs' Position

In response to Defendant's contentions below:  Plaintiffs adamantly reject Defendant's contention that any section 2860 arbitration is appropriate at this time (or potentially at all).  Again (and as noted above): where, as here, Plaintiffs have alleged that an insurer *wrongfully denied coverage altogether* to an insured, leaving him to defend himself during the first two iterations of the underlying plaintiffs' complaint (thereby forfeiting the benefits of section 2860), the law is clear that the insured's claims must be adjudicated *before* any potential section 2860 arbitration.  This is because the plaintiff's success on such claims eliminates the need for the section 2860 arbitration.  Accordingly, and consistent with Rule 16, Plaintiffs request the settling of trial and pre-trial dates.

### B.    Defendant's Position

Because California law mandates that *Cumis* fee disputes be resolved by binding arbitration, and the *Cumis* fee dispute is the gravamen of the claims alleged in this case,  State Farm maintains that setting trial and pretrial deadlines is premature.   To the extent the Court is nonetheless inclined to set deadlines at the initial conference, State Farm's suggested dates appear in the table below.

### C.    Proposed Schedule

| Event | Lacey's Proposed Date | State Farm's Proposed Date |
|---|---|---|
| Trial | August 4, 2025 9:00 a.m. | November 10, 2025 9:00 a.m. |

| Final Pretrial Conference | July 28, 2025 9:00 a.m. | October 6, 2025 9:00 a.m. |
|---|---|---|
| Last Day to File Dispositive Motions | April 11, 2025 | July 16, 2025 |
| Last Day to Conduct ADR | May 31, 2025 | August 15, 2025 |
| Discovery Cutoff (Fact & Expert) | Fact – April 4, 2025 Expert – June 6, 2025 | Fact – April 4, 2025 Expert – June 6, 2025 |
| Rebuttal Expert Reports | May 9, 2025 | May 9, 2025 |
| Initial Expert Reports | April 11, 2025 | April 11, 2025 |
| Last Day to Move to Amend Pleadings or Add New Parties | September 13, 2024 | September 13, 2024 |

## XIII. **TRIAL ESTIMATE**

The parties estimate that the trial of this matter will last approximately four (4) court days. Plaintiffs demand a jury trial on all issues so triable. To the extent this litigation proceeds to trial, State Farm has demanded a jury trial on all issues so triable.

## XIV. **TRIAL COUNSEL**

| Counsel | Party |
|---|---|
| ELLIS GEORGE LLP Trent Copeland Keian Vahedy 2121 Avenue of the Stars 30th Floor Los Angeles, CA 90067 | Plaintiffs |

| Counsel | Party |
|---------|-------|
| K&L Gates LLP<br>Ryan Q. Keech<br>Kevis S. Asfour<br>Zachary T. Timm<br>10100 Santa Monica Blvd<br>8th Floor<br>Los Angeles, CA 90067 | Plaintiffs |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Jennifer Hoffman<br>333 South Hope Street, 43rd Floor<br>Los Angeles, California 90071-1422 | Defendant |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Jeffrey S. Crowe<br>650 Town Center Drive, 4th Floor<br>Costa Mesa, California 92626-1993 | Defendant |
| SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Andrea S. Warren<br>501 West Broadway, 18th Floor<br>San Diego, California 92101-3598 | Defendant |

## XV.   INDEPENDENT EXPERT MASTER

The Parties do not presently anticipate the necessity of a master.  Plaintiffs, however, reserve their rights to designate a standard of care expert to address State Farm's underlying breach.  State Farm reserves the right to designate experts as needed.

## XVI. OTHER ISSUES

None at this time.

1  DATED: July 18, 2024          ELLIS GEORGE LLP

2                                      Trent Copeland
                                       Keian Vahedy
3

4

5                                By:  ___/s/ Trent Copeland___

6                                      TRENT COPELAND

7                                Attorneys for Plaintiff JACQUELYN
                                 "JACKIE" LACEY, in her individual
                                 capacity; and JACQUELYN "JACKIE"
8                                LACEY as trustee of the D and J Lacey
9                                Family Trust dated November 23, 2016

10
    DATED: July 18, 2024          K&L Gates  LLP
11
                                       Ryan Q. Keech
12                                     Kevin S. Asfour
                                       Zachary T. Timm
13

14

15                               By:  ___/s/ Ryan Q. Keech___

16                                     RYAN Q. KEECH

17                               Attorneys for Plaintiff JACQUELYN
                                 "JACKIE" LACEY, in her individual
                                 capacity; and JACQUELYN "JACKIE"
18                               LACEY as trustee of the D and J Lacey
19                               Family Trust dated November 23, 2016

20  DATED: July 18, 2024          SHEPPARD, MULLIN, RICHTER &
                                  HAMPTON LLP
21                                     Jennifer M. Hoffman
22                                     Jeffrey S. Crowe
                                       Andrea S. Warren
23

24

25                               By:  ___/s/ Jennifer M. Hoffman___

26                                     JENNIFER M. HOFFMAN

27                               Attorneys for Defendant STATE FARM
                                 GENERAL INSURANCE COMPANY
28

FINAL -- Joint Rule 26(F)  CDCal Rule 26-1 Report (003) 4859-3732-1426 v 2.docx

-23-

## **L.R. 5-4.3.4 ATTESTATION**

Pursuant to L.R. 5-4.3.4, the undersigned counsel hereby attests that all other counsel signing via an "/s/" signature have authorized this filing and the application of their signatures thereon.

DATED: July 18, 2024

By:      /s/ Trent Copeland
                 TRENT COPELAND
                 Attorneys for Plaintiff JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016