SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:  213.620.1398
Email:    jhoffman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
KATHERINE SAMPLE, Cal. Bar No. 259325
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130
Email:    jcrowe@sheppardmullin.com
          ksample@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
E mail:    awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-05205-FMO-MAA<br><br>Judge:  Hon. Fernando M. Olguin<br>Crtrm:  6D<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S APPLICATION FOR LEAVE TO SEAL DOCUMENTS DESIGNATED BY ANOTHER PARTY AS CONFIDENTIAL [L.R. 79-5.2.2(b)]**<br><br>*[Filed concurrently with Declaration of Katherine Sample and Proposed Order]* |

**TO THE HONORABLE COURT AND PLAINTIFF**:

Pursuant to Civil Local Rule 79-5.2.2(b), Defendant State Farm General Insurance Company ("State Farm") respectfully submits this Application for Leave to Seal Documents Designated by Another as Confidential in connection with its concurrently-filed Motion to Compel Arbitration (the "Motion"), the supporting Declaration of Chad Zimmerman ("Zimmerman Declaration") and Exhibit No. 16 to the Index and Compendium of Exhibits.

### A.   STATE FARM'S REQUEST SATISFIES LOCAL RULE 79-5.2.2.

This matter arises from the defense of Mrs. Lacey and her late husband, David Lacey, in an underlying suit (*Abdullah et al. v. Lacey et al.*, Los Angeles Superior Court Case No. 20STCV40080 [the "*Abdullah* Action"]) brought by Black Lives Matters demonstrators who claimed that Mr. Lacey confronted them with a gun during a protest at the Laceys' home.

Mrs. Lacey was dismissed as a defendant in the *Abdullah* Action in July 2023, following acceptance of an offer to compromise the claims alleged against her made under California Code of Civil Procedure section 998.  The *Abdullah* Action continued against her husband, Mr. Lacey and, after his death, the plaintiffs substituted the Estate of David Lacey in his place.  In the Complaint in this action, Mrs. Lacey alleges, among other things, that on March 27, 2024, the *Abdullah* Plaintiffs reached a "settlement agreement in principle" as to the remaining claims against the Estate in the *Abdullah* Action.  (ECF 1-1, ¶44).

There is currently no Protective Order entered in this action, and Mrs. Lacey has not produced documents during discovery designated as Confidential.  (Sample Dec., ¶4).  However, in responding to discovery, Mrs. Lacey has broadly and improperly asserted mediation confidentiality, among other objections, in response to State Farm's requests, including requests related to the March 27, 2024 settlement in principle referenced in the Complaint.  (*Id.*)

In an abundance of caution, State Farm contacted Plaintiffs to clarify their

1  position in advance of filing the Motion and supporting documents, and particularly
2  to confirm whether Plaintiffs contended that certain statements in the Motion and
3  supporting evidence were subject to seal under the Court's Local Rules.  (*Id.*, ¶ 5).
4  During those meet and confer efforts, Plaintiffs maintained that certain information
5  constituted "confidential information" that "should be treated appropriately, whether
6  through sealing or otherwise."  (*Id.*, ¶6, Ex. A).  Plaintiffs also maintained that other
7  information was "mediation confidential" and "may not be cited at all."  (*Id.*)  State
8  Farm disagrees.

9        Under California law, mediation confidentiality applies to communications
10  made for the purpose of, in the course of, or pursuant to, a mediation.  Cal. Evid.
11  Code § 1119.  Mediation confidentiality does ***not*** limit the admissibility of an
12  agreement to mediate or disclosure of the mere fact that a mediation occurred with a
13  particular mediator.  Cal. Evid. Code § 1120(b)(1)&(3); *Rojas v. Superior Ct.*, 33
14  Cal. 4th 407, 417 (2004) (noting the Legislature has carved out statutory exceptions
15  to "limit. . .the scope of [s]ection 1119. . .that prevent[s] parties from using a
16  mediation as a pretext to shield materials from disclosure"); *Lappe v. Superior Ct.*,
17  232 Cal.App.4th 774, 783 (2014) ("otherwise admissible facts cannot be shielded
18  from disclosure simply because they have been placed in confidential mediation
19  documents").  Mediation confidentiality also does not apply to written settlement
20  agreements prepared in the course of, or pursuant to, a mediation that are signed by
21  the settling parties and provide that they are "enforceable or binding or words to that
22  effect." Cal. Evid. Code § 1123(b); *Provost v. Regents of Univ. of California*, 201
23  Cal.App.4th 1289, 1305 (2011) ("we reject plaintiff's contention the stipulated
24  settlement was not admissible because protected by mediation confidentiality").
25  Consequently, the fact of mediation, the participants to a mediation, and a final
26  settlement agreement – even if based on an agreement reached during mediation –
27  are not subject to mediation confidentiality.
28     / / /

Here, State Farm's Motion and supporting Zimmerman Declaration do not disclose the contents of any mediation communication. They recount only the fact of mediation, the participants to mediation, and the final and binding settlement agreement that Mrs. Lacey's counsel prepared after mediation, which State Farm fully funded.

State Farm notes that that agreement contains a confidentiality provision. COE, Ex. 16, ¶8). Accordingly, to the extent some other ground (separate and apart from mediation confidentiality) supports sealing the agreement from the public record, State Farm submits this Application pursuant to the Local Rules to allow Mrs. Lacey the opportunity to support the claim. Specifically, State Farm applies under Civil Local Rule 79-5.2.2(b) to seal information designated by Mrs. Lacey as confidential, as follows:

| Exhibit No. | Documents Sought to be Filed Under Seal | Portions to be Filed Under Seal | Designating Party |
|---|---|---|---|
|  | State Farm's Motion to Compel Arbitration | pp. 3:10-14; 9:15, 19, 22-24; 10:1-5, 18-23; 14:11-15 | Plaintiffs |
|  | Declaration of Chad Zimmerman | ¶¶27, 31-35 | Plaintiffs |
| 13 | Partially redacted copy of the payment summary from State Farm's Claim File for Claim No. 75-G151-9K3, which the Laceys submitted under their Homeowners Policy. | Indemnity amounts on p. 186 | Plaintiffs |
| 16 | Fully executed Settlement Agreement sent via email by Keian Vahedy to State Farm on June 3, 2024. | Entire Exhibit | Plaintiffs |
| 17 | Partially redacted copy of the payment summary from State Farm's Claim File for Claim No. 75-12X4-70C, which the Laceys submitted under their Personal Liability Umbrella Policy. | Indemnity amounts on p. 220 | Plaintiffs |

State Farm will attach an unredacted version of the Motion, Zimmerman Declaration and Exhibit Nos. 13, 16 and 17 to this Application. In the publicly filed version, State Farm will redact all portions of the Motion and Declaration including information claimed confidential by Mrs. Lacey and will include with the Exhibits a page reading "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL." (Civil Local Rule 79-5.2.2(a)).

**B.    CONCLUSION**

For all of these reasons, State Farm submits this Application for leave regarding whether another party's material referenced or attached to the Motion to Compel Arbitration, Declaration of Chad Zimmerman and Exhibit Nos. 13, 16 and 17 should be filed under seal.

Dated:  September 24, 2024

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ *Katherine Sample*
JEFFREY S. CROWE
JENNIFER HOFFMAN
KATHERINE SAMPLE
Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY