1  ELLIS GEORGE LLP
   Eric M. George (SBN 166403)
2    egeorge@ellisgeorge.com
   Trent Copeland (SBN 136890)
3    tcopeland@ellisgeorge.com
   2121 Avenue of the Stars, 30th Floor
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile:  (310) 275-5697

6  K&L GATES LLP
   Ryan Q. Keech (SBN 280306)
7    Ryan.Keech@klgates.com
   Kevin S. Asfour (SBN 228993)
8    Kevin.Asfour@klgates.com
   Keian Vahedy (SBN 316708)
9    Keian.Vahedy@klgates.com
   10100 Santa Monica Blvd., 8th Floor
10 Los Angeles, California 90067
   Telephone: (310) 552-5000
11 Facsimile:  (310) 552-5001

12 Attorneys for Plaintiff JACQUELYN
   "JACKIE" LACEY, in her individual
13 capacity; and JACQUELYN "JACKIE"
   LACEY as trustee of the D and J Lacey
14 Family Trust dated November 23, 2016

15

16                 UNITED STATES DISTRICT COURT

17         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

18

19 JACQUELYN "JACKIE" LACEY,          Case No. 2:24-cv-05205-FMO-MAA
   in her individual capacity; and
20 JACQUELYN "JACKIE" LACEY           Judge Fernando M. Olguin, Courtroom
   as trustee of the D and J Lacey Family   6D
21 Trust dated November 23, 2016,
                                      PLAINTIFF'S OPPOSITION TO
22              Plaintiffs,           DEFENDANT STATE FARM
                                      GENERAL INSURANCE
23      vs.                          COMPANY'S MOTION TO
                                      COMPEL ARBITRATION
24 STATE FARM GENERAL
25 INSURANCE COMPANY, an Illinois    Date:        October 24, 2024
   corporation, and DOES 1-50, inclusive,   Time:        10:00 a.m.
26                                    Courtroom:   6D
              Defendants.
27

28

---

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................. 5

II.   RELEVANT BACKGROUND .......................................................................... 6

    A.  The Underlying Action.................................................................................. 6

    B.  The Present Case ........................................................................................... 8

    C.  State Farm's Extraneous and Misleading Assertions.................................... 8

III.  THE COURT SHOULD DENY THE MOTION ............................................. 10

    A.  Plaintiff Alleges Claims For Breach of the Duty to Defend, Including State Farm's Express Refusal to Defend Mr. Lacey During the Earlier Stages of the Underlying Litigation ............................................................................. 10

    B.  Directly Controlling Authority Holds that Plaintiff's Claim Regarding Breach of the Duty to Defend is Not Arbitrable and Must be Adjudicated Before any Potential Arbitration ................................................................... 10

        1.  The *Intergulf/Janopaul* Line of Authority ......................................... 10

        2.  Federal Courts and Leading Treatises Consistently Acknowledge and Apply the Principles Set forth in *Janopaul* and *Intergulf* ................. 13

        3.  Plaintiff's Claims in this Action Put the Case Squarely Within the *Intergulf/Janopaul* Line of Authority ................................................. 16

        4.  The Cases on Which State Farm Relies are Dated, Distinguishable, Inapposite, and Do Not Alter the Fact That Any Section 2860 Arbitration Would Be Inappropriate at This Juncture as a Matter of Law ....................................................................................................... 18

    C.  The Law is Clear that State Farm Cannot Simply "Self-Adjudicate" Plaintiff's Claims for Breach of the Duty to Defend ................................... 22

IV.  CONCLUSION................................................................................................. 25

1

## <u>TABLE OF AUTHORITIES</u>

2

### Cases

*Arrowood Indemn. Co. v. Bel Air Mart*,
  No. 11-0976, 2013 WL 2434830 (E.D. Cal. 2013) ...............................................21

*Associated Indus. Ins. Co. v. San Joaquin Hill Transp. Corridor Agency*,
  No. 18-1776, 2023 WL 2357292 (C.D. Cal. Feb. 7, 2023)......................13, 17, 24

*Atmel Corp. v. St. Paul Fire & Marine Ins. Co.*,
  426 F. Supp. 2d 1039 (N.D. Cal. 2005).........................................................11, 12

*Brandt v. Superior Court*,
  37 Cal. 3d 813 (1985) ......................................................................................9

*Browne George Ross LLP v. Lexington Ins. Co.*,
  No. 12-2148, 2012 WL 13012720 (C.D. Cal. May 29, 2012) ......................15, 17

*Compulink Mgmt. Ctr. v. St. Paul Fire & Marine Ins.*,
  169 Cal. App. 4th 289 (2008) ............................................................................19

*Fontana Union Water Co. v. Arch Ins. Co.*,
  No. 16-0059, 2016 WL 9045966 (C.D. Cal. Apr. 13, 2016)...............................21

*Fuller-Austin Insulation Co. v. Highlands Ins. Co.*,
  135 Cal. App. 4th 958 (2006) ............................................................................11

*Housing Group v. PMA Capital Ins. Co.*,
  193 Cal. App. 4th 1150 (2011) ..............................................................12, 17, 24

*In re Marriage of Cornejo*,
  13 Cal.4th 381 (1996) .......................................................................................18

*Intergulf Development LLC v. Superior Court*,
  183 Cal. App. 4th 16 (2010) .......................................................................passim

*Janopaul + Block Companies, LLC v. Superior Court*,
  200 Cal. App. 4th 1239 (2011) ....................................................................passim

*Long v. Century Indemnity Co.*,
  163 Cal. App. 4th 1460 (2008) ..........................................................................19

*Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am.*,
  No. 10-2696, 2010 WL 10875087 (C.D. Cal. Dec. 28, 2010) ............................20

*Philadelphia Indemn. Ins. Co. v. IEC Corp.*,
  No. 16-0295, 2017 WL 3579703 (C.D. Cal. Jul. 12, 2017)...............15, 17, 19, 24

*Steelcase Inc. v. Nationwide Indemn. Co.*,
  No. 14-6291, 2015 WL 12828056 (C.D. Cal. Feb. 10, 2015).............14, 17, 23, 24

*Travelers Indemn. Co. v. Walking U. Ranch, LLC*,
  No. 18-2482, 2018 WL 3768421 (C.D. Cal. Aug. 6, 2018)..........................passim

