ELLIS GEORGE LLP
Eric M. George (SBN 166403)
  egeorge@ellisgeorge.com
Trent Copeland (SBN 136890)
  tcopeland@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile:  (310) 275-5697

K&L GATES LLP
Ryan Q. Keech (SBN 280306)
  Ryan.Keech@klgates.com
Kevin S. Asfour (SBN 228993)
  Kevin.Asfour@klgates.com
Keian Vahedy (SBN 316708)
  Keian.Vahedy@klgates.com
10100 Santa Monica Blvd., 8th Floor
Los Angeles, California 90067
Telephone: (310) 552-5000
Facsimile:  (310) 552-5001

Attorneys for Plaintiff Jacquelyn "Jackie" Lacey (in her individual capacity and as trustee of the D and J Lacey Lacey Family Trust); Estate of David Lacey

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05205-FMO-MAA<br><br>Judge: Hon. Fernando M. Olguin<br>Crtrm: 6D<br><br>**DECLARATION OF RYAN Q. KEECH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO STATE FARM'S MOTION TO COMPEL ARBITRATION**<br><br>Date:        October 24, 2024<br>Time:       10:00 a.m.<br>Courtroom: 6D |

1

**DECLARATION OF RYAN Q. KEECH**

# DECLARATION OF RYAN Q. KEECH

I, Ryan Q. Keech, declare and state as follows:

1. I am an attorney at law, duly admitted to practice before this Court and all courts of the State of California. I am a partner at the law firm of K&L Gates LLP, counsel of record in this matter for Plaintiff Jacquelyn "Jackie" Lacey in her individual capacity and as trustee of the D and J Lacey Family Trust dated November 23, 2016. I have firsthand, personal knowledge of the facts set forth below and, if called as a witness, could and would testify competently thereto.

2. I have reviewed State Farm's motion to compel arbitration. Dkt. 17. State Farm's motion to compel arbitration misrepresents – often grossly so – several facts. I am compelled to correct some of these facts herein, and, unlike State Farm's declarants, am competent to do so on the basis of my representation in the *Abdullah* action from 2021 through 2024.

3. First, State Farm suggests that David Lacey tendered a second claim requesting coverage based on the allegations of a Second Amended Complaint in February 2021. Dkt. 17, at 1. This is false. Mr. Lacey's tender, which State Farm denied, was submitted in November 2020. State Farm refused that tender and, as Plaintiffs allege, did so in bad faith and in breach of their contractual obligations. As State Farm's own exhibits show, there never was any new tender or separate tender of the Second Amended Complaint.

4. State Farm's motion also asserts that its appointed panel counsel for Mrs. Lacey, Mr. Harry Safarian, served as Mrs. Lacey's lead counsel throughout the pendency of the *Abdullah* action. and was paid by State Farm to do the bulk of legal work as Mrs. Lacey's lead counsel. Dkt. 17, at 3. This, too, is false. Because Mr. Safarian and his firm did not have the expertise or resources necessary to handle a case involving the profile and complexity of the *Abdullah* action, the significantly heavier responsibilities of lead counsel for Mrs. Lacey in
the *Abdullah* action were borne by Mira Hashmall, Esq. and her colleagues at Miller

Barondess LLP. My understanding is that these attorneys were engaged and paid for by the County of Los Angeles as a result of Mrs. Lacey's status as District Attorney for the County of Los Angeles. My understanding is also that these lawyers were, quite properly and justifiably, compensated at rates that were significantly higher than the rates State Farm paid its panel counsel for the defense in this action.

5. Although State Farm and, at times, its appointed panel counsel, both interfered with and inhibited the overall defense effort in ways alleged in Plaintiffs' complaint, it was Miller Barondess LLP who bore primary responsibility for the significant legal work involved in the defense of Mrs. Lacey. The law firms Ellis George LLP and K&L Gates LLP bore the legal responsibility for Mr. Lacey.

6. State Farm's motion also repeatedly states that Plaintiffs and their counsel "agreed" to their failure to pay Plaintiffs' defense fees and costs. Dkt. 17, at 8-14. This is also not true. To be clear, neither Plaintiffs, nor any of the counsel that Plaintiffs were forced to engage because of State Farm's denial of coverage, ever agreed to State Farm's unilaterally determined and unsupported rates. In fact, all of Plaintiffs' counsel's bills sent to State Farm reflected only the rates Plaintiffs' counsel expected to be paid in the *Abdullah* action.

7. Finally, I understand from reviewing State Farm's motion to compel arbitration that they purport to take issue with the amounts of certain invoices submitted in connection with Mr. Lacey's defense. Dkt. 17, at 15-16. I was surprised to read this and can confirm that State Farm did not raise these entries with Plaintiffs prior to filing their motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Los Angeles, California this 3rd day of October, 2024.

_____
Ryan K. Keech