UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | | |
|---|---|---|
| Case No. | 2:24-cv-05205-FMO-MAA | Date:  November 6, 2024 |
| Title | Jacquelyn "Jackie" Lacey v. State Farm General Insurance Company et al | |

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | XtR 11/05/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| Keian Vahed | Jennifer M Hoffman |
| Ryan Q Keech | Andrea Warren |

**Proceedings (Telephonic): INFORMAL DISCOVERY CONFERENCE (ECF No. 36)**

Case called. Counsel make their appearance on the record.

Before the Court on November 5, 2024 is the parties' second informal discovery conference in this matter, which the Court names "IDC 2."  Through IDC 2, Plaintiff Jacqueline "Jackie" Lacey, in her individual capacity and as Trustee of the D and J Lacey Family Trust dated November 23, 2016 (individually, "Lacey," collectively, "Plaintiffs"), seek an order compelling Defendant State Farm General Insurance Company ("Defendant") to supplement its responses and document production in response to Plaintiff's document requests ("RFP") Nos. 2–5, 7–10, 17–19, 21–27, 31, 35, 36, 38–40, 48, 49, including a withdrawal of a self-imposed "related to the claim handling" limitation to the Defendant's production as to RFP Nos. 8–10, 17, 18, 25–27, 48, and 49, a failure to search the records of all custodians, the production of a privilege log, and the use of specific Plaintiff-proposed search terms.

The Court confers with the parties.  The parties reach agreements on some of the disputes.  The Court herein memorializes the parties' agreements as follows:

1. <u>As to Defendant's ESI search affecting RFP Nos. 8–10, 17, 25–27, 48, and 49</u>:  Defendant will suspend review and production of the previously-conducted ESI (electronically-stored information) search in favor of conducting the three alternative ESI searches detailed below (collectively, "ESI Searches"):

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05205-FMO-MAA                                         Date:  November 6, 2024

Title      Jacquelyn "Jackie" Lacey v. State Farm General Insurance Company et al

      a. <u>Search 1</u>: all emails sent to or received from Pierre Brookins, Stacey Allman, Chad Zimmerman, Heath Hawsey, and Joyce Bray (collectively, "Custodians") during the period September 1, 2020 to May 21, 2024 containing the following key terms:
- "Lacey"; or
- "17901 Mayerling" or
- Claim number "75-G151-9K3; or
- Claim number "75-12X4-70C; or
- Policy number "71-C7-M007-7" or
- Policy number "71-GB-A528-2"

      b. <u>Search 2</u>: all emails sent to or received from the Custodians and Wensley Herbert during the period September 1, 2020 to May 21, 2024 containing the key term "Lacey," including emails on which Wensley Herbert is cc'd or bcc'd.

      c. <u>Search 3</u>: all emails sent to or received from Lacey's email address during the period September 1, 2020 to May 21, 2024.

      The documents obtained through the ESI Searches will be reviewed by Defendant for responsiveness and privilege and a production will be made of responsive non-privileged documents resulting from the ESI Searches ("ESI Production") **by no later than November 26, 2024**. Together with the ESI Production, Defendant will produce (1) a privilege log identifying all documents withheld pursuant to privilege and (2) a list identifying the types of non-privileged documents otherwise withheld as not responsive.  Any deficiencies in the privilege log or any concerns regarding the list of otherwise withheld documents will be the subject of a separate informal discovery conference, to be set upon request of the parties.

2. <u>As to RFP Nos. 2–5, 7, 31, 38, 40</u>:  Plaintiff withdraws these requests from the list of disputed issues at this time, without prejudice to raising these disputes at a later date.  Defendant need not supplement its responses or productions to these requests at this time.

3. <u>As to RFP No. 18</u>:  Defendant will determine whether it can make a representation that the claim file documents already produced contain the entirety of the loss reserve information related to this matter.  If such a representation is possible, then Defendant shall supplement its response to this request making such representation **by no later than November 8, 2024**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05205-FMO-MAA                                      Date:  November 6, 2024

Title       Jacquelyn "Jackie" Lacey v. State Farm General Insurance Company et al

If such a representation is not possible, the parties shall return to this Court for a further informal discovery conference to resolve the dispute related to RFP No. 18.

4. As to RFP Nos. 19 and 20 (RFP No. 20 was added by Plaintiffs during the IDC):  Defendant will determine, **by no later than November 8, 2024**, (a) whether reinsurance was available on the claims at issue here, and (b) if so, whether Defendant made a claim under such reinsurance policies for the claims at issue here.  If the answer to either question is "no," then Defendant must supplement its responses to so reflect.  If the answer to both questions is "yes," then Defendant must supplement its responses to so reflect and produce the applicable reinsurance policies and all non-privileged communications with the reinsurer(s).  Supplementation in either case must be made **by no later than November 26, 2024**.

5. As to RFP Nos. 35, 36, and 39:  Defendant will supplement its responses to these requests, **by no later than November 8, 2024**, representing that the claim file documents already produced are responsive to these requests.

The above is, as stated above, merely a memorialization of the parties' agreement.  It is not a discovery order enforceable under Federal Rule of Civil Procedure 37(b).  Should either party violate any portion of this agreement, the opposing party may enforce the agreement by bringing a motion to compel under Rule 37(a), consistent with the timing permitted by the case schedule.  For such a motion, the Court **FINDS** that the parties have satisfied their pre-motion meet-and-confer obligations under Rule 37, Central District of California Local Civil Rule 37, and this Magistrate Judge's requirements.  See Fed. R. Civ. P. 37; C.D. Cal. L.R. 37; http://www.cacd.uscourts.gov/honorable-maria-audero.  The deadlines set forth above may be changed by agreement of the parties or further order of the Court.

Left unresolved at this time are the following disputes:

1. Whether Wensley Herbert should be included as a custodian in an ESI search.  The parties will continue to meet and confer on this issue after Plaintiff reviews the ESI Production.  If the parties are unable to reach an agreement to resolve this dispute, they may schedule another informal discovery conference with the Court.

2. RFP Nos. 21–24:  The Court **SETS** a further informal telephonic discovery conference to address these requests on **November 8, 2024 at noon**.  Dial-in information will be provided separately.  The parties are encouraged to continue meeting and conferring to resolve these

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:24-cv-05205-FMO-MAA | Date:  November 6, 2024 |
| Title | Jacquelyn "Jackie" Lacey v. State Farm General Insurance Company et al | |

disputes.  If they are able to reach an agreement, they shall jointly advise the Court of such a development so that the Court may vacate the November 8, 2024 IDC.

It is so ordered.

**Time in Court:**  03:18