UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:24-cv-05205-FMO-MAA                                    Date: November 8, 2024

Title   Jacquelyn Jackie Lacey v. State Farm General Insurance Company et al

Present:   The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Cindy Delgado | XtR 11/08/2024 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorney Present for Defendant: |
|---|---|
| Keian Vahed | Jennifer M Hoffman |
| Ryan Q Keech | Andrea Warren |

**Proceedings (Telephonic): INFORMAL DISCOVERY CONFERENCE (ECF No. 41)**

Case called. Counsel make their appearance on the record.

Before the Court on November 8, 2024 is a continuance of the informal discovery conference held on November 5, 2024, which the Court named "IDC 2." At issue remaining from IDC 2 is the request of Plaintiff Jacqueline "Jackie" Lacey, in her individual capacity and as Trustee of the D and J Lacey Family Trust dated November 23, 2016 (individually, "Lacey," collectively, "Plaintiffs"), for an order compelling Defendant State Farm General Insurance Company ("Defendant") to supplement its responses and document production in response to Plaintiff's document requests ("RFP") Nos. 21–24.

The Court confers with the parties. Based thereon, the Court **ORDERS** as follows:

1. By **no later than 5:00 p.m. on November 12, 2024**, Defendant shall notify Plaintiff whether the electronic files of Defendant that may contain documents and information responsive to RFP Nos. 21–24 are searchable electronically using search terms, and will provide an under-oath declaration from the appropriate person to this effect ("Declaration") by **no later than 5:00 p.m. on November 14, 2024**.

2. If Defendant advises that its electronic files are not searchable, Plaintiff agrees that its claims of deficiency as to Defendant's responses to RFP Nos. 21–24 are resolved, subject to Plaintiff seeking to depose the declarant about the contents of the Declaration. In this case, the parties are **ORDERED** to advise the Court of this development via joint email to MAA_Chambers@cacd.uscourts.gov.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-05205-FMO-MAA                                          Date:  November 8, 2024

Title    Jacquelyn Jackie Lacey v. State Farm General Insurance Company et al

3. If Defendant advises Plaintiff that its electronic files are searchable electronically using search terms, the parties are **ORDERED** to meet and confer regarding the parameters of such a search, including but not limited to search terms and temporal limitations.  In order to keep the discovery process moving forward in a diligent manner, the Court **SETS** a further informal telephonic discovery conference for **November 22, 2024 at 11:00 a.m.** regarding this search should the parties be unable to agree regarding the parameters of the search.  The parties are encouraged to meet and confer in good faith to resolve any disputes regarding same.

4. If the parties are able to reach an agreement regarding the search such that no Court intervention is necessary, they are **ORDERED** to immediately so advise the Court such that the November 22, 2024 informal discovery conference may be vacated.  In such a case, the parties are **ORDERED** to commence and conduct the search immediately, subject to any concerns raised by Defendant regarding any anticipated burden and disproportionality of such a search.  Should Defendant raise such concerns and the parties be unable to resolve the concerns through their own meet-and-confer efforts, including a revision to the search parameters, they are **ORDERED** to contact the Court to schedule an informal discovery conference to address any disputes related to the scope of the search.

The above orders are <u>not</u> discovery orders subject to enforcement pursuant to Federal Rule of Civil Procedure 37(b).  Rather, they constitute interim orders intended to assist the parties in resolving their disputes and moving through this discovery quickly and efficiently.  Should the parties be unable to resolve their disputes regarding RFP Nos. 21–24, they shall first exhaust this Court's informal discovery conference requirements and, if necessary thereafter and with the Court's permission (which is not granted as to RFP Nos. 21–24 at this time), ultimately file a discovery motion pursuant to Rule 37(a).

It is so ordered.

**Time in Court:**  0:46