UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity and as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE FARM GENERAL INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. CV 24-5205 FMO (MAAx)<br><br>**ORDER RE: APPOINTMENT OF SPECIAL MASTER** |

Having reviewed and considered all the briefing filed with respect to the parties' proposed candidates for Special Master, (see Dkt. 65, Defendant['s] Memorandum re: Nomination of Special Master ("Defendant's Memo.")); (Dkt. 66, Plaintiffs' Memorandum re: Appointment of Special Master ("Plaintiff's Memo.")), and defendant State Farm's ("defendant") Objection [] (Dkt. 67), the court finds that oral argument is not necessary to resolve the Objection, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

On December 12, 2024, the court found that the appointment of a Special Master was appropriate in this action and requested that each side propose at least three candidates for the court's consideration. (See Dkt. 60, Court's Order of December 12, 2024); Fed. R. Civ. P.

53(b)(1). The parties submitted the names of proposed candidates. (See Dkt. 65, Defendant's Memo.); (Dkt. 66, Plaintiff's Memo.).

As of the date of this Order, discovery disputes between the parties have resulted in at least eight informal discovery conferences with the assigned magistrate judge. (See, e.g., Dkts. 33, 40, 42, 45, 46, 48, 49 & 51). Having reviewed the parties' submissions as well as the record of repeated discovery conferences, the court hereby concludes that no district or magistrate judge is available to resolve the pending and forthcoming discovery matters in a timely and effective manner. See Fed. R. Civ. P. 53(a)(1)(C).

Plaintiff objects "to the appointment [of a Special Master] absent an allocation of the costs of such appointment to State Farm" because "Plaintiff is a retired individual public servant" and defendant has "conceal[ed] [] relevant and responsive documents" and "fail[ed] to produce witnesses." (Dkt. 66, Plaintiff's Memo. at 2). Defendant, on the other hand, does not object to appointment of a Special Master, (see Dkt. 65, Defendant's Memo. at 2), but does object to plaintiff's discussion of costs and requests the opportunity to file a response regarding cost allocation. (See Dkt. 67, "Objection" at 3).

While the court is sensitive to plaintiff's concern about increased costs, the fact remains that discovery thus far has been extensive, complicated, and contentious. Under these circumstances, neither the undersigned nor the assigned Magistrate Judge have the ability to address the parties' discovery disputes in a timely and effective manner. See, e.g., Eggleston v. Chicago Journeyman Plumbers' Local Union No. 130, 657 F.2d 890, 904 (7th Cir. 1981) (trial court might properly appoint master to oversee discovery in view of counsels' past obstructionist tactics); Aird v. Ford Motor Co., 86 F.3d 216, 218-19 (D.C. Cir. 1996) (trial court appointed master to oversee discovery).

Furthermore, given that the pending discovery disputes are predicated on defendant's refusal to provide discovery, the court believes that defendant should initially bear the costs of the Special Master. (See, e.g., Dkt. 51, Minutes of Informal Discovery Conference on November 26, 2024) (magistrate judge noting that "[d]efendant has not shown diligence in its efforts to comply with the Court's IDC 2 Order"); see also 2003 Adv. Comm. Note to Rule 53(h) ("A party whose

unreasonable behavior has occasioned the need to appoint a master . . . may properly be charged all or a major portion of the master's fees."). The Special Master may consider whether cost shifting is appropriate on a dispute and/or motion basis. See 2003 Adv. Comm. Note to Rule 53(h) ("It may be proper to revise an interim allocation after decision on the merits."). Thus, the court's initial allocation does not constitute a final decision as to costs – the court merely concludes that based on defendant's conduct thus far, defendant should bear the initial burden of the costs. Because defendant will have the opportunity to seek cost-shifting before the Special Master, the court also finds that briefing regarding the issue of costs is presently unnecessary.

Finally, the court has reviewed the parties' nominations for Special Master, (see Dkt. 65, Defendant's Memo.); (Dkt. 66, Plaintiff's Memo.), which the court may consider, but is not required to appoint. See Fed. R. Civ. P. 53(b)(1) ("Any party may suggest candidates for appointment."). While the court believes the individuals recommended by the parties are all qualified, the court is persuaded that the Hon. Michael Wilner (Ret.) is the best fit for this case as he has expertise and extensive experience in handling complex and contentious discovery.

Based on the foregoing, IT IS ORDERED THAT:

1. The Hon. Michael Wilner (Ret.) is tentatively appointed as Special Master ("Special Master") in this action pursuant to Rule 53(a) pending Judge Wilner's submission of an affidavit pursuant to Rule 53(b)(3)(A). Defendant's counsel shall forthwith provide Judge Wilner with a copy of this Order.

2. The Special Master's authority shall be defined as stated in Rule 53(c) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 53(c)(1) (providing, inter alia, that Special Master has authority to "regulate all proceedings;" "take all appropriate measures to perform the assigned duties fairly and efficiently;" and "if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and record evidence"). The Special Master's authority includes, but is not limited to: (a) ruling on the parties' discovery disputes; (b) ruling on motions for attorney's fees or any other motion to the Special Master; (c) any other pretrial issue the court may determine is appropriate; and (d) conducing settlement proceedings at the request of the parties or the court.

3. The Special Master may "impose on a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty." Fed. R. Civ. P. 53(c)(2). The Special Master shall have the discretion to decide whether an in-person hearing is necessary to resolve a dispute or whether the dispute may be resolved through a telephonic hearing. The Special Master may communicate ex parte with the court regarding the instant case. No party shall communicate with the Special Master ex parte unless otherwise permitted by the Special Master.

4. If the Special Master is required to issue any decisions, the Special Master's rulings shall be filed and served pursuant to Rule 53(d). See Fed. R. Civ. P. 53(d)-(e) (noting that "[a] master who issues an order must file it and promptly serve a copy on each party. The clerk must enter the order on the docket[;]" and "[a] master must report to the court as required by the appointing order. The Special Master must file the report and promptly serve a copy on each party, unless the court orders otherwise.").

5. Any party wishing to file objections to any order, decision or recommendation issued by the Special Master shall file those objections in the form of a Motion for Review of Special Master's Order no later than **14 days** from the date of issuance of the Special Master's order, decision and/or recommendation. The Motion for Review must be filed and noticed for the first available hearing date on the court's calendar and the briefing on the Motion for Review shall be filed in accordance with the hearing date unless otherwise ordered by the court. Failure to file a motion for review within 14 days shall constitute a waiver of all objections to the Special Master's order. **The court will not consider any legal arguments or evidence that were not presented to the Special Master**. In considering any motion for review, the court will apply the standard of review set forth in Rule 53(f).

6. All papers submitted by the parties to the Special Master shall be filed with the court, with courtesy copies delivered to the court's chambers. The Special Master will specify the procedure for filing and lodging of such papers with him.

7. Defendant shall initially bear the costs of the Special Master. Upon receipt of an invoice from the Special Master's office, defendant shall pay the Special Master no later than seven (7)

calendar days from the date of receipt of the invoice.  The Special Master will consider whether cost shifting is appropriate after all proceedings before the Special Master have been completed.

8.  The parties shall file a joint status report with the court on **March 30, 2025**, and every sixty (60) days thereafter until all proceedings before the Special Master have been completed.

9.  In all other respects, the parties shall comply with all the requirements and deadlines set forth in the court's previous orders.

Dated this 6th day of January, 2025.

/s/
Fernando M. Olguin
United States District Judge