**F I L E D**

CLERK, U.S. DISTRICT COURT

3/3/25

CENTRAL DISTRICT OF CALIFORNIA

BY: _____ V. Figueroa _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JACQUELINE "JACKIE" LACEY, et al., | Case No. CV 24-5205 FMO (MAAx) |
| Plaintiffs, | **REPORT AND RECOMMENDATION OF SPECIAL MASTER** |
| v. | **FRCP 53** |
| STATE FARM GENERAL INSURANCE CO., | |
| Defendant. | |

This Report and Recommendation is submitted to the Honorable Fernando M. Olguin, United States District Judge, pursuant to Federal Rule of Civil Procedure 53 and by previous order of the Court.

## SUMMARY OF RECOMMENDATION

The Court appointed me[1] as Special Master in this civil action. The Court's original appointment order under Federal Rule of Civil Procedure 53(c) broadly authorized me (a) to rule on the parties' discovery disputes and motions directed to me by the parties or the Court, and (b) to conduct settlement proceedings at the request of the parties or the Court. (Docket # 70.) The Court subsequently referred the defense's pending motion to compel arbitration to me for a report and recommendation. (Docket # 17, 73.)

I conclude that the motion should be denied as premature. The main issue in this federal action - whether the insurer breached its duty to defend its insured - is disputed and has not been resolved. Under the present circumstances, that's a prerequisite to requiring fee arbitration between the insurer and the insured (and, by extension, the lawyers involved). As a result, I recommend that the motion to compel arbitration be denied without prejudice.

## FACTS AND RELEVANT PROCEDURAL HISTORY

### The Protest and the Abdullah Action

The genesis of the parties' dispute was a protest at the home of former Los Angeles County District Attorney Jackie Lacey. At the height of the Black Lives Matter movement in March 2020, protestors demonstrated at the Lacey residence. (Docket # 1-1 (complaint) at ¶¶ 5, 20.) When several individuals approached the house early in the morning, Mrs. Lacey's husband "opened the door [of the house,] holding a handgun." (Id. at ¶ 20.)

Several months later, three of the protestors filed a civil action in state court (the "Abdullah Action") against Mr. and Mrs. Lacey. The tort claims

---

[1]    Hon. Michael R. Wilner, former United States Magistrate Judge for the Central District of California.

against the Laceys in the Abdullah Action centered on Mr. Lacey's interactions with the protestors while holding the gun.[2]  (Docket # 30-2 (complaint in Abdullah Action) at 83 et seq.)

### The Tender of the Abdullah Action

The Laceys tendered the Abdullah Action to Defendant State Farm, their home insurer.  The insurer "immediately accepted Mrs. Lacey's defense without reservation of rights and retained counsel [Harry Safarian] to defend her." (Docket # 17 at 8.)  However, based on its reading of the complaint in the Abdullah Action - focusing on contentions that Mr. Lacey allegedly brandished the weapon and pointed it at the protestors - and the language of the Laceys' insurance policies, the insurer "initially declined Mr. Lacey's initial tender of defense."  (Id.)  As a result, Mr. Lacey independently retained the Ellis George law firm to defend him in the Abdullah Action.

In early 2021, the litigants in the Abdullah Action filed an amended complaint in the state court action.  The amended complaint included, inter alia, a new tort cause of action against Mr. Lacey.  Mr. Lacey "tendered defense of the [amended] complaint" to State Farm.  (Id.)  State Farm "agreed to defend Mr. Lacey (subject to a reservation of rights) [ ] but only prospectively, leaving him responsible for all of his attorney's fees and costs incurred this far."[3]  (Docket # 22 at 7 (emphasis in original).)  Additionally, the insurer agreed to pay the Ellis George firm at Cumis / panel counsel rates, not the firm's higher billing rates.  (Id.)

In the summer of 2023, State Farm settled the Abdullah Action on behalf of Mrs. Lacey.  (Docket # 1-1 at ¶ 36.)  The insurer later settled the

---

[2]    For clarity, the litigants in the Abdullah Action did not allege that Mr. Lacey ever discharged the weapon or fired it at the protestors.

[3]    State Farm contends that the Laceys were never obliged to pay anything to their lawyers.  See infra at n.6.

2

Abdullah Action on behalf of Mr. Lacey's estate (he passed away in 2022) in March 2024.  (Id. at ¶ 44.)

