SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Email: jhoffman@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Email: jcrowe@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
E mail: awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>       Plaintiffs,<br><br>    v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br><br>       Defendants. | Case No. 2:24-cv-05205-FMO-MAA<br><br>Hon. Fernando M. Olguin<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT STATE FARM'S OBJECTIONS TO AND MOTION FOR REVIEW OF SPECIAL MASTER'S REPORT AND RECOMMENDATIONS [ECF 78] RE MOTION TO COMPEL ARBITRATION [FRCP 53]**<br><br>Date: April 10, 2025<br>Time: 10:00 a.m.<br>Crtrm.: 6D<br><br>*[Notice of Objections and Motion, Declaration of Jennifer Hoffman and [Proposed] Order filed concurrently.]* |

SMRH:4926-6816-1572.2

Case No. 2:24-cv-05205-FMO-MAA
MEMORANDUM OF POINTS & AUTHORITIES ISO DEFENDANT'S OBJECTIONS AND MOTION FOR REVIEW OF SPECIAL MASTER'S REPORT

Defendant State Farm General Insurance Company ("State Farm") respectfully submits its objections to and motion for review of Special Master Michael Wilner's March 3, 2025 Report and Recommendation [ECF 78] (the "Report") on State Farm's Motion to Compel Arbitration [ECF 17, 30].

State Farm files these objections and its motion for review in accordance with Federal Rule of Civil Procedure 53(f)(2) and the Court's Order Re: Appointment of Special Master [ECF 70]. Pursuant to Rule 53(f), a district court may consider timely objections to a Special Master's order, report, or recommendations. This would include the Report issued by Special Master Wilner. The court must decide de novo all objections to the Special Master's factual findings and conclusions of law. Fed. R. Civ. P. 53(f)(3)-(4). The court reviews any rulings on procedural matters for abuse of discretion. Fed. R. Civ. P. 53(f)(5). Any of a Special Master's rulings and recommendations inextricably intertwined with conclusions of fact and law are reviewed de novo. *Hernandez v. Lynch*, 2018 WL 10561972, at *3 (C.D. Cal. Dec. 6, 2018) (collecting cases).

State Farm objects to the Report and moves for the Court's review of the Report as follows:

### 1. The Report Does Not Apply the Proper Burden

California law clearly holds that Plaintiffs held the burden of demonstrating that Section 2860 arbitration does *not* apply, notwithstanding the strong public policy favoring arbitration of *Cumis* fee disputes. *See Conam Mgmt. Corp. v. Great Am. E&S Ins. Co.*, 2024 WL 3405614 (S.D. Cal. July 11, 2024) (citing *Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 687 (2000) & *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal. App. 4th 1443, 1461-62 (2011)). Any doubts as to whether arbitration applies "must be resolved in favor of arbitration, not against it." *Id.* (citing *Coast Plaza Doctors*, 83 Cal. App. 4th at 687).

State Farm raised the burden issue and this authority in briefing the Motion. (ECF 27 at 22). The Report, however, does not acknowledge Plaintiffs' burden or

impose it on them.  Rather, the Special Master acknowledged during oral argument that he found this a close case as to whether arbitration should be compelled. (Hoffman Dec., Ex. A, Transcript, pp. 19:11-14) ("But where I come out, as I do find the motion, in a close – maybe closer-than-I-thought call to be premature."). Instead of resolving any doubts as to whether arbitration should be compelled in favor of compelling arbitration, however, the Report recommends resolving them against it.  That conflicts with California law and public policy.  The Court should adhere to California's rules and resolve any doubts as to whether arbitration should proceed now in favor of arbitration.

### 2. The Report Treats the Motion to Compel Arbitration As A Pleading Motion and Fails to Consider the Evidence

Plaintiffs offered no admissible, material evidence to support their burden on this Motion.  They offered only the conclusory declaration of attorney Ryan Keech on non-material issues.  (ECF 22-1).  State Farm objected to Mr. Keech's declaration, but the Report does not address those objections.  (ECF 28).  Nor does it cite to Mr. Keech's declaration.

The "Facts and Relevant Procedural History" section of the Report (ECF 78 at 2-3) cites Plaintiffs' allegations in their Complaint and argument in their Opposition.  This includes the Report's citation to ECF 22 (which in turn, cited only to Plaintiffs' Complaint) and the statement that Mr. Lacey was required to hire counsel as a result of State Farm's initial coverage position (which has no citation; nor could it).  (ECF 78, p. 2:12-13).  The only support for these statements in the record on this Motion are the disputed allegations in the Complaint.  Indeed, the Report later recounts that "Mrs. Lacey *contends*" that she suffered harm as a result of State Farm's initial coverage position.  (ECF 78, p. 8:24-9:3) (emphasis added). Allegations are not evidence.

