ELLIS GEORGE LLP
Trent Copeland (State Bar No. 136890)
tcopeland@ellisgeorge.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

K&L GATES LLP
Ryan Q. Keech (State Bar No. 280306)
Ryan.Keech@klgates.com
Kevin S. Asfour (State Bar No. 228993)
Kevin.Asfour@klgates.com
Keian Vahedy (State Bar No. 316708)
Keian.Vahedy@klgates.com
10100 Santa Monica Blvd., 8th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001

Attorneys for Plaintiff JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,

Plaintiffs,

vs.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,

Defendants.

Case No. 2:24-cv-05205-FMO-MAA

Hon. Fernando M. Olguin, Courtroom 6D

**PLAINTIFFS' RESPONSE AND OPPOSITION TO DEFENDANT STATE FARM'S "OBJECTIONS TO AND MOTION FOR REVIEW OF SPECIAL MASTER'S REPORT AND RECOMMENDATIONS" [ECF 84]**

[Filed concurrently with the Declaration of Trent Copeland]

Date of Hearing: April 17, 2025

Plaintiffs Jacquelyn "Jackie" Lacey and Jacquelyn "Jackie" Lacey as trustee of the D&J Lacey Family Trust dated November 23, 2016 (collectively, "Plaintiff") hereby opposes and responds to Defendant State Farm General Insurance Company's ("State Farm") objections ("Objections") to Special Master Hon. Michael R. Wilner's (Ret.) Report and Recommendation, dated March 3, 2025 ("Report") (ECF 84).

## I. PRELIMINARY STATEMENT

The Court should overrule State Farm's Objections to the Special Master's well-reasoned Report and accept the factual and legal bases upon which he denied State Farm's motion to compel arbitration ("Motion"). As discussed during oral argument and detailed in the Report, the Motion "should be denied as premature" because: (i) "the main issue in this federal action – whether the insurer breached its duty to defend its insured – is disputed and has not been resolved" and (ii) "[u]nder the present circumstances that's a prerequisite to requiring fee arbitration between the insurer and the insured (and, by extension, the lawyers involved)." (ECF 78 at 2:2-16.)

Despite State Farm's assertions otherwise, the Special Master performed his duties with a detailed attention to the extensive factual record and with a deep analysis of the legal issues raised by the parties in their briefing materials. This was no easy task. The Special master spent many hours reviewing hundreds of pages of case law and 67 pages of briefing materials filed by the parties. He also conducted an in-person hearing which lasted over an hour – and allowed for oral argument from the parties. After his careful deliberation, the Special Master reached a reasoned decision, including that "***several key points govern the analysis of State Farm's request to send this action to fee arbitration. They all support Mrs. Lacey – at this stage of the proceedings – and warrant denial of the motion***." (ECF 78 at 7:2-4.)

To be sure, the Special Master's decision was not conjured out of thin air, nor was it decided based on extraneous material, as State Farm falsely claims. (ECF 84-1 at 4:14-21.) It is anchored in published appellate authority that was briefed

extensively in the parties' respective papers, and which State Farm failed to rebut. Nor can it. Indeed, State Farm does not dispute that the duty to defend issue is at the core of Plaintiff's breach of contract and bad faith claims (*see* Complaint, ¶¶ 27-32, 54, 51-61), nor did State Farm offer any colorable argument to rebut applicable California law that where, as here, an insured pleads a claim for breach of the duty to defend based on an insurer's refusal of a tender and/or untimely provision of a defense, the Court must adjudicate that threshold claim before any potential arbitration under Section 2860. This principle was clearly established in the California Court of Appeal decisions *Intergulf Development LLC v. Superior Court*, 183 Cal. App. 4th 16 (2010) and *Janopaul + Block Companies, LLC v. Superior Court*, 200 Cal. App. 4th 1239 (2011)—which is what the Special Master relied on when deciding this Motion.