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

*Truck Ins. Exch. v. Superior Court*,
    51 Cal. App. 4th 985 (1996) ........................................................................ 18
*Ulloa v. McMillin Real Estate & Mortgage, Inc.*,
    149 Cal. App. 4th 333 (2007) ..................................................................... 18
*Wallis v. Centennial Ins. Co.*,
    No. 08-2558, 2010 WL 2612734 (E.D. Cal. Jun. 25, 2010) .................................. 20

### Statutes

Cal. Civ. Code § 2860 ................................................................................... passim

### Rules

Fed. R. Civ. P. 7 ................................................................................................ 24

### Treatises

1 Cal. Ins. Law Dictionary & Desk Ref. § C75 (2024 ed.) ................................... 16
39A Cal. Jur. 3d, Insurance Contracts ............................................................... 16
*Croskey, et al.*, Cal. Ins. Litig. (The Rutter Group 2024) .............................. 14, 15
*Tuft, et al.*, Cal. Prof. Resp. & Liab. (The Rutter Group 2024) .......................... 16

-4-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

## I.    **INTRODUCTION**

State Farm's attempt to recast this litigation as a "rate dispute" flies in the face of the complaint.  This is an insurance coverage action against State Farm arising out of an underlying civil lawsuit against Mrs. Lacey and her late husband, David Lacey (with Mrs. Lacey asserting claims as his successor).  Advised that defending Jackie Lacey alone would be *cheaper*, State Farm refused to satisfy its obligation to defend *both* of its insureds, thus imperiling their defense, causing significant monetary and emotional distress damages and forcing Mrs. Lacey to sue State Farm for breach of contract and bad faith.  As alleged in Plaintiff's complaint, when State Farm belatedly agreed to defend Mr. Lacey—five months into the case—it did so only partially and prospectively, leaving him to shoulder the burden of the remainder of his defense, including *all* of his fees and costs incurred thus far. As to his fees and costs going forward, State Farm improperly invoked Section 2860 of the California Civil Code (hereafter "Section 2860") as a basis to refuse to pay the fees actually incurred.  As a matter of law, an insurer who breaches the duty to defend by failing to defend its insured at the outset of a potentially covered case *forfeits* whatever benefits Section 2860 may have otherwise provided that insurer, had it complied with its obligations.  Moreover, on top of these issues, State Farm engaged in prolonged delays and refusals in paying defense fees and engaged in a variety of other improper conduct regarding the defense of the action, as set forth in Plaintiff's complaint in this action.

Apparently seeking to avoid adjudication of its breach of the duty to defend Mr. Lacey, State Farm seeks to recharacterize the dispute as merely about hourly rates and invoices, and on that basis moves to compel arbitration under Section 2860.  As detailed herein, the motion is legally unmerited and at best premature. California law is clear that where an insured pleads a claim for breach of the duty to defend based on an insurer's refusal of a tender and/or delay in paying defense fees (both of which are alleged here), the Court must adjudicate those threshold claims

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
508430836.5

*before* any potential arbitration under Section 2860.  The logic behind this legal principle is clear and compelling:  First, the existence or breach of an insurer's duty to defend is simply not within the scope of a Section 2860 arbitration, and must be decided by the Court.  Second, if the insured *prevails* on its claim that the insurer wrongfully failed to defend, then—as a matter of law—the insurer is simply *not entitled* to the benefits of Section 2860, including its rate-capping and arbitration provisions.  In other words, the Court's determination of the threshold duty-to-defend issues may very well *moot* the Section 2860 issue altogether.  And, as a corollary, sending the dispute to arbitration first, *before* the insurer's entitlement to the benefits of Section 2860 has even been established, would be wasteful and illogical, as it could very well result in conducting an arbitration proceeding that is rendered a complete nullity after the fact.

In its Motion, State Farm simply disregards the foregoing legal principles and directly controlling authority, relying instead on various dated, wholly distinguishable and inapposite cases.  None of the decisions State Farm cites alters the clear requirement under California law that adjudication of Plaintiff's claim for breach of the duty to defend must precede any potential Section 2860 arbitration, and the Court should deny the Motion accordingly.

## II.   RELEVANT BACKGROUND

### A. The Underlying Action

The underlying plaintiffs are demonstrators who converged in the early morning hours—along with approximately 30 other individuals—to confront the Laceys in their own home.[1]  (*See* Dkt. #1-1 (Complaint), ¶ 20.)  After gathering outside, the protestors repeatedly rang the doorbell, at which point Mr. Lacey,

---

[1] Jackie Lacey was serving as the sitting District Attorney of Los Angeles and was the target of dozens of protests during the civil unrest of 2020.

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
508430836.5

fearful for the safety of his family, opened his front door (holding a gun that he lawfully possessed) and instructed them to leave. (*Id.*) Mr. Lacey never fired his gun, nor made any physical contact with any of the protesters at any time. (*Id.*) He had no intention of harming them, and no expectation that they would suffer any of their alleged "bodily harm" as a result of his actions (nor would any reasonable person); as alleged in the complaint, he simply wanted them to leave the property. (*Id.*) They left—and thereafter sued the Laceys over the incident (the "Underlying Action"). (*Id.* at ¶¶ 20-21.)

The lawsuit implicated coverage for both of the Laceys under their Homeowners and Umbrella policies, and they tendered the claim to their insurer, State Farm. (*Id.* at ¶¶ 16-18, 22, 24-27.) State Farm acknowledged coverage for Mrs. Lacey and agreed to defend her, but issued an outright denial of coverage to Mr. Lacey, wrongfully refusing to defend him even under a reservation of rights. (*Id.* at ¶¶ 24-27.) Mr. Lacey, abandoned by his insurer, thus had no choice but to retain counsel on his own and at his own expense, and defended himself with no help from State Farm. (*Id.* at ¶¶ 24-35.)