**The Federal Action**

In May 2024, Mrs. Lacey sued State Farm.[4]  The complaint alleged that State Farm breached its insurance contracts by "failing and refusing to timely and reasonably provide a legal defense of Mr. Lacey, including payment of his attorneys' fees, related to the Abdullah Action."  (Docket # 1-1 at ¶ 54.)  The complaint also alleged that State Farm breached the implied covenant of good faith and fair dealing by its conduct.  (Id. at ¶ 57-61.)  According to the civil complaint, Mr. Safarian (the attorney whom the insurer appointed to represent Mrs. Lacey) allegedly engaged in a variety of tactics to interfere with the defense of Abdullah Action at the behest of State Farm and to the detriment of the Laceys.  (Id. at ¶ 38 et seq.)  The complaint sought compensatory and punitive damages for Mrs. Lacey from the insurer.

Mrs. Lacey originally filed this action in state court.  State Farm removed it to federal court on diversity of citizenship grounds in June 2024.  (Docket # 1.)  State Farm answered the complaint.  (Twice, actually.  (Docket # 1-4 (state court), 11 (amended answer in federal court).)

In September 2024, State Farm filed the instant motion to compel the action to arbitration pursuant to California Civil Code section 2860.  Following my appointment as special master in the action, the district court referred this motion (Docket # 17), Plaintiff's opposition (Docket # 22), and State Farm's reply (Docket # 27) to me for consideration.  I acknowledge reviewing these briefs and their supporting materials.  Additionally, I conducted a preliminary discussion and a substantive motion hearing with the

---

[4]    The action is formally styled in Mrs. Lacey's own name and in her capacity as trustee of a trust that was the successor-in-interest to her late husband.  For convenience, I'll simply refer to Mrs. Lacey as the plaintiff in this action.

parties on February 11 and 24, 2025, respectively.  This Report and Recommendation follows.

**RELEVANT LEGAL PRINCIPLES**

California Civil Code section 2860 codifies an insurer's duty to provide an independent defense to its insured in the event of a conflict of interest. Under Section 2860(c), an insured may "select[ ] independent counsel to represent him or her."  The insurer is obliged to pay that independent lawyer (often referred to as <u>Cumis</u> counsel under state law) on behalf of the insured. However, that payment obligation is limited by statute "to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions" in the community. (<u>Id.</u>)

Section 2860(c) states that "[a]ny dispute concerning attorney's fees" to be paid to independent counsel "shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute."  <u>See also</u> <u>Long v. Century Indemnity Co.</u>, 163 Cal. Ap. 4th 1460, 1471 (2008) ("Any dispute concerning attorney fees to be paid <u>Cumis</u> counsel must be submitted to arbitration" unless insurance contract specifies otherwise).

The provisions of Section 2860(c) do not apply, though, if a court determines that the insurer "acted in bad faith or breached its duty to defend" its insured; that conclusion "would place the Section 2860, subdivision (c) procedures out of [the insurer's] reach."  <u>Intergulf Development v. Superior Court</u>, 183 Cal. App. 4th 16, 21 (2010).

\* \* \*

This sets up a decision point.  If there is a dispute between the parties "concerning the <u>amount</u> of <u>Cumis</u> counsel fees owed in the defense of an insured in a third party suit, that dispute ultimately must be resolved by

arbitration" per Section 2860.  Janopaul + Block Companies v. Superior Court, 200 Cal. App. 4th 1239, 1251 (2011) (emphasis in original, citing Intergulf). However, an insured's claims that an insurer breached a duty to defend the insured "must be resolved first in the trial court before any [Section 2860(c)] arbitration because a determination of one or more of those issues in favor of the insured may eliminate altogether the need for arbitration." Id. (emphasis in original).

California courts (and federal courts applying state law in diversity actions) "are divided over whether arbitration of the attorney's fee dispute should take place before resolution of other coverage issues." Philadelphia Indemnity Ins. Co. v. IEC Corp., No. SA CV 16-295 DOC (AJWx), 2017 WL 3579703 at *2 (C.D. Cal. 2017).  The mere recitation of a claim against an insurer of bad faith or breach of the duty to defend is insufficient to defeat a request for fee arbitration.  Fontana Union Water Co. v. Arch Ins. Co., No. ED CV 16-59 VAP (KKx), 2016 WL 9045966 at *3 (C.D. Cal. 2016) (citing Compulink Management v, St. Paul Fire & Marine, 169 Cal. App. 4th 289, 296 (2008).