Moreover, State Farm's Motion to Compel Arbitration was not a pleading motion.  However, the Report appears to treat it as such by accepting Plaintiffs'

1 allegations as true. Plaintiffs cannot meet their burden on this Motion based on
2 mere allegations – they need *evidence* to overcome the strong public policy favoring
3 arbitration of fee disputes. Because they offer none, any doubts as to whether
4 arbitration applies based on the allegations contained in their Complaint "must be
5 resolved in favor of arbitration, not against it." *Conam Mgmt. Corp.*, 2024 WL
6 3405614 (S.D. Cal. July 11, 2024) (citing *Coast Plaza Doctors*, 83 Cal.App.4th at
7 687).

8 State Farm offered extensive evidence in support of its Motion. (*See, e.g.*,
9 ECF 30-1, 30-2). The Report cites to that evidence only twice (once to the
10 Complaint in the *Abdullah* Action, and once to Plaintiffs' Rule 26 disclosures).
11 During the February 24, 2025 hearing on the Motion, the Special Master agreed
12 with State Farm that Plaintiffs' Rule 26 report suggested that core damages in this
13 case were claimed attorneys' fees and any suggestion of emotional distress was
14 "tucked away." (Hoffman Dec., Transcript, p. 12:9). That supported a finding that
15 the gravamen of the case was an attorneys' fee dispute, as State Farm argued.
16 However, the Special Master added that he also considered the following:

> And what was, I think, really helpful in our discussion a few weeks ago when we did discuss the motion – sorry, we didn't argue the motion, but we discussed the motion – was what has happened in this lawsuit in the time since the motion was filed. You conducted discovery. You conducted quite a lot of discovery. That's among the reasons I'm here …. And I've learned issues about seeing a counselor and a therapist and so forth and so on, which may relate to a claim for emotional distress damages.

25 (Hoffman Dec., Ex. A, Transcript, pp. 12:13-13:1). The Special Master continued,
26 explaining that "Mrs. Lacey's somewhat quiet claim but growing in volume …it's a
27 growing consideration in this case," which led the Special Master to "tentatively

conclude that the motion for arbitration is premature." (Hoffman Dec., Ex. A, Transcript, pp. 16:21-17:8).

The final Report and Recommendation did not cite evidence to support the finding that the emotional distress claim was a "growing consideration" that supported denying arbitration, because no such evidence exists in the record. (*Id.*) Plaintiffs only *alleged* that Mrs. Lacey suffered emotional distress as a result of State Farm's conduct, which purportedly left her "responsible for the difference between the reasonable hourly rates actually charged by Ellis George versus the reduced rates State Farm agreed to pay." (ECF 1-1, ¶ 32). Plaintiffs repeated that assertion no less than five times in their Opposition to the Motion, arguing that State Farm left Mrs. Lacey responsible for more than $1 million in fees to Ellis George, which caused resulting emotional distress. (ECF 22 at 5, 7, 9, 22). But, they offered no *evidence* to support that claim.

Instead, the Special Master's reference to "our discussion a few weeks ago" suggests that he based his conclusion on argument by Plaintiffs' counsel during the February 11, 2025 initial conference of counsel before the Special Master. (Hoffman Dec., Ex. A, Transcript, pp. 12:13-17). State Farm's counsel responded with argument and evidence disproving Plaintiffs' allegations and suggestion by Plaintiffs' counsel that Mrs. Lacey's emotional distress claim had merit. (ECF 74). The Special Master, however, declined to consider it as an "after-the-fact evidentiary presentation."[1] (ECF 78, p. 9 fn.6).

---

[1] The Court separately sustained Plaintiffs' objection to State Farm's new evidence. (ECF 80). That Order did not address State Farm's due process argument, or question regarding the proper procedural device for the submission due to the Court's Order referring the Motion and all related papers to the Special Master. (*Id.*). Regardless, these Objections do not (and cannot) seek reconsideration of the Court's Order striking the supplemental submission of evidence.

The Report thus considers after-the-fact argument by Plaintiffs' counsel, but not State Farm's evidence responding to that belated argument. That raises a fairness and due process issue. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1188-89 (9th Cir. 2024) (noting that courts must allow parties an opportunity to respond to new arguments or evidence raised) (citing *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996)).

Consequently, State Farm requests modification of the Order to consider only the *evidence* in the record, and not simply the allegations of Plaintiffs' complaint or unsupported argument by Plaintiffs' counsel regarding the purported nature of Plaintiffs' damages claims. Considering only the evidence in the record reflects that the gravamen of this case is a fee dispute between Ellis George and K&L Gates on the one hand, and State Farm on the other, and that arbitration should proceed now for all the reasons argued in State Farm's Motion. (ECF 17, 19-2).