As detailed herein, State Farm's Objections underscore its own predicament. They rehash arguments, brazenly misstate what was argued and decided during oral argument on February 24, 2025, and advance untimely arguments, attempting to do what was already ***rejected*** by the Special Master[1] and otherwise is not authorized by the Federal Rules of Civil Procedure, the Central District of California's Local Rules, the procedures of the Special Master, or any order of this Court. *See Thornton v Cates*, No. 1:11-cv-01145-GSA-PC, 2013 WL 2902846 (E.D. Cal. June 13, 2013) (striking an unauthorized supplemental briefing after the authorized briefing was completed because "[t]he Local Rules provide for a motion, an opposition, and a reply," but not other submissions). In fact, it was State Farm, not Plaintiff, who defiantly attempted to inject evidence and argument outside the four corners of the Motion, to which the

[1] State Farm's conduct, both during oral argument and after-the-fact, was so egregious that the Special Master dedicated a portion of his Report to spotlight State Farm's "frowned upon" actions, stating: "I decline to consider State Farm's one-sided, after-the-fact evidentiary presentation in analyzing the propriety of the arbitration request." (ECF 78 at 9:18-28.)

Special Master responded: "***State Farm's attempt to shove additional evidentiary material into my hands in this manner is the epitome of the 'merits argument in disguise' tactic that federal courts frown on. Steelcase, 2015 WL 12828056 at *3***." (ECF 78 at 9:18-28).

Suffice to say, there is no indication that the Special Master did not properly consider, evaluate and adjudicate the issues raised. State Farm's Objections are demonstrably false and should therefore be overruled.

## II. RELEVANT LEGAL STANDARD

Under Fed. R. Civ. P. 53(f), the effect of a Special Master's Report and Recommendations is dependent on whether a master's determination may be classified as a finding of fact, a legal conclusion or a decision concerning a procedural matter. Under Fed. R. Civ. P. 53(f)(3), objections to findings of fact are reviewed *de novo*. Under Fed. R. Civ. P. 53(f)(5), an abuse of discretion applies to review of procedural matters. In any event, a party's objections should not be a mere litany of old arguments thrown up for renewed consideration. *Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. N. L. R. B.*, 547 F.2d 575, 592 (D.C. Cir. 1976) ("We believe that in excepting to a master's findings, a party cannot rely upon such a scattershot approach. We cannot be expected to undertake a complete review of the voluminous record evidence and then proceed, in effect, to act, at least in the first instance, as that party's advocate to determine whether the unadorned exception has any merit. We therefore decline to overturn the Master's finding on this issue.").

## III. THE SPECIAL MASTER CORRECTLY DECIDED THIS MOTION BASED ON CONTROLLING LAW

State Farm contends that the Special Master applied the wrong standard because "Plaintiffs held the burden of demonstrating that Section 2860 arbitration does not apply" and the Report "does not acknowledge Plaintiffs' burden or impose it on them." (ECF 84-1 at 1:19-28). But this is complete nonsense.

*As an initial matter*, nowhere within State Farm's Motion does it address, let

alone discuss, any "burden of proof" for compelling arbitration. (See ECF 17, *in passim*). State Farm's Objections (ECF 84-1) is the first time the issue of "burden of proof" is being raised.

*Second*, State Farm's contention that Plaintiff failed to demonstrate "that Section 2860 does *not* apply" is simply false, in any event—and its reliance on the *Conam* decision in making this argument is entirely misplaced. In fact, *Conam* favors **Plaintiff's** position and the **denial** of the motion. As the *Conam* court observed:

> Here, CONAM's own Complaint forces this case to arbitration. (*See* Compl. ¶ 7 ("The problem is that after saying it would defend, GAESIC has improperly failed and refused to provide a full or proper defense, *by improperly limiting the rates that it would pay defense counsel and only paying for a fraction of the costs reasonably incurred to properly defend these cases*." (emphasis added)).) If [the insurer's] limitation of attorney's fees is the problem, the Court must compel the case to arbitration. **Unlike *Janopaul* and *Intergulf*, here the parties do <u>not</u> dispute [the insurer's] duty to defend**, but rather how [the insurer] has attempted to fulfill that duty. (*Id.*)

*Conam Mgmt. Corp. v. Great American E&S Ins. Co.*, No. 23-2122, 2024 WL 3405614, at *4 (italics in original, boldface added).