Five months later, after the underlying plaintiffs had twice amended their complaint, State Farm finally and belatedly agreed to defend Mr. Lacey (subject to a reservation of rights)—based on the same essential factual allegations as in the original complaint—but only prospectively, leaving him responsible for *all* of his attorney's fees and costs incurred thus far. (*Id.* at ¶ 32.) Moreover, as to his fees going forward, State Farm improperly invoked Section 2860 as a basis to pay only limited "panel counsel" rates (*i.e.*, $225/hr.), leaving Mr. Lacey to pay the significant difference between those rates and the market rates actually charged by his counsel. (*Id.* at ¶ 32.) As detailed herein, however, an insurer who breaches the duty to defend by failing to defend its insured at the outset of a potentially covered case forfeits the benefits of Section 2860, as a matter of law—including any ability to limit the fees of the insured's independent counsel to so-called "panel rates."

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
508430836.5

1    Moreover, even apart from the foregoing issues, State Farm engaged in

2    prolonged delays and refusals in paying Mr. Lacey's defense fees (even at the

3    improperly capped rates) and engaged in a variety of improper conduct regarding

4    the defense of the action, including interfering with Mr. Lacey's defense. (*Id.* at ¶¶

5    33, 38-50.)

6    **B. <u>The Present Case</u>**

7    Mr. Lacey died in the midst of the underlying litigation, leaving Mrs. Lacey,

8    as his successor, to administer the remainder of the defense of the case against him.

9    As the underlying litigation was coming to an end, Mrs. Lacey filed this action

10    against State Farm for breach of contract and bad faith in state court on May 21,

11    2024.  (*See generally* Complaint.)  Central to her claims is State Farm's wrongful

12    denial of coverage to Mr. Lacey and refusal to defend him from the outset of the

13    underlying action, amounting to a breach of State Farm's duty to defend and its

14    forfeiture of any ability to invoke the benefits of Section 2860, as a matter law. (*See

15    Id.* at ¶¶ 27-32, 54, 51-61.)  State Farm thereafter answered the complaint, removed

16    the case to this Court (*see* Dkt. #1), and now moves to compel arbitration under

17    Section 2860.

18    **C. <u>State Farm's Extraneous and Misleading Assertions</u>**

19    With its Motion, State Farm has offered numerous inaccurate or misleading

20    contentions that have little or no relevance to the Motion and, in many instances,

21    seemingly no purpose other than to smear Plaintiff's counsel.  Plaintiff does not

22    intend (and lacks the space in its brief) to respond comprehensively to all such

23    matters, but briefly refutes here a few of the more egregious notions.

24    To begin, State Farm's bombastic comparisons of the fees it paid toward the

25    defense of Mrs. Lacey, on the one hand, versus Mr. Lacey, on the other (*see, e.g.,*

26    Motion, pp., 3:8-10 ("State Farm paid more than $800,000 to defend Mr. Lacey—

27    nearly twice [the] estimated budget through trial, and more than ten times what it

28    paid Mrs. Lacey's counsel")), are utterly devoid of context and highly misleading.

-8-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

1   Among other things, the bulk of the defense work for Mrs. Lacey was performed not

2   by Mr. Safarian (the counsel retained and paid by State Farm to defend her), but

3   rather by other lawyers engaged in her defense, paid for by the County of Los

4   Angeles (*i.e.*, Mira Hashmall and her colleagues at Miller Barondess), given the

5   nexus of the claims against Mrs. Lacey and her capacity as District Attorney.  (*See*

6   Declaration of Ryan Q. Keech filed herewith, ¶ 4.)  Moreover, State Farm was

7   paying Mr. Safarian at the insurer's panel rates, which are drastically lower than

8   Miller Barondess rates.  (*See id.*)

9        Additionally, State Farm's repeated suggestion throughout its Motion that

10  Plaintiff and/or her counsel "agreed" to accept only $225 per hour for the defense of

11  Mr. Lacey is also simply not accurate.  (*See id.* at ¶ 6.)

12       Further, State Farm's repeated assertion that "the *only* compensatory damages

13  requested are the $2.2 million in *Cumis* fees" is, again, false.  Separate and apart

14  from defense fees and costs, Plaintiff has alleged damages for various other items,

15  including "consequential damages flowing from Defendant's bad faith conduct

16  including, without limitation, emotional distress damages," as well as

17  "[c]ompensatory damages in the form of attorney's fees and costs incurred by

18  Plaintiffs in pursuing insurance coverage and policy benefits, including, without

19  limitation, in bringing and prosecuting this civil action, as a result of Defendant's

20  bad faith conduct," under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985).  (*See*

21  Dkt. #17-4, pp. 224:19-22, 225:3-5.)[2]

22       Finally, Plaintiff rejects State Farm's allegations of "inconsistent and

23  duplicative" time entries, based upon a couple of cherry-picked, out-of-context

24  examples—all of which, by State Farm's own admission, is irrelevant to this

25

26  ─────────────────

27  [2] Moreover, State Farm cannot properly label as "*Cumis* fees" the defense fees and costs that Mr. Lacey incurred during the first five months of the case—for which

28  State Farm has refused to provide him with *any* defense, to this day.

-9-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

1  motion.

2

3  **III.    THE COURT SHOULD DENY THE MOTION**

4      **A.  Plaintiff Alleges Claims For Breach of the Duty to Defend, Including**

5          **State Farm's Express Refusal to Defend Mr. Lacey During the Earlier**

6          **Stages of the Underlying Litigation**

7      As a preliminary matter, Plaintiff reiterates that her claims in this action are

8  based on a variety of misconduct by State Farm—but first and foremost is the

9  insurer's outright refusal to defend Mr. Lacey throughout the initial stages of the

10  Underlying Action, thereby amounting to a breach of the duty to defend Mr. Lacey

11  and bad faith.  (*See* Complaint, *e.g.*, ¶¶ 27-32, 54, 51-61.)  Thereafter, State Farm

12  compounded its breach of the duty to defend by delaying and refusing to pay

13  invoices even *after* it belatedly and partially agreed to defend Mr. Lacey.  (*Id.* at ¶

14  33.)

15      **B.  Directly Controlling Authority Holds that Plaintiff's Claim Regarding**

16          **Breach of the Duty to Defend is Not Arbitrable and Must be**

17          **Adjudicated Before any Potential Arbitration**

18       *1.  The Intergulf/Janopaul Line of Authority*

19      California law is clear that where, as here, an insured pleads a claim for

20  breach of the duty to defend based on an insurer's refusal of a tender and/or

21  untimely provision of a defense, the Court must adjudicate that threshold claim

22  *before* any potential arbitration under Section 2860.  This principle was clearly

23  established in the California Court of Appeal decisions *Intergulf Development LLC*

24  *v. Superior Court*, 183 Cal. App. 4th 16 (2010) and *Janopaul + Block Companies,*

25  *LLC v. Superior Court*, 200 Cal. App. 4th 1239 (2011)—which holdings have been

26  followed by numerous state and federal courts in the years that have followed, as

27  well as the leading treatises on California insurance coverage law.