Rather, a court must determine the "gravamen" of the insured's complaint against the insurer.  Associated Industries Ins. Co. v. San Joaquin Hill Transportation Corridor Agency, No. CV 18-1776 PSG (JDEx), 2023 WL 2357292 at *3 (C.D. Cal. 2023) ("gravamen" of insured's claim was insurer's "failure to defend [the insured] promptly and completely").  "Ultimately, the caselaw comes down to a question: does the bulk of the dispute lie with attorney's fees, or does it include broader issues that should be resolved prior to arbitration." CONAM Management Corp. v. Great American E&S Ins. Co., 2024 WL 3405614 at *4 (S.D. Cal. 2024).

Where an insurer and insured "do not dispute [the insurer's] duty to defend, but rather how [the insurer] has attempted to fulfill that duty," the claims are "not substantially broader than a dispute over attorney's fees." Id. at *5. Arbitration is appropriate in that situation. However, when "the parties disagree as to whether" an insurer owed and breached a duty to defend the insured in the underlying lawsuit, "it may be "premature to determine [the insurer's] right to arbitrate the independent counsel's fee dispute under § 2860." Philadelphia Indemnity, 2017 WL 3579703 at *3; Travelers Indemnity Co. of Connecticut v. Walking U. Ranch, No. CV 18 2482 CAS (PJWx), 2018 WL 3768421 at *10 (C.D. Cal. 2018) ("Because the threshold issues of whether [the insurer] breached its duty to defend and breach[ed] the implied covenant of good faith and fair dealing remain unresolved at this juncture, the Court will resolve those claims first to avoid the potentially prejudicial effect of an arbitrator's factual findings on these counterclaims.")

When evaluating a request for Section 2860 fee arbitration, a court should not rule on an insurer's contention that it complied with or owed no duty to defend the insured. That's "a merits argument in disguise," and threatens to "push aside" an insured's claims in "a cavalier manner." Steelcase Inc. v. Nationwide Indemnity Co., No. CV 14-6291 SVW (RZx), 2015 WL 12828056 at *3 (C.D. Cal. 2015) (motion to compel fee arbitration "does not provide a proper vehicle" for resolving claim of breach of duty to defend).

## ANALYSIS

Several key points govern the analysis of State Farm's request to send this action to fee arbitration. They all support Mrs. Lacey - at this stage of the proceedings - and warrant denial of the motion.

First, the gravamen of Mrs. Lacey's claim is clearly linked to State Farm's initial denial of a defense to Mr. Lacey. The parties agree that State Farm denied a defense to Mr. Lacey when he tendered the original Abdullah Action in late 2020. Indeed, the insurer steadfastly continues to argue that there was no potential for coverage (and, therefore, no ensuing duty to defend) based on the original allegations in the case. (Docket # 17 at 25 ("Here, State Farm properly declined Mr. Lacey's tender of defense of the original Complaint because it did not create the potential of coverage.").)

That admitted denial of coverage - and Mrs. Lacey's related contention in this lawsuit that the denial was wrongful - is sufficient to raise a preliminary issue for the Court to consider before determining whether arbitration is appropriate. CONAM Management, 2024 WL 3405614 at *4; Travelers Indemnity, 2018 WL 3768421 at *10; Steelcase, 2015 WL 12828056 at *3.

Second, State Farm makes much of its later decision to defend Mr. Lacey and pay a portion of his legal bills after the amendment of the pleadings in the Abdullah Action. The insurer contends that, "[s]o long as the insurer assumed the defense and agreed to pay independent counsel" later in the action, it is entitled to arbitration "irrespective of an initial coverage dispute." (Docket # 17 at 24-25.)

Yet the decisions that State Farm cites in support of this proposition predate Intergulf, Janopaul, and current analyses of those opinions and the

statute.[5]  They're also inconsistent with current analyses of the statute that federal courts regularly issue on this topic.  <u>Philadelphia Indemnity</u>, 2017 WL 3579703 at *3; <u>Associated Industries</u>, 2023 WL 2357292 at *3.  Relying on yesterday's law for today's litigation isn't particularly persuasive.