At a minimum, State Farm requests that the Court clarify the basis of all statements recounted in the "Facts and Relevant Procedural History" portion of an eventual order which, if adopted as written, center on Plaintiffs' allegations and argument, *not* evidence.

### 3. The Report Does Not Address State Farm's Request for Alternative Relief

The Report does not acknowledge or address State Farm's alternative request for relief: that if the Court determines that the issue of whether the initial Complaint triggered a duty to defend should be resolved before compelling arbitration, that State Farm be granted leave to file a narrow motion as to that legal issue, without prejudicing its right to bring a subsequent dispositive motion. (ECF 27, pp. 20-21)

As addressed in State Farm's briefing, the duty to defend the initial Complaint presents a straightforward legal issue that can and should be resolved based on the allegations in the Complaint, the underlying Complaint in the *Abdullah* Action, and California law. (ECF 27 at 21). Subject to their terms and conditions, the Laceys'

1  State Farm policies promised to defend suits seeking damages because of an
2  "occurrence" or "accident", or an enumerated "offense."  It is undisputed that the
3  *Abdullah* Action arose out of David Lacey's choice to confront protestors on his
4  property with a gun.  (ECF 1-1, ¶¶ 5, 20).  Plaintiffs claim that Mr. Lacey did not
5  intend to harm the protestors.  But, that does not transform an intentional act into an
6  accident.  Under black-letter California law, no accident exists where "the insured
7  intended all of the acts that resulted in the victim's injury."  *Merced Mut. Ins. Co. v.*
8  *Mendez*, 213 Cal.App.3d 41, 50 (1989).  "[W]here the insured intended all of the
9  acts that resulted in the victim's injury, the event may not be deemed an 'accident'
10 merely because the insured did not intend to cause injury." [2]  *Scheffler v. Allstate*
11 *Ins. Co.*, 196 F. Supp. 2d 1003 (C.D. Cal. Mar. 19, 2002).  Based on this
12 longstanding authority, State Farm can quickly and succinctly demonstrate that no
13 duty to defend the initial Complaint in the *Abdullah* Action existed.
14       However, any limited motion on State Farm's duty to defend the initial
15 Complaint in the *Abdullah* Action risks forfeiting State Farm's right to later file a
16 dispositive motion as to the entirety of the action based on this Court's Standing and
17 Scheduling Orders limiting dispositive motions.  (ECF 13, 14).  Moreover, delaying
18 decision on arbitration until after summary judgment would be antithetical to the
19 strong public policy behind requiring arbitration of *Cumis* fee disputes in the first
20 place.  *Conam Mgmt. Corp.*, 2024 WL 3405614 (S.D. Cal. July 11, 2024) (citing

---

[2]  *See also Delgado v. Interinsurance Exch. of Auto. Club of S. Cal.*, 47 Cal.4th 302, 311-312 (2009) (insured's subjective belief in the need for self-defense did not convert an assault and battery into an accident); *Stellar v. State Farm General Ins. Co.*, 157 Cal. App. 1498, 1505 (2007) ("An accident . . . is never present when the insured performs a deliberate act . . . [W]here the insured intended all of the acts that resulted in the victim's injury, the event may not be deemed an 'accident' merely because the insured did not intend to cause injury."); *Commercial Union Ins. Co. v. Super. Ct.*, 196 Cal. App.3d 1205, 1208 (1987).

*Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal.App.4th 677, 687 (2000) & *Behnke v. State Farm Gen. Ins. Co.*, 196 Cal.App.4th 1443, 1461-62 (2011)).

For these reasons, State Farm respectfully requests that, if the Court finds that the initial duty to defend should be resolved before compelling arbitration, that the Court reserve judgment on State Farm's Motion and grant leave to brief that narrow legal issue before deciding the Motion.

### 4. Conclusion

For the above-stated reasons, State Farm respectfully objects to the Report and moves for review of the Report, requesting that the Court grant State Farm's Motion to Compel Arbitration or, at a minimum, (1) modify the Report and Recommendation in its eventual Order to apply the correct burden under California law, which supports granting the Motion; (2) rely on evidence and *not* unsupported argument or allegations by Plaintiffs' counsel, which State Farm did not have a full and fair opportunity to respond to, and which evidence also supports granting the Motion; and/or (3) grant State Farm's alternative request that the Court reserve judgment on the Motion and grant State Farm leave to file a narrow dispositive motion as to a duty to defend the initial complaint in the *Abdullah* Action, so that the duty to defend issue and the Motion can be decided concurrently.

State Farm requests a hearing on its Objections and Motion for Review.

Dated: March 17, 2025             SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                         By      */s/ Jennifer M. Hoffman*
                                 JENNIFER M. HOFFMAN
                                 ANDREA S. WARREN

                                 Attorneys for Defendant
                                 STATE FARM GENERAL INSURANCE COMPANY