Here, by contrast—and as detailed in Plaintiff's opposition to the motion—at the core of Plaintiff's claims is State Farm's **<u>denial</u> of coverage** and its **<u>refusal</u> to defend** Mr. Lacey in the underlying action during the pendency of the original complaint and first amended complaint therein, upon which Plaintiff has sued State Farm for breach of contract and bad faith. This puts the issue *squarely* within ambit of the controlling decisions in *Intergulf* and *Janopaul*, as the Special Master—and indeed the *Conam* decision, itself—properly recognized. *Id.* Moreover, **there is no dispute that State Farm denied coverage in this manner (a decision on which its stands to this day)**—that is *one* point in this case on which the parties agree. Indeed,

State Farm *admits* to this denial of coverage *in its Objections*.[2] As such, State Farm's complaint that Plaintiff failed to proffer "evidence" to support the inapplicability of Section 2860 is downright puzzling—and in any event unmerited. The Special Master relied on these principles in finding that "several key points govern the analysis of State Farm's request to send this action to fee arbitration. *They all support Mrs. Lacey - at this stage of the proceedings – and warrant denial of the motion*." (ECF 78 at 7:2-4) (emphasis added). This includes that the gravamen of Plaintiff's claims are "clearly linked to State Farm's initial denial of a defense to Mr. Lacey," which State Farm claims was "properly denied" (ECF 17 at 20-21), and how State Farm took "an unduly narrow view of Plaintiff's claims in the federal action" (ECF 78 at 8:11-12).

*Third*, State Farm's reliance on the Special Master's alleged statement that "this is a close case" and therefore "any doubts" should be resolved in favor of arbitration is out of context and demonstrably false. (ECF 84-1 at 2:1-9). The Special Master never said that "this is a close case," nor did he suggest ambiguity when expressly denying State Farm's Motion as "premature" because "***the claim is colorable enough, that it has be adjudicated in a different way***. ***And to jam it into an arbitration motion, I'm not offended, I'm not unhappy, but it didn't get me there***." (Declaration of Trent Copeland ("Copeland Decl."), Ex. A at 18:22-19:1 (emphasis added).) The Special Master plainly stated that, unlike any case cited by State Farm, "here we have a circumstance where there is an initial tender—tender—and a denial of defense. That changes down the road, but that initial fact, whether it was right or wrong, is an issue under the cases and is an issue that the Court ordinarily must resolve before making

---

[2] Obviously, Plaintiff adamantly disputes State Farm's contentions and legal arguments concerning its breach of the duty to defend, which, *inter alia*, misconstrue the theories of liability that were alleged against the insureds in the underlying action and, moreover, completely ignore the "Personal Injury" coverage component of State Farm's own insurance policy (which does not even contain an "occurrence" requirement). These issues are not properly before the Court at this time and thus Plaintiff will not brief them in opposition to State Farm's Objections.

an arbitrability determination." (Copeland Decl., Ex. A at 16:15-20.) Anything else to the contrary is "cart before the horse." (*Id*. at 18:22.)

Accordingly, there is no basis to support State Farm's claim that the Special Master used the wrong legal standard in deciding against granting its Motion. State Farm's Objections must therefore be overruled.

## IV. THE SPECIAL MASTER DID NOT TREAT STATE FARM'S MOTION AS A "PLEADING MOTION," NOR DID HE RELY ON EXTRANEOUS MATERIAL TO MAKE HIS DECISION

State Farm also contends that the Special Master improperly treated the Motion as a "pleading motion" by failing (i) to "consider the evidence" offered by State Farm and (ii) accepting Plaintiff's allegations as true. (ECF 84-1 at 2-3.) But these accusations are neither factually nor legally supported and must also be overruled.

*First*, State Farm misstates the record. The Special Master never said that he accepted allegations within either party's pleadings as true, nor did he rely on any allegations as evidence to adjudicate this action. In fact, the Special Master explicitly stated during oral argument that "I promised that after having reviewed the papers again and conducting research, both what you provided me and what I cofounded, that I would give you my thoughts so that we could then have, if need be, a discussion on the motion." Copeland Decl., Ex. A at 4:25-5:4. And that is exactly what he did. The Special Master confirmed, specific to deciding whether to arbitrate a fee dispute, that "a court must determine the 'gravamen' of the insured's complaint against the insurer." (ECF 78 at 5:18-26.) The pleadings, therefore, were analyzed to determine what the gravamen of the case actually is. But even after reviewing the pleadings, the Special Master nevertheless cites to State Farm's papers (ECF 84-1 at 7:5-12 [citing ECF 17 at 24]), *not Plaintiff's*, as evidence to confirm that (i) this action very much concerns whether State Farm breached its duty to defend, which must be decided before any fee dispute should be considered under applicable law (ECF 84-1 at 7:13-18 ["That admitted denial of coverage - and Mrs. Lacey's related contention