28      *Intergulf* involved a policyholder (Intergulf) suing its insurer (Interstate) over

-10-

the latter's allegedly delinquent and inadequate provision of a defense to Intergulf in
an underlying action.  The insurer moved to compel arbitration under Section 2860
of what it characterized as a "*Cumis* fee dispute."  183 Cal. App. 4th at 19.  Intergulf
opposed on the grounds that its claims for breach of the duty to defend and bad faith
had not yet been resolved, and thus the insurer had not yet demonstrated an
entitlement to the benefits of Section 2860.  *Id.*  The trial court granted the insurer's
motion.  *Id.*  The Court of Appeal initially declined to hear Intergulf's writ petition
for interlocutory review—but the California Supreme Court subsequently granted
writ relief and ordered the Court of Appeal to address the issue on the merits.  *Id.* at
20.

Following remand from the California Supreme Court, the Court of Appeal
reversed the trial court's ruling.  In so holding, the court rejected the insurer's
framing of the case as a mere "dispute over the amount Interstate should pay
independent counsel under section 2860, subdivision (c)."  *Id.* at 20.  The court
reasoned that "[u]nreasonable delay in paying policy benefits or paying less than the
amount due is actionable withholding of benefits which may constitute a breach of
contract as well as bad faith giving rise to damages in tort."  *Id.*  Importantly, the
court further noted that "**[b]reach of the duty to defend also results in the
insurer's forfeiture of the right to control defense of the action or settlement,
<u>including the ability to take advantage of the protections and limitations set
forth in section 2860</u>**."  *Id.* (emphasis added) (citing *Fuller-Austin Insulation Co. v.
Highlands Ins. Co.*, 135 Cal. App. 4th 958, 984 (2006); *Atmel Corp. v. St. Paul Fire
& Marine Ins. Co.*, 426 F. Supp. 2d 1039, 1047 (N.D. Cal. 2005)).

Accordingly, the court noted that "Intergulf's entitlement to damages for
breach of contract and bad faith turns on: (1) whether Interstate owed Intergulf a
duty to defend **in the first instance**; and (2) whether Interstate breached that duty by
**failing to defend Intergulf 'immediately' and 'entirely' on tender** of the
defense."  *Id.* at 21 (emphasis added, citations omitted).  The court thus held that the

-11-
**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

1  trial court abused its discretion in prematurely compelling arbitration, since

2  "[n]either of these questions had been resolved at the time," and "[a] later

3  determination that Interstate acted in bad faith or breached its duty to defend would

4  place the section 2860, subdivision (c) procedures out of Interstate's reach." *Id.*

5       *Janopaul* was decided soon thereafter, and reached the same essential

6  conclusion.  There, the insured sued its insurer (St. Paul), alleging that it breached

7  the subject insurance policies and engaged in bad faith due to its delay in

8  acknowledging its defense obligations regarding an underlying action against the

9  insured.  *Janopaul*, 200 Cal. App. 4th at 1248.  "As a result of such conduct, [the

10 insured] alleged St. Paul has forfeited and/or is estopped from asserting...any rights

11 under section 2860..." *Id.*  The trial court granted the insurer's petition to compel

12 arbitration.  The Court of Appeal reversed, holding: "[W]hen, as here...an insured

13 raises in a bad faith action the duty to defend, breach and bad faith by an insurer,

14 those issues must be resolved first in the trial court before any subdivision (c)

15 arbitration because a determination of one or more of those issues in favor of the

16 insured may eliminate altogether the need for arbitration under section 2860." *Id.* at

17 1252 (citing *Intergulf Development v. Superior Court*, 183 Cal. App. 4th 16 (2010);

18 *Atmel Corp. v. St. Paul Fire & Marine*, 426 F. Supp. 2d 1039, 1047 (N.D. Cal.

19 2005) ("as numerous courts have recognized, '[t]o take advantage of the provisions

20 of [section] 2860, an insurer must meet its duty to defend and accept tender of the

21 insured's defense, subject to a reservation of rights.'")); *see also Housing Group v.*

22 *PMA Capital Ins. Co.*, 193 Cal. App. 4th 1150, 1157 (2011) ("an acceptance of [the

23 Insurer's] position —that 'insurers always can take advantage of [section] 2860

24 despite immediately failing to meet their burden to defend'—would encourage

25 insurers to reject their *Cumis* obligations for as long as they chose because they

26 knew they could invoke the limitations and remedies of section 2860 at any time").

27

28

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
508430836.5

2. _Federal Courts and Leading Treatises Consistently Acknowledge and
Apply the Principles Set forth in Janopaul and Intergulf_

Numerous federal courts in this District construing California law have
applied the clear and sound legal (and logical) principles established in _Intergulf_ and
_Janopaul_ to reject insurers' premature motions to compel arbitration under Section
2860—yet State Farm fails to mention any of these rulings (and instead relies on
wholly distinguishable and inapposite decisions, as discussed in subsection III.B.4,
below).

One recent example is _Associated Indus. Ins. Co. v. San Joaquin Hill Transp.
Corridor Agency_, No. 18-1776, 2023 WL 2357292 (C.D. Cal. Feb. 7, 2023),
wherein an insured alleged that its insurer "breached the duty to defend and the
implied covenant of good faith and fair dealing by failing to promptly and
completely pay for the [Insureds] defense costs, including 'engag[ing] in
unreasonable delays in paying expenses." _Id._ at *2.  The court preliminarily
observed that "even when _Cumis_ counsel is retained, an insurer cannot 'take
advantage of the protections and limitations set forth in Section 2860' if the insurer
breaches its duty to defend." _Id._ at *3 (quoting _Janopaul_, 200 Cal. App. 4th at
1249).  The court further noted that "disputes that exceed the scope of fees are not
subject to mandatory arbitration under Section 2860." _Id._ (citing _Intergulf_, 183 Cal.
App. 4th at 20).  The court rejected the insurer's contention that the gravamen of the
case was a mere "_Cumis_ fee dispute that has been 'recast' as a breach of the duty to
defend and the implied covenant," holding: "Contrary to [the Insurer's]
characterization of the contested claims as a fee dispute, the Court finds that the
'gravamen of [these claims] is bad faith and breach of contract' connected to
Associated's **failure to defend the [Insureds] promptly and completely**." _Id._ at
*3 (emphasis added) (citing _Intergulf_, 183 Cal. App. 4th at 20).  As such, the court
denied the insurer's motion to compel arbitration, holding that "the breach of the
duty to defend and bad faith claims must be resolved first as [the Insurer] may have

-13-

1  forfeited its right to compel arbitration of any *Cumis* fee dispute." *Id.* at *4.