Further, State Farm's decision to defend Mr. Lacey didn't come about because the insurer re-evaluated and attempted to cure its original decision regarding coverage (thereby suggesting better-than-bad faith on its part).  Instead, the company made a new decision based on the changed circumstance of a new pleading in the Abdullah Action.  Save for that, the original determination to deny a defense would have been baked into the litigation.

<u>Finally</u>, State Farm takes an unduly narrow view of Plaintiff's claims in the federal action.  The insurer posits that Mrs. Lacey's only damages are based on the "alleged underpayment of <u>Cumis</u> counsel's invoices," and that she has neither "particularly alleged" nor produced records "to support her damages claims" beyond the fee issues.  (Docket # 17 at 20-21.)

I agree that the original complaint against State Farm is a bit cagey in its recitation of potential damages.  I also agree that the calculation of unpaid fees to the Ellis George firm is front and center in the pleading.  However, a fair reading of the prayer for relief in the complaint, the list of alleged misconduct against State Farm and its agent (Mr. Safarian), and Mrs. Lacey's Rule 26 disclosures (Docket # 30-2 at 225 (Ex. 18 to <u>State Farm's</u> motion)) makes reasonably clear that Mrs. Lacey seeks "emotional distress damages in an as-yet-undetermined amount" from State Farm based on its cumulative conduct.  That is, Mrs. Lacey contends that State Farm's initial denial of a

---

[5]    <u>Compare</u> <u>Long</u> (2008); <u>Karsant Family Ltd. Partnership v. Allstate Ins. Co.</u>, 2009 WL 188036 at *5 (N.D. Cal. 2009); <u>Blue Ridge v. Jacobsen</u>, 25 Cal. 4th 489, 498 (2001) (cited in Defendant's motion) <u>with</u> <u>Intergulf</u> (2010) and <u>Janopaul</u> (2011).  <u>See also</u> Senior District Judge Snyder's able analysis of this contention in <u>Travelers</u>, 2018 WL 3768421 at *9-10.

defense to Mr. Lacey and its ongoing alleged interference with the Abdullah Action caused her harm, including a fear that she owed a large amount of money to her independent lawyers.[6]

That's out of the mine run of typical <u>Cumis</u> counsel reimbursement cases, and tips in favor of denying arbitration at this stage of the case. It's also something that experienced practitioners wouldn't expect to be particularly documented at the Rule 26 stage of litigation. The complaint adequately and colorably pled tort damages that are distinct from a bare claim of unpaid lawyer fees.

## CONCLUSION

State Farm's acknowledged denial of a defense to its insured - appropriate under the policy or not - precludes compulsory arbitration of the claims raised in this litigation. Before an action of this nature is forced to arbitration, Plaintiff Lacey is entitled to a determination on her claims regarding the insurer's alleged breach of its duties. For this reason, the

---

[6]    At the motion hearing and in a post-hearing submission, State Farm attempted to present evidence developed during discovery to minimize the contention that Mrs. Lacey actually is on the hook to the Ellis George firm, or that she suffered damages as a result of the insurer's alleged conduct. (Docket # 74.)

Provable or not, I continue to be of the opinion that Plaintiff's allegations affect the consideration of the gravamen of the federal action. I also stand by my observation at the hearing that these claims of personal harm vary considerably from the business-to-business cases that the parties primarily cited in their briefs.

Moreover, State Farm's attempt to shove additional evidentiary material into my hands in this manner is the epitome of the "merits argument in disguise" tactic that federal courts frown on. <u>Steelcase</u>, 2015 WL 12828056 at *3. The insurer may well get its opportunity to soon to convince the Court (or me, if a future motion is referred to the special master) regarding the propriety of its actions or the speciousness of the damages allegations. That time is not now, though. I decline to consider State Farm's one-sided, after-the-fact evidentiary presentation in analyzing the propriety of the arbitration request.

motion to compel arbitration should be denied without prejudice to later renewal.

IT IS THEREFORE RECOMMENDED that the District Judge issue an order: (1) accepting the findings and recommendations in this Report and accompanying spreadsheets; and (2) deny the motion without prejudice as recommended.

Dated: March 3, 2025                            /s/ Judge Wilner

                                        _____
                                        HON. MICHAEL R. WILNER
                                        U.S. MAGISTRATE JUDGE (RET.)
                                        SPECIAL MASTER