in this lawsuit that the denial was wrongful - is sufficient to raise a preliminary issue for the Court to consider before determining whether arbitration is appropriate."]) and (ii) State Farm is taking an "unduly narrow view of Plaintiff's claims" because the parties' Initial Disclosure Statements—which State Farm attached to its Motion as Exhibit 18 (ECF 30-2 at 225)—verifies that Plaintiff "seeks 'emotional distress damages in an as-yet-undetermined amount' from State Farm based on its cumulative conduct" (ECF 84-1 at 8:18-24). Accordingly, it is not true that the Special Master "ignored" State Farm's evidence and instead relied on Plaintiff's Complaint for the truth of its allegations.

*Second*, the Special Master never stated that he "considered" or relied on extraneous arguments made during the parties' initial conference with the Special Master. That is another misrepresentation and out of context statement. (ECF 84-1 at 3:16-24). In fact, if State Farm was acting in good faith, it would have provided proper context which is reflected in the next three lines of the same transcript where the Special Master made clear that he rejected consideration of the parties' initial case meeting, stating: "***Okay. That's not on the table for me now***. ***What is on the table for me now is to figure out, what is the nature of the claim in federal court***. Because if it is a fee dispute … 2860 says you arbitrate it. And if it's a tort claim, you stay in federal court and you litigate it. And whether it's a waiver of arbitration or a deferral of arbitration, the matter stays in federal court." (Copeland Decl., Ex. A at 13:2-9.)

*Third*, contrary to State Farm's assertion, the Special Master did not consider nor adopt any "after-the-fact" argument when he decided this Motion. It was State Farm, and State Farm only, who attempted to go beyond the four-corners of the Motion, which caused the Special Master to rhetorically make the point during oral argument, that: "I'm sorry. ***Was any of this filed with your motion***?" (Copeland Decl., Ex. A at 23:22-23) and again address State Farm's improper conduct in the Report: "***State Farm's attempt to shove additional evidentiary material into my hands in this manner is the epitome of the 'merits argument in disguise' tactic that***

***federal courts frown on. Steelcase, 2015 WL 12828056 at *3***." (ECF 78 at 9:18-28.) It was State Farm, not Plaintiff, who attempted to reference and introduce documents that were in its possession for months, and yet, in all these months, State Farm never made any attempt to supplement the record prior to the hearing. Instead, State Farm waited until the *end of the hearing*, before attempting to introduce new materials without providing Plaintiff with any advance notice or opportunity to be heard. Copeland Decl. Ex. A at 31:23-24 (Special Master addressing State Farm's conduct during oral argument: "What kind of move is that, just shoving it on the table?"). It is no surprise then that this Court struck State Farm's "supplemental submission." As is clear from the record, the Special Master's decision was not based on any extraneous argument or material; it is instead tethered to "State Farm's acknowledged denial of a defense to its insured - appropriate under the policy or not," which "precludes compulsory arbitration of the claims raised in this litigation." (ECF 78 at 9:11-13.)

*Finally*, State Farm continues to ignore the context in which this Motion was filed. This action was initiated in May 2024. It was removed to federal court in June 2024. State Farm moved to compel arbitration in September 2024. At no point, however, did State Farm file any motion (e.g., under Rule 12 or Rule 56) to resolve the duty to defend issue before moving to compel arbitration – despite having every opportunity to do so. It is no surprise then why this Motion was denied. The Special Master appropriately reasoned that the foregoing reasons "actually all supports a conclusion that this motion was premature." (Copeland Decl., Ex. A at 25:15-16.) State Farm's Objections must therefore before overruled.

## V. THE SPECIAL MASTER PROPERLY REJECTED STATE FARM'S "REQUEST FOR ALTERNATE RELIEF"

State Farm finally contends that the Special Master failed to address its "alternate request for relief" that it be granted leave to "file a narrow motion" regarding the duty to defend against the plaintiffs' initial Complaint in the underlying

action. (ECF 84-1 at 5:20-28.) But this is another baseless objection, on multiple grounds.