2      The *Associated* court's adherence to the principles outlined in *Intergulf* and

3  *Janopaul* is no surprise, given that the dispute was governed by California law (as is

4  this case), and those decisions are directly on point.  Indeed, numerous other

5  decisions from this District have issued similar holdings, denying premature

6  motions to compel arbitration under Section 2860.

7      For example, the court in *Travelers Indemn. Co. v. Walking U. Ranch, LLC*,

8  No. 18-2482, 2018 WL 3768421 (C.D. Cal. Aug. 6, 2018) denied an insurer's

9  motion to compel arbitration as premature and potentially barred by the outcome of

10  duty-to-defend issues that had yet to be adjudicated:

11          [T]he Insureds' counterclaims in this case allege that
12          Travelers breached the Policies by failing to provide the
            Insureds with a timely defense of the Underlying Action...and
13          by failing to act in good faith towards the Insureds in carrying
            out the obligations and responsibilities under the Policies... In
14          particular, the Insureds allege that Travelers 'erroneous[ly]
15          and unreasonab[ly]' denied that it had a duty to defend the
            Insureds, and refused to *timely* and *unconditionally* defend the
16          Insureds in the Underlying Action insofar as defense counsel
17          was not associated into the Underlying Action until March 3,
            2018—74 days after the Insureds tendered their defense to
18          Travelers.  ... [T]he Court will resolve these claims first...
19
20  *Travelers*, 2018 WL 3768421, at *10 (citing *Janopaul*, 200 Cal. App. 4th 1239 at

21  1250; *Croskey, et al.*, Cal. Ins. Litig. (The Rutter Group 2015) ¶ 7:810.8)).

22      The court in *Steelcase Inc. v. Nationwide Indemn. Co.*, No. 14-6291, 2015

23  WL 12828056 (C.D. Cal. Feb. 10, 2015) held similarly:

24          In many cases, including this one, the fee dispute is only a
25          part of the plaintiff's case.  For instance, Steelcase partly
            premises liability on Nationwide's refusal to pay the
26          attorney's full bill—a rate dispute.  But Steelcase's complaint
            also focuses on Nationwide's alleged tardiness in financing
27          Steelcase's defense...  *Intergulf*...prevents fee arbitration until
28          after resolving threshold issues that could affect the propriety

-14-
**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
508430836.5

of Section 2860 arbitration. This case sits in the same posture. Steelcase alleged that Nationwide's delay or failure to provide non-conflicted counsel—apart from an alleged breach for underpayment—violated its duty. As in *Integulf*, the insurer will not be entitled to arbitration under Section 2860 if Steelcase prevails on that claim. [Citations.] Thus, the resolution of these claims is logically antecedent to arbitration. ... Indeed, immediate arbitration would risk the *Intergulf* paradox just described: if the parties arbitrated now, the Court would adjudicate the duty to defend claim afterwards; if the Court found in Steelcase's favor, arbitration would have been improper. Thus, the Court would have compelled arbitration on a basis that it later found to be unwarranted. Such a result is illogical and, as *Intergulf* observed, ought to be avoided. [Citations.] ... Therefore, the Court cannot compel arbitration at this juncture.

*Id.* at *2-4.

Other decisions of this District are in accord. *See, e.g., Philadelphia Indemn. Ins. Co. v. IEC Corp.*, No. 16-0295, 2017 WL 3579703, at *2-3 (C.D. Cal. Jul. 12, 2017) (denying insurer's motion to compel arbitration under Section 2860 as premature, given presence of insured's claim for breach of duty to defend, an antecedent issue that must first be adjudicated by the court); *see also Browne George Ross LLP v. Lexington Ins. Co.*, No. 12-2148, 2012 WL 13012720, at *2 (C.D. Cal. May 29, 2012) ("'The Court concludes that if plaintiff is able to establish a breach of the duty to defend, its damages are not limited by California Civil Code § 2860. ... [A]s numerous courts have recognized, '[t]o take advantage of the provisions of § 2860, an insurer must meet its duty to defend and accept tender of the insured's defense, subject to a reservation of rights.'") (citations omitted).

Indeed, the leading treatise on California insurance law, authored by Justice H. Walter Croskey, references the rule of *Intergulf* and *Janopaul* as black-letter law: "When the insured has sued the insurer for bad faith breach of the duty to defend, issues of breach of duty and bad faith must be resolved in the trial court *before* the § 2860 fee arbitration." *Croskey, et al.*, Cal. Ins. Litig. (The Rutter Group 2024)

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
508430836.5

§ 15:353 (citing *Janopaul* and *Intergulf*); *see also Travelers*, 2018 WL 3768421, at

*9 ("This approach is also endorsed by Justice Croskey, who notes that an 'insurer

is not entitled to arbitrate a fee dispute where there is also a dispute as to whether it

breached its duty to defend in the first place'").  Other California law treatises are

likewise in accord.  *See, e.g.,* 39A Cal. Jur. 3d, Insurance Contracts § 586 ("Where

an insured raises the duty to defend, breach, and bad faith by an insurer, in a bad

faith action, those issues must be resolved first in the trial court before any

arbitration as to the fees.") (citations omitted); 1 Cal. Ins. Law Dictionary & Desk

Ref. § C75 (2024 ed.) ("Where an insured raises in a bad faith action a duty to

defend, breach in bad faith by an insurer, those issues must be resolved first in the

trial court before any 2860(c) arbitration. This is because a determination of one or

more of those issues in favor of the insured may eliminate altogether the need for

arbitration under § 2860.") (citations omitted); *Tuft, et al.*, Cal. Prof. Resp. & Liab.