*First*, State Farm never requested any "alternative relief" in its motion papers and on this basis, alone, the Special Master was correct to deny such request. *See, e.g.*, Fed. R. Civ. P. 7(b)(1)(B) (motions must "state with particularity the grounds for seeking the order; and ... state the relief sought"); *see also Davis v. King*, 560 Fed. Appx. 756, 761 (10th Cir. 2014) (no abuse of discretion to deny motion for lack of compliance with Rule 7(b)(1)(B)).

*Second*, granting such "alternative relief" was not even within the scope of this Court's delegation to the Special Master. (*See* ECF 73 (Order referring Motion to Compel Arbitration to Special Master).)

*Third*, State Farm's decision to wait until the *hearing* on the motion to compel arbitration (the *end* of the hearing, no less) before requesting leave to file a dispositive motion was not the result of any oversight—rather, it was a deliberate, tactical choice. As detailed in Plaintiff's opposition to the Motion, State Farm long ago contemplated filing such a dispositive motion. (*See* ECF 22, pp. 23:19-24:7.) Indeed, during the parties' Rule 26 discussions (and in the parties' Joint Report filed thereafter), State Farm stated that it would file "a motion for judgment on the pleadings regarding the duty to defend David Lacey" **before** seeking to compel arbitration. (*See id*. (citing ECF 12, pp. 18:28-19:5).) Thereafter, however, State Farm changed course and made the deliberate decision *not* to seek adjudication of the threshold duty-to-defend issues prior to moving to compel arbitration, perhaps realizing this Court has a one-dispositive motion rule. And then, only when it became clear that the Special Master intended to *deny* the improper motion to compel arbitration, did State Farm advance its request for "alternative relief," for the first time. If State Farm believed it had a basis to obtain judgment on the pleadings of the duty-to-defend issue, it could and should have filed such a motion at *any time* prior to bringing its motion to compel arbitration—indeed, State Farm could simply have filed a motion to dismiss under

Rule 12(b)(6) at the outset of the case.[3]

*Fourth*, the Special Master's Report expressly states, "I recommend that the motion to compel arbitration be denied *without prejudice*." (ECF 78 at 2:15-16 (emphasis added).) As such, in the event that State Farm actually files, and wins, a dispositive motion on the duty to defend, nothing in the Special Master's ruling would preclude State Farm from bring another motion to compel arbitration.[4]

For each of these reasons, the Special Master certainly did not commit an "abuse of discretion" in denying State Farm's improper procedural request, and the Court should overrule the Objection on this basis. Fed. R. Civ. P. 53(f)(5) ("the court may set aside a master's ruling on a procedural matter only for an abuse of discretion").

## VI. CONCLUSION

For the foregoing reasons, the Court should reject State Farm's attempt to minimize the Special Master's review, mischaracterize the evidence, cherry-pick his findings, and misstate the record. The Special Master properly considered, evaluated and adjudicated the issues raised, and thus the Court should overrule the Objections and adopt the Report and Recommendations.

[3] As the Court is undoubtedly aware, a motion to dismiss under Rule 12(b)(6) is the functional equivalent of a motion for judgment on the pleadings, the only difference being that a Rule 12(b)(6) motion is filed *prior* to the defendant answering the complaint, whereas a motion for judgment on the pleadings (under Rule 12(c)) is filed *after* the answer.

[4] Even in that scenario, Plaintiff does not concede that a motion to compel arbitration would be proper given State Farm's breaches of contract and bad faith that occurred even *after* (belatedly) agreeing to defend, and reserves all rights in that regard.

| DATED: March 27, 2025 | Respectfully submitted,<br><br>ELLIS GEORGE LLP |
|---|---|
| | By: /s/ Trent Copeland<br>TRENT COPELAND<br>Attorneys for Plaintiff JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016 |

**CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1**

The undersigned, counsel of record for Plaintiff, certifies that this brief contains 3,446 words, which complies with the word limit of L.R. 11-6.1.

Date: March 27, 2025

By: /s/ Trent Copeland
Trent Copeland