(The Rutter Group 2024) § 5:391.3b ("Contested threshold issues such as the

insurer's duty to defend, breach of that duty and bad faith must be resolved by the

trial court *before the fee dispute issues are arbitrated* because a determination of

one or more of those issues may completely eliminate the need for fee arbitration.")

(citations omitted).

> ### 3. *Plaintiff's Claims in this Action Put the Case Squarely Within the Intergulf/Janopaul Line of Authority*

As noted above, Plaintiff has alleged claims for breach of contract and bad

faith against State Farm due to, *inter alia*, the insurer's outright refusal to defend

Mr. Lacey throughout the earlier stages of the Underlying Action.  Specifically,

Plaintiff has alleged that State Farm had a duty to defend Mr. Lacey *from the outset*

of the case, and that State Farm expressly denied any obligation to provide him a

defense, up until the Second Amended Complaint was filed.  Even then, State Farm

only agreed to provide a partial, belated and incomplete defense (subject to a

reservation of rights) going forward—*i.e.*, to this day, State Farm has failed and

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

refused to provide *any* defense to Mr. Lacey for the earlier stages of the case. Moreover, even after its belated and incomplete acknowledgement of a defense obligation, State Farm engaged in prolonged and unreasonable delays in payment. Plaintiff has thus alleged claims for breach of contract and bad faith, owing, in significant part, to State Farm's breach of its duty to defend.

This puts the case squarely within the *Intergulf/Janopaul* line of authority discussed above. *See, e.g., Intergulf*, 183 Cal. App. 4th at 19-20 (adjudication of insured's claim for breach of duty to defend must precede any potential Section 2860 arbitration); *Janopaul*, 200 Cal. App. 4th at 1248-52 ("the duty to defend, breach and bad faith by an insurer... must be resolved first in the trial court before any [2860] arbitration because a determination of one or more of those issues in favor of the insured may eliminate altogether the need for arbitration"); *Associated*, 2023 WL 2357292, at *2-4 (same); *Travelers*, 2018 WL 3768421, at *10 (same); *Philadelphia*, 2017 WL 3579703, at *2-3 (sane); *Steelcase*, 2015 WL 12828056, at *2-4 (denying motion to compel arbitration given "logically antecedent" issues concerning duty to defend, even though case *also* included claims for alleged "underpayment" of fees); *see also Browne George*, 2012 WL 13012720, at *2.

Indeed, in many of the cases discussed above—including *Janopaul* itself—the insured's theory that the insurer breached its duty to defend turned largely or entirely on the insurer's mere *delay* in issuing payments, yet the courts (correctly) found that to be a cognizable basis for breach of the duty to defend that, if proven, would strip the insurer of any ability to invoke Section 2860, and thus that a motion to compel arbitration was premature. *See, e.g., Janopaul*, 200 Cal. App. 4th at 1248-52; *Associated*, 2023 WL 2357292, at *2-4; *Travelers*, 2018 WL 3768421; *see also Housing Group*, 193 Cal. App. 4th at 1157. Here, by contrast, Plaintiff's claims concerning State Farm's breach of the duty to defend are **not** merely predicated on delays in payment (although Plaintiff has *also* alleged severe delays in payment by State Farm, *see, e.g.,* Complaint ¶ 33)—rather, Plaintiff here has alleged

-17-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

State Farm's **complete refusal to provide any defense at all** to Mr. Lacey for the earlier stages of the Underlying Action, prior to the Second Amended Complaint, thereby breaching its duty to defend.  (*See* Complaint, ¶¶ 27-32, 54, 51-61.)  As such, the rule of the *Intergulf*, *Janopaul* and their progeny applies with even greater force and clarity here.

> 4.  <u>The Cases on Which State Farm Relies are Dated, Distinguishable, Inapposite, and Do Not Alter the Fact That Any Section 2860 Arbitration Would Be Inappropriate at This Juncture as a Matter of Law</u>

The cases State Farm cites in its motion do not alter the foregoing analysis, as those decisions are readily distinguishable, inapposite, and indeed in several instances *support* Plaintiff's position.

To begin, State Farm cites *Truck Ins. Exch. v. Superior Court*, 51 Cal. App. 4th 985 (1996) for the supposed proposition that "California courts compel arbitration under Section 2860 where an insurer is providing a defense through independent counsel, even if an insured alleges coverage disputes exist."  State Farm's reliance on *Truck*, however, is entirely misplaced, as that case did not even involve a contested motion to compel arbitration, but rather a ***stipulation*** by the parties to submit to a Section 2860 arbitration in the midst of the coverage litigation. *See Truck*, 51 Cal. App. 4th at 990 ("[The insureds] advised the court they had filed a first amended cross-complaint that expanded their theories beyond attorneys fees to include breach of the covenant of good faith and fair dealing, fraud, and negligent misrepresentation. However, they stated they were '**agreeable to arbitration** of its 'attorney's fees' dispute with [the insurer] as the scope of Section 2860(c) permits' during the pendency of the action.") (emphasis added).  "It is axiomatic that cases are not authority for propositions not considered."  *In re Marriage of Cornejo*, 13 Cal.4th 381, 388 (1996); *see also Ulloa v. McMillin Real Estate & Mortgage, Inc.*, 149 Cal. App. 4th 333, 340 (2007) ("[t]he holding of a decision is limited by the

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

1  facts of the case being decided") (emphasis added, citations omitted).  Indeed, the

2  *Philadelphia* decision discussed above denied the insurer's motion to compel

3  arbitration and rejected its misguided reliance on *Truck* for this very same reason.

4  *See Philadelphia*, 2017 WL 3579703, at *3 ("[T]he insured in *Truck Insurance*

5  *Exchange* was 'agreeable to arbitration of its 'attorney's fees' dispute. ... That is not

6  the case here.").  Moreover, *Truck* precedes *Intergulf* and *Janopaul* by more than 14

7  years.

8        Similarly misplaced is State Farm's reliance on *Compulink Mgmt. Ctr. v. St.*

9  *Paul Fire & Marine Ins.*, 169 Cal. App. 4th 289 (2008) and *Long v. Century*

10  *Indemnity Co.*, 163 Cal. App. 4th 1460 (2008), for multiple reasons.  First, as the

11  *Intergulf* court observed, "unlike the case before us, *Compulink* and *Long* did not

12  involve the preliminary question of duty to defend."  *Intergulf*, 183 Cal. App. 4th at

13  21.  For that reason alone the cases are inapposite here.  Moreover, neither

14  *Compulink* nor *Long* says anything at all about the proper **timing** of a Section 2860

15  arbitration in an action where both non-arbitrable and potentially arbitrable claims

16  are alleged—an issue that was later addressed conclusively in *Intergulf* and

17  *Janopaul*.  On this point, as the *Travelers* court aptly observed:

18            As an initial matter, *Compulink* stands for the proposition that
19            § 2860's arbitration provision still applies to attorneys' fees
              disputes in actions that include other non-arbitrable issues.
20            **However, *Compulink* does not provide guidance as to**
              ***when* an attorneys' fees dispute should be resolved when**
21            **certain non-arbitrable issues, such as bad faith, are**
              **present.** With respect to this point, the California Court of
22            Appeal in *Janopaul* reasoned that when an insured files a "bad
23            faith action for breach of contract, tortious breach of the
              implied covenant of good faith and fair dealing[,] and for
24            declaratory relief," these issues must be decided by the court
25            *before* ordering the parties to arbitrate the fee dispute.
              *Janopaul*, 200 Cal.App.4th 1239 at 1249. The Court of
26            Appeal reasoned that its decision "merely requires a
27            preliminary determination in the trial court whether [insurer]
              had a duty to defend [insured] and if so, whether [insurer]
28

-19-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

breached that duty and engaged in bad faith conduct." *Id.* at 1250. The Court of Appeal noted that ... its decision simply clarified that **an insurer is required to move to arbitrate a fee dispute under § 2860 *after* the preliminary issues of breach of duty to defend and bad faith conduct are resolved**. *Id.*

*Travelers*, 2018 WL 3768421, at \*9-10 (boldface added, italics in original).

Likewise, State Farm's reliance on *Pepsi-Cola Metro. Bottling Co. v. Ins. Co. of N. Am.*, No. 10-2696, 2010 WL 10875087 (C.D. Cal. Dec. 28, 2010) and *Wallis v. Centennial Ins. Co.*, No. 08-2558, 2010 WL 2612734 (E.D. Cal. Jun. 25, 2010)—both of which precede *Janopaul*—is wholly misplaced. As the *Travelers* court observed, neither *Pepsi-Cola* nor *Wallis* involved a claim by the insured that the insurer *refused the insured's tender of defense* in the underlying action, as we have here. Specifically, "[T]he Court [in *Pepsi-Cola*] noted that because the insured 'did **not** allege that [the insurer] failed to timely acknowledge [the insured's] right to independent counsel under § 2860(c)...the dispute regarding whether [the insurer] improperly reduced [*Cumis* counsel's] billable hours and cut [counsel's] hourly rate is subject to § 2860(c) arbitration.'" *Travelers*, 2018 WL 3768421, at \*10 (quoting *Pepsi-Cola*, 2010 WL 10875087, at \*10-14) (emphasis added). Similarly, in *Wallis*, "the District Court concluded that mandatory arbitration pursuant to § 2860 was warranted insofar as the insurer did **not** dispute that it owed the insureds a duty to defend." *Travelers*, 2018 WL 3768421, at \*10 (citing *Wallis*, 2010 WL 2612734, at \*2) (emphasis added). That is simply not our case. Rather, as discussed above, State Farm rejected Mr. Lacey's tender of defense and refused to provide him with any defense at all for the earlier stages of the Underlying Action—a denial on which Travelers stands, to this day, and which is a core component of Plaintiff's claims for breach of contract and bad faith. Thus, this case is entirely distinguishable from *Pepsi-Cola* and *Wallis*, and State Farm's motion to compel arbitration must be denied. *See Travelers*, 2018 WL 3768421, at \*10 ("Unlike the allegations in *Pepsi-*

-20-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

*Cola* and *Wallis*, the Insureds' counterclaims in this case allege that Travelers breached the Policies by failing to provide the Insureds with a timely defense of the Underlying Action") (citing *Janopaul*, 200 Cal. App. 4th at 1250).

Equally unavailing is State Farm's reliance on *Arrowood Indemn. Co. v. Bel Air Mart*, No. 11-0976, 2013 WL 2434830 (E.D. Cal. 2013), for much the same reason. There, the insurer timely acknowledged its defense obligation and provided a defense from the outset of the underlying case—unlike here, where State Farm expressly denied coverage to Mr. Lacey for the earlier stages of the Underlying Action.

Finally, the case of *Fontana Union Water Co. v. Arch Ins. Co.*, No. 16-0059, 2016 WL 9045966 (C.D. Cal. Apr. 13, 2016), also cited by State Farm, has absolutely no application here. As with *Arrowood*—and in stark contrast to the case at bar—the insurer in *Fontana* promptly agreed to defend the insured, from the outset of the case, subject to a reservation of rights, thereby entitling the insured to independent counsel. *Id.* at *1. There was **no dispute whatsoever** about the duty to defend, or even an allegation that the insurer delayed in paying defense fees. *See id.* Rather, the parties' **entire** dispute concerned hourly rates, and allegedly excessive billings. *See id.* at *2. Accordingly, the court concluded that "[t]he breach of contract and bad faith allegations derive from the fee dispute. In other words, if there were no fee dispute, there would be no basis for the breach of contract or bad faith allegations." *Id.* at *3. The only issue the court decided was whether Section 2860 arbitration was limited *solely* to hourly rate issues (as the insured argued) or, conversely, whether it also encompassed disputes concerning excessive billings (as the insurer contended). The court held that both categories were within the scope of the statute, and thus compelled arbitration. *Id.* at *3. Tellingly, *Fontana* properly distinguished *Intergulf* on the ground that "in *Intergulf*, whether the insurer had a duty to defend the insured had not been resolved," whereas in *Fontana*, "there is no dispute that Arch had a duty to defend Plaintiffs." As discussed above, Plaintiff has

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

alleged claims against State Farm for breach of its duty to defend Mr. Lacey, and thus *Fontana* is inapposite.

In sum, none of the cases cited by State Farm alter the inescapable legal and logical conclusion that State Farm's motion to compel arbitration must be denied, at least at this juncture, given Plaintiff's pending claims for breach of the duty to defend and bad faith, as detailed in the preceding sections.

## C. <u>The Law is Clear that State Farm Cannot Simply "Self-Adjudicate" Plaintiff's Claims for Breach of the Duty to Defend</u>

As discussed above, Plaintiff has pleaded claims against State Farm in this action for breach of contract and bad faith due to, *inter alia*, State Farm's express refusal to defend Mr. Lacey during the earlier stages of the Underlying Action, leaving him to retain counsel on his own, at his own expense (*see, e.g.,* Complaint ¶¶ 24-35) (as well as a multitude of other misconduct thereafter, *see id.* at ¶¶ 33, 38-50). As detailed in Sections III.B.1 through III.B.4, above, the presence of these claims poses a bright-line legal and logical obstacle to compelling a Section 2860 arbitration at this juncture—indeed, if Plaintiff prevails on these claims, then State Farm is *not entitled to the benefits of Section 2860 at all*, including its provisions for rate-capping and arbitration, as a matter of law.

State Farm has answered the complaint. (Dkt. #1-4.) Plaintiff's claims are thus now at issue, and the case has been pending for well over four months. **At no point** has State Farm filed a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment seeking any adjudication of Plaintiff's claims.

Instead, State Farm simply opines in passing, *in this motion to compel arbitration*, that the claims based upon breach of the duty to defend have no merit, proclaiming that "State Farm properly declined Mr. Lacey's tender of defense of the original Complaint because it did not create the potential of coverage." (*See, e.g.,* Motion, p. 18:13-14.) Obviously, Plaintiff adamantly disagrees—hence this lawsuit.

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

And at further risk of stating the obvious, a litigant is not entitled to "self-adjudicate" a claim against it in this manner, however inconvenient the claim's presence may be to their litigation objectives.  The decision in *Steelcase Inc. v. Nationwide Indemn. Co.*, No. 14-6291, 2015 WL 12828056 (C.D. Cal. Feb. 10, 2015) is directly on point—and emphatically rejected an insurer's improper attempt to do **exactly** what State Farm has done here:

> In essence, Nationwide says it is not liable insofar that Steelcase complains about the timing and scope of Nationwide's defense.  That is a merits argument in disguise.  And neither the defendant nor the Court can push aside the plaintiff's claims in such a cavalier manner—**a motion to compel arbitration does not provide a proper vehicle for resolving the merits of Steelcase's claims**.  At this time, those claims exist.

> Therefore, the Court cannot compel arbitration at this juncture.  The pending claim for breach of the duty to defend based on Nationwide's alleged untimeliness imposes uncertainty as to whether Section 2860 will apply.  It would therefore be illogical to compel arbitration under Section 2860 until the predicate issues are resolved.

*Id.* at * 3-4 (emphasis added).

Indeed, State Farm is well-aware that it must first seek—and win—adjudication of Plaintiff's claims for breach of the duty to defend as a prerequisite to any potential Section 2860 arbitration:  State Farm acknowledged as much in the parties' meet-and-confer discussions under Rule 26, as well as in the parties' Joint Report filed with the Court, wherein State Farm stated that it "anticipates filing **(1)** a motion for judgment on the pleadings regarding the duty to defend David Lacey before tender of defense of the Second Amended Complaint in the *Abdullah* Action, which can be resolved based on the allegations of Mrs. Lacey's Complaint and documents incorporated by reference; [and then] **(2)** a motion to compel arbitration

-23-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

and to stay the litigation pending completion of arbitration under California Civil Code section 2860." (Dkt. #12, pp. 18:28-19:5.) Inexplicably, however, State Farm never filed the first motion, nor has it offered any explanation for its stark departure from that approach. The only reasonable inference to be drawn is that State Farm ultimately determined it was unlikely to *win* a dispositive motion on the duty to defend, and thus decided not to tempt fate and simply leapt ahead (improperly) to this ill-advised motion to compel arbitration.[3]

In any event, as discussed at length in the preceding sections, the pendency of Plaintiff's claims for breach of the duty to defend and bad faith precludes State Farm's motion to compel arbitration at this juncture, as a matter of law. *See Intergulf*, 183 Cal. App. 4th at 19-20; *Janopaul*, 200 Cal. App. 4th at 1248-52; *Housing Group*, 193 Cal. App. 4th at 1157; *Associated*, 2023 WL 2357292, at *2-4; *Travelers*, 2018 WL 3768421, at *10; *Steelcase*, 2015 WL 12828056, at *2-4; *Philadelphia*, 2017 WL 3579703, at *2-3.

---

[3] Obviously, the merits of Plaintiff's claims—including those concerning State Farm's breaches of its duty to defend—are not before the Court on this motion to compel arbitration. *See, e.g.,* Fed. R. Civ. P. 7(b)(1) (motions must "state with particularity the grounds for seeking the order; and ... state the relief sought"); *see also Steelcase*, 2015 WL 12828056, at *3-4 ("a motion to compel arbitration does not provide a proper vehicle for resolving the merits of [the insured's] claims"). Moreover, Plaintiff lacks sufficient space here to brief the many reasons why State Farm's conclusion that it had no duty to defend Mr. Lacey until the Second Amended Complaint is absolutely faulty as a matter of California law. Plaintiff respectfully reserves all rights to brief such issues if and when a dispositive motion on the duty to defend is brought.

-24-

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**

508430836.5

**IV.    CONCLUSION**

For the foregoing reasons, the Court should deny the Motion in its entirety.

Respectfully submitted,

ELLIS GEORGE LLP
    Eric M. George
    Trent Copeland

K&L GATES LLP
    Ryan Q. Keech
    Kevin S. Asfour
    Keian Vahedy

Date:  October 3, 2024    By:  s/ Kevin S. Asfour
    Kevin S. Asfour

*Attorneys for Plaintiff Jacquelyn "Jackie" Lacey*

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 6,931 words, which complies with the word limit of L.R. 11-6.1.

Date:  October 3, 2024    By:  s/ Kevin S. Asfour
    Kevin S. Asfour

**PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL ARBITRATION**
508430836.5