

ELLIS GEORGE LLP

April 4, 2025

**Ryan Q. Keech**
T +1 310 552 5070
F +1 310 552 5001

**Trent B. Copeland**
T +1 310 274 7100
F +1 310 275 5697

To the Honorable Special Master Michael Wilner:

Plaintiff Jacquelyn Lacey, in her individual capacity and as trustee of the D and J. Lacey Family Trust Dated November 23, 2016, respectfully submits this letter brief in support of addressing Informal Discovery Conference ("IDC") Nos. 9 and 10.

These IDCs pertain to (i) State Farm's unjustified withholding of at least 500 documents and communications on its privilege log and (ii) State Farm's harassing attempt to depose three of Plaintiffs' counsel of record in the present action in disregard of settled law.

By way of background, a recurring issue in this action concerns State Farm's pervasive "hiding of the ball" strategy, which is underscored by at least eight (8) informal discovery conferences with the Hon. Magistrate Judge Maria A. Audero (e.g., ECF 33, 40, 42, 45, 46, 48, and 49), including State Farm's violation of Judge Audero's discovery orders (e.g., ECF 40 and ECF 51), and several admonishments by the Court for State Farm to stop being unreasonable, stating, repeatedly, "**You are finding a way to not do things**" and, more specific to its lead counsel Ms. Jennifer Hoffman's conduct: "**You at every turn are trying to roadblock**." (ECF 40; stated by Judge Audero to Ms. Hoffman during November 5, 2024 IDC).

## I.    State Farm Is Withholding Relevant, Non-Privileged Material In its Privilege Log.

Plaintiff seeks to compel the disclosure of certain withheld / unredacted portions of State Farms' documents and supplement its privilege log. Although minor concessions were eventually made to remove specific "relevance" based redactions, the parties have reached an impasse on State Farm's privilege log, including its refusals to make a full and complete production of documents that are neither privileged, confidential, nor protected attorney work product.

For context, State Farm's privilege log identifies 519 redactions and documents, each uniformly withheld as: "legal communications, oversight, opinions and strategy involving litigation counsel." But the entries do not comport with the description. State Farm often fails to identify even a single attorney that was either (a) the author or contributor of the "privileged" documents; or (b) a party to an allegedly confidential communication with State Farm. State Farm has no basis to: (i) redact any documents authored by its own claims representatives, (ii) withhold documents that are part of the ordinary business activities of the insurer, (iii) assert attorney-client privilege to communications with its coverage counsel about litigation counsel and the strategies of litigation counsel; and (iv) withhold communications with panel counsel (Harry Safarian), whose fiduciary duty belongs to Plaintiff.

On October 18, 2024, Plaintiff's counsel took the time to prepare a 264-page meet and confer letter highlighting the pervasive deficiencies with each of State Farm's privilege log entries, including providing a detailed explanation as to why all non-meritorious privilege assertions should be withdrawn and all

responsive documents be produced.  A true and correct copy of my letter to State Farm's counsel, dated October 18, 2024, is attached hereto as **Exhibit A**

During a November 19, 2024 virtual meet and confer, which lasted approximately 1.5 hours, Plaintiff's counsel, Trent Copeland and Keian Vahedy, explained to Ms. Andrea Warren and Ms. Jennifer Hoffman *why* State Farm's copy-and-paste assertions of "legal communications, oversight, opinions and strategy involving litigation counsel" did not align the redactions within each referenced document, including the context for which these supposedly privileged statements were made.   In addition to the improper designation of ordinary entries in the insurer's claim file as "privileged," Plaintiff's counsel also identified many of the redactions and descriptions lack sufficient particularity to allow Plaintiff to fully evaluate whether the asserted privilege claims have even a modicum of merit. This is particularly striking as hundreds of entries – with corresponding claims of privilege – do not even appear to have any identifiable attorney affiliated with the communication.  Unfortunately, State Farm refused to meaningfully engage with these issues besides parroting the same copy-and-paste statements from its privilege log.

Notwithstanding the above, there remain several categories of issues that require the Court's attention:

***First***, the issue remains that the description for every entry in State Farm's privilege log is nearly the same: "***Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel***."  But this is a nonstarter.  The logged communications often do <u>not</u> include single attorney that was either the author or contributor of the "privileged" documents; or a party to an allegedly confidential communication.  This copy-and-paste assertion is also problematic because State Farm previously agreed that their redactions of "legal communications, oversight, opinions, and strategy" are supposed to be limited to lawyers who were representing Mr. and Mrs. Lacey.  However, opinion-based communications about how outside litigation counsel for the Laceys (i.e., Ellis George LLP and K&L Gates LLP) were conducting their law and motion practices cannot conceivably be considered a privileged communication.  Evid. Code § 954; *McAdam v. State Nat. Ins. Co.* 15 F.Supp. 3d 1009, 1014 (S.D. Cal. 2014).  Such communications (in order to be privileged) must include legal opinions formed and advice given in the course of that relationship.

In order for the attorney-client privilege to apply here, there must be a confidential communication between a client and an attorney, including, "a legal opinion formed and the advice given by the lawyer in the course of that [attorney-client] relationship." See Evid. Code §§ 952; 954.  The attorney work product privilege, in contrast, protects writings containing the "attorney's impressions, conclusions, opinions, or legal research, or theories." Code Civ. Proc. §2018.030(a). The descriptions contained in the privilege log often fail to identify even a single attorney that was either (a) the author or contributor of the "privileged" documents; or (b) a party to an allegedly confidential communication with State Farm.  In fact, the authors identified are not lawyers – but often claims representatives: Stacey Allman, James Dorozinsky, Nick Wireman, Chad Zimmerman, Nicole Priest, Dalton Holm, Jamie Johnson, Heath Hawsey, Wendy San Pedro, Tina Crawford, Susie Deason, Joyce Bray, Poppy Johnson, Pierre Brookins, Gary Roach, Richard J. Marks, Nicole Priest, Wendy Tate, Felicia Couch, Autumn Hallam, Shawna Townsend, Tony Nelson, Amy Strum, and Jeffrey Conarton – and their communications are internal.  And this blanket assertion of an "attorney-client communication is made worse with State Farm having identified the recipients of the communications as "State Farm Claim File," which is not even a person.  In short, State Farm has no basis to redact any documents authored by its own claims representatives, particularly when the basis of this bad faith action concerns State Farm's "oversight, opinions and strategy" – each of which prejudiced Plaintiffs' interests in the underlying action.  *See Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as a claims adjuster, claims process supervisor, or claims investigation "monitor," rather than as a legal advisor.)

Moreover, with regard to its assertion of work-product privilege – which it also asserts as a basis for its redactions – State Farm failed to even suggest a single legitimate basis for the assertion of this objection. This too is problematic. The law is clear that in the context of bad faith insurance claims, both ordinary and opinion work product protections are generally overcome. The insurer's claims file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue. And that is clearly the circumstance here. Accordingly, we request that State Farm immediately clarify the basis for the attorney-client and work product privileges asserted in these items (HO and PLUP productions), or produce the requested documents (without redaction) immediately.

**_Second_**, with regard to communications between State Farm's claims representatives and coverage counsel, there is also no basis for these documents to have been withheld unless such communications included the request or receipt of "legal advice." Any communications reflecting or containing coverage counsel's "impressions" or opinions of litigation counsel and/or litigation counsels' strategy are not privileged communications. And State Farm's assertion of privilege in this regard is also entirely without merit.

**_Third_**, documents reflecting claims investigation activities are not privileged and subject to discovery even if the activities were performed by outside coverage counsel. Here, State Farm has not provided sufficient information for Plaintiffs to even evaluate whether its coverage counsel (Amy Hulick) was engaged in anything other than "claims investigation activities," which appears to be the only conceivable basis for the communications given their context throughout the claim file. Nor is it clear from State Farm's privilege log whether coverage counsel's communications involved providing State Farm with legal advice – which does not appear to be the case given the voluminous entries in the claim file. Indeed, it is hard to imagine what legal advice State Farm could have been seeking from its coverage counsel day after day, as clearly reflected in the numerous assertions of privilege throughout the privilege log. What State Farm may not do, is to assert attorney-client privilege to communications with its coverage counsel that are contemporaneous communications *about* litigation counsel and the strategies of litigation counsel. Simply – and conveniently – asserting that the basis for State Farm's privilege assertion as arising out of "communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel and litigation counsel" is hardly enough to shield the communications. Again, State Farm has failed to provide even a modicum of information that would suggest that each of its communications with coverage counsel were in the pursuit of obtaining or receiving legal advice. *Costco Wholesale Corp. v. Superior Court,* 47 Cal.4th 725 (2009).

Since submitting these issues to the Court, the Hon. Magistrate Judge Maria A. Audero requested that Plaintiff provide a color-coded log based on the above stated categorical challenges. The color-coded log is attached hereto as **Exhibit B**. For ease of reference, Plaintiff has provided a legend at the bottom of each page to assist the Special Master in identifying the specific categories associated with Plaintiff's challenges.

Importantly, because there is significant overlap across many of the categorical challenges (*i.e.* entries lack information necessary to review propriety of privilege claim <u>and</u> which are also entries/documents created in the ordinary course of business) many categorical challenges also include color-coded purple dots at the margins to identify such overlap. Again, because of State Farm's expansive assertion of privilege, <u>all</u> entries also have purple dots - reflecting Plaintiffs challenge based on "lack of information necessary to review the propriety of the privilege claim" in addition to any other categorical challenge.

Finally, Plaintiff also attaches as **Exhibit C** for the Special Master's review, five (5) exemplars of actual documents - created by State Farm claims representatives - which State Farm has produced which provide a very clear and representative example of some of the redactions that Plaintiff's challenge.

II.    **State Farm's Attempt to Depose Three of Plaintiff's Counsel of Record Constitutes Undue Harassment and Is Unsupported as a Matter Law.**

There is no legitimate basis for any of the attorney depositions that State Farm is seeking of its opposing counsel

Under both California and federal law, depositions of opposing counsel are presumptively improper, heavily disfavored, and permitted only under rare circumstances. *See, e.g., Carehouse Convalescent Hosp. v. Superior Court*, 143 Cal. App. 4th 1558, 1560 (2006) ("Depositions of opposing counsel are presumptively improper, severely restricted, and require 'extremely' good cause—a high standard. There are strong policy considerations against deposing an opposing counsel."). Such depositions are potentially appropriate only where the party seeking the deposition satisfies each of three independent factors: "First, does the proponent have other practicable means to obtain the information? Second, is the information crucial to the preparation of the case? Third, is the information subject to a privilege? Each of these prongs poses an independent hurdle to deposing an adversary's counsel; any one of them may be sufficient to defeat the attempted attorney deposition.") (Id. at 1563 (citing *Spectra-Physics, Inc. v. Superior Court*, 198 Cal. App. 3d 1487, 1494-95 (1988)); *see also Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (noting strong policy reasons to deny depositions of opposing counsel and holding that such depositions are "limited to where the party seeking to take the deposition has shown that (1) no other means exist to obtain the information than to depose opposing counsel [citation]; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case."); *Estate of Ruchti*, 12 Cal. App. 4th 1593, 1601-02 (1993) (affirming award of sanctions against party seeking to take opposing counsel's deposition).

The basis State Farm provided during the parties' meet and confer efforts in November 2024 is that plaintiff is seeking to recover attorneys' fees incurred in the underlying action and therefore are subject to deposition. But as Plaintiff's counsel have explained, Plaintiff's position is that this is insufficient to satisfy the three-factor test articulated in *Carehouse*, *Shelton* and similar cases, particularly given that State Farm has all of the invoices pertaining to the underlying fees, and that cases cited by State Farm, *i.e.*, *Kreiger* from the Southern District, although factually distinguishable on various grounds, confirms that the three-factor test is applicable in this circumstance.

Additionally, multiple California federal courts have held that the <u>availability of attorney's fee invoices provides the insurer with sufficient information about the nature of the fees sought</u>, such that a deposition of the corresponding attorneys is inappropriate under the first of the three factors (which alone is sufficient to deny the depositions, before even reaching the other factors). *See, e.g., Riverbank Holding Co LLC v. New Hampshire Ins. Co.*, No. 11-2681, 2012 WL 4748047, at *5 (E.D. Cal. Oct. 3, 2012) ("[D]efendant has failed to show that no other means exist to obtain this information, or that deposing counsel would provide crucial information not already produced. Invoices of the legal fees at issue have already been produced to defendants and they include detailed descriptions of the work performed as it relates to the specific claims at issue. Further, defendant's interrogatories addressed the breakdown of legal fees by claim and plaintiff provided detailed answers pointing defendant to specific documents containing the requested information or explaining why it did not exist. It is hard to see what more counsel for Riverbank could provide in a deposition."); *Foremost Ins. Co. v. Enriquez*, No. 13-1604, 2015 WL 11578510, at *3 (S.D. Cal. Mar. 26, 2015) (denying insurer's attempt to depose opposing counsel with respect to attorneys' fees at issue, where invoices were available to insurer); *see also Bostick v. Atlantic Mut. Ins. Co.*, No. 04-9210, 2008 WL 11338091, at *3 (C.D. Cal. Jan. 16, 2008) (denying insurer's attempt to depose opposing counsel regarding underlying action and observing that "the concerns of the court in Shelton (see 805 F.2d at 1327)—the potential for abuse inherent in deposing an opponent's attorney, including a disruption of the adversarial

system and detracting from the quality of client representation—are just as valid whether the information to be elicited concerns this or previous litigation").

In response to the above stated authority, State Farm's counsel attempted to alter course and, on November 12, 2024, stated that the depositions are instead needed to investigate "the fees claimed and the conduct of the underlying action." This includes the purported allegation that Mr. Keech and Mr. Copeland "negotiated the settlement on [the Estate's] behalf," "participated in the mediation," and "to our knowledge, drafted and negotiated the settlement agreement." Ms. Asfour responded that none of these claims are true.

Neither Mr. Keech nor Mr. Copeland negotiated any of the core terms of the settlement, including the payment amount and terms of payment. Nor were they party to any such discussions during the mediation. Rather, it is our understanding that those terms were negotiated by Mr. Safarian (State Farm's panel counsel) and Mr. Douglas (plaintiffs' counsel in the underlying action) who eventually reached agreement on same, all without any involvement by Mr. Keech, Mr. Copeland, Mr. Vahedy, or any other personnel from either of their firms. It was only after the monetary terms of the settlement were already agreed upon that anyone at Ellis George or K&L Gates had any hand in preparing the settlement agreement, and all of that subsequent involvement is reflected in the written communications between the parties, which State Farm already has.

To rebut Plaintiffs' reliance on *Shelton*, State Farm cited exactly one decision from the Central District of California, the (unpublished) case of *A.A. v. County of Riverside*, No. 14-2556, 2016 WL 11953845 (C.D. Cal. Aug. 8, 2016). But it is hard to imagine a case that is more distinguishable from the present circumstances. First and foremost, the *A.A.* case did not even involve an attempt to depose opposing litigation counsel—rather, the plaintiff there was seeking to depose an in-house lawyer who worked for the County, and who had no involvement in the pending litigation. *See id.* at *3. For this reason, alone, the case is inapposite. Indeed, on this very basis, the *A.A.* court distinguished its own case from the facts of *American Casualty Co. v. Krieger*, 160 F.R.D. 582 (S.D. Cal. 1995), a decision which did apply the *Shelton* analysis—and which, like our case here, involved an insurer's attempt to depose opposing counsel due to their representation of the insured in underlying litigation. Moreover, the facts and issues in *A.A.* on which the plaintiff sought to depose the in-house lawyer were of an entirely different character and significance than State Farm's purported justification here. The plaintiff in *A.A.* was a minor who "claims she was unlawfully seized without a warrant from her mother by defendant County's Department of Public Social Services ('DPSS') in February 2013, shortly after she was born," and "seeks to bring a class action on behalf of herself and other children similarly seized unlawfully by DPSS." The in-house lawyer whom plaintiff sought to depose had "administered training to DPSS social workers in 2011 regarding the County's new 'policy for obtaining warrants before removing children from the custody of their parent(s).'" *Id.* at 5, 21. The facts in this case are far different. The other unpublished, out-of-district decisions State Farm cites are similarly distinguishable and inapposite (not a single one involved an insurer seeking to depose underlying defense counsel in a coverage action), and in any event are not controlling law in this district, or anywhere else.

By contrast, Plaintiff has and continues to cite decisions from the Central District, and other federal district courts in California, that involve essentially the same scenario now at issue—an insurer seeking to depose opposing counsel in a coverage action, purportedly due to their representation of the insured in prior underlying litigation—all of which post-date *Pamida* but nonetheless applied the three-factor analysis, and all of which State Farm simply disregards. See, e.g., *Bostick v. Atlantic Mut. Ins. Co.*, No. 04-9210, 2008 WL 11338091, at *3 (C.D. Cal. Jan. 16, 2008) (denying insurer's attempt to depose opposing counsel regarding underlying action and observing that "the potential for abuse inherent in deposing an opponent's attorney, including a disruption of the adversarial system and detracting from the quality of client representation—**are just as valid whether the information to be elicited concerns this or previous litigation**") (emphasis added); *Riverbank Holding Co LLC v. New Hampshire Ins. Co.*, No. 11-2681, 2012

WL 4748047, at *5 (E.D. Cal. Oct. 3, 2012) (denying insurer's attempt to depose underlying defense counsel in coverage action*); Foremost Ins. Co. v. Enriquez*, No. 13-1604, 2015 WL 11578510, at *3 (S.D. Cal. Mar. 26, 2015) (same); *Fidelity & Guaranty Life Ins. Co. v. Albertson*, No. 07-0045, 2009 WL 10672060, at *2 (S.D. Cal. Jan. 5, 2009) (same); see also *Creighton v. Allstate Northbrook Indemn. Co*., No. 20-0243, 2021 WL 698203, at *2 (S.D. Cal. Jan. 25, 2021).

In sum, it is readily apparent that both California state law and the overwhelming weight of relevant authority among the California district courts make clear that State Farm's attempt to depose Messrs. Keech, Copeland, and Vahedy is presumptively improper and must satisfy the rigorous three-factor test in order to proceed, which State Farm cannot do.

Moreover, Plaintiff disputes the characterization of the claims and issues pending in this case set forth in State Farm's IDC papers. As just one example, regarding Plaintiff's claim for breach of the duty to defend David Lacey: as State Farm is well aware, the insurer refused to defend Mr. Lacey throughout the earlier stages of the underlying action, despite his express and repeated demand that it do so. State Farm only belatedly agreed to defend David Lacey (subject to a reservation of rights) many months into the case, and after the underlying complaint had been amended twice—and only on a prospective basis, refusing to pay anything at all toward his defense fees and costs incurred thus far. The Hoffman Declaration, originally submitted with its IDC papers, however, asserts that State Farm "timely accepted Mr. Lacey's defense following the tender of the Second Amended Complaint," suggesting that Mr. Lacey only "tendered" his defense with the Second Amended Complaint—and completely ignoring the insurer's prior refusal to defend David Lacey, which is at the core of Plaintiff's claims in this action, as is clear from the complaint. Plaintiff likewise maintains that many of State Farm's other contentions that Ms. Hoffman summarizes are faulty, factually and legally.

Plaintiff remains of the view that State Farm has no legitimate basis for insisting upon depositions of opposing counsel. State Farm's insistence in this regard is legally baseless, unduly burdensome, oppressive, harassing, improperly motivated, and in violation of Rule 1 of the FRCP, among other authorities.

We appreciate your attention to these matters and look forward to your guidance in resolving these discovery disputes promptly. Should you require any additional information or documentation, please do not hesitate to contact me directly.

Thank you for your consideration.

Ryan Q. Keech                                    Trent B. Copeland
K&L GATES                                        ELLIS GEORGE LLP

# EXHIBIT A

# ELLIS GEORGE LLP

Ellis George LLP
2121 Avenue of the Stars, 30th Floor
Los Angeles, CA 90067

Trent Copeland
424.202.5548
tcopeland@ellisgeorge.com

October 18, 2024

**Via E-Mail**

Jennifer Hoffman
Sheppard Mullin
333 South Hope Street, 43rd Floor
Los Angeles, CA  90071

      Re:    *Jackie Lacey v. State Farm General Insurance Co*.
            U.S.D.C. Central District Case No.: 2:24-cv-05205-FMO-MAA
            State Farm's Withheld Documents from Disclosure

Dear Ms. Hoffman:

      Pursuant to Local Rule 45 of the United States District Court for the Central District of
California, this correspondence will serve as Plaintiffs' further attempt to meet and confer
regarding Defendant State Farm's ongoing deficiencies with its privilege log.

      As you will recall, issues relative to State Farm's privilege log are ongoing and pervasive.
In fact, with regard to the privilege provided on October 2, 2024, State Farm identifies **519**
redactions and documents from its claim file, purportedly withheld based on either attorney-
client or work product privilege.  Aside from the blatant and improper designation of ordinary
entries in the insurer's claim file as "privileged" many of the redactions and descriptions lack
sufficient particularity to allow Plaintiffs to fully evaluate whether the asserted privilege claims
have even a modicum of merit.  This is particularly striking as <u>hundreds</u> of entries – with
corresponding claims of privilege – do not even appear to have any identifiable attorney
affiliated with the communication.  The assertion of "privilege," given the nature and content of
these communications is entirely improper and represents an egregious abuse of the discovery
process.  Indeed, it is hard to imagine that any ethical attorney could reasonably have asserted
privilege given the descriptions of the communications contained within these documents—and
then to have repeated the baseless privilege contention 519 times.

      As you know, our offices we previously met and conferred on this same matter on
September 5, 2024, at which time your office conceded there were issues with the *Safarian*
withheld documents and you agreed to (i) supplement by withdrawing attorney-work product
objections, (ii) revise/correct "typos" concerning dates, and (iii) provide more specificity
regarding the basis supporting any asserted claims of privilege.  Now, in receipt of State Farm's
log dated October 2, 2024, State Farm has appeared to double-down on its meritless claims of
privilege by asserting either attorney-client privilege or work-product privilege to virtually the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 2

entire claims file.  Given such an expansive assertion of privilege over documents clearly created in the ordinary course of business – ranging from October 2020 to August 2024 – State Farm must have presumed that Plaintiffs would not (or could not) conduct a timely review of the entries before the close of discovery.  If that was their gamble, they bet wrong.  We have conducted such a review as to each of the 519 entries and we provide the basis for our objections as follows:

     *First*, in violation of California Code of Civil Procedure section 2031.240(c)(1), State Farm fails to set forth sufficient information to allow Plaintiffs to evaluate the merits of any claims of privilege.  See Code Civ. Proc. § 2031.240(c)(1).  The description for every entry is nearly the same: "***Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel***."  In order for the attorney-client privilege to apply here, there must be a confidential communication between a client and an attorney, including, "a legal opinion formed and the advice given by the lawyer in the course of that [attorney-client] relationship."  *See* Evid. Code §§ 952; 954. The attorney work product privilege, in contrast, protects writings containing the "attorney's impressions, conclusions, opinions, or legal research, or theories."  Code Civ. Proc. §2018.030(a).  The descriptions contained in the privilege log often fail to identify even a single *attorney* that was either (a) the author or contributor of the "privileged" documents; or (b) a party to an allegedly confidential communication with State Farm.  In fact, the authors identified are often claims representatives: Stacey Allman, James Dorozinsky, Nick Wireman, Chad Zimmerman, Nicole Priest, Dalton Holm, Jamie Johnson, Heath Hawsey, Wendy San Pedro, Tina Crawford, Susie Deason, Joyce Bray, Poppy Johnson, Pierre Brookins, Gary Roach, Richard J. Marks, Nicole Priest, Wendy Tate, Felicia Couch, Autumn Hallam, Shawna Townsend, Tony Nelson, Amy Strum, and Jeffrey Conarton – and their communications are internal.  To be sure, the identified recipients are "State Farm Claim File," which I think we all will agree is not even a person.

     In short, State Farm has no basis to redact any documents authored by its own claims representatives, particularly when the basis of this bad faith action concerns State Farm's "oversight, opinions and strategy" – each of which prejudiced Plaintiffs' interests in the underlying action.  We request that State Farm immediately clarify the basis for the attorney-client and work product privileges asserted in these 500+ items, or produce the requested documents (without redaction) immediately.  Alternatively, we will seek a Special Master to conduct an *in camera* review of the documents to determine whether there is any true legal basis to the documents being redacted or withheld.

     *Second*, with regard to communications between State Farm's claims representatives and coverage counsel, there is also no basis for these documents to have been withheld unless such communications included the request or receipt of "legal advice."  Any communications reflecting or containing  coverage counsel's "impressions" or opinions of litigation counsel

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 3

and/or litigation counsels' strategy are not a privileged communications. And State Farm's assertion of privilege in this regard is also entirely without merit.

*Third*, with regard to State Farm's communications with panel counsel (Harry Safarian), State Farm's stated position is that The Estate (through Mrs. Lacey) is not entitled to those communications. Specifically, your August 22, 2024 letter asserts that no attorney-client relationship existed between The Estate and panel counsel because Mr. Safarian "was acting as monitoring counsel regarding the defense of The Estate of David Lacey." As legal support for this position, you offer the case of *Canton Poultry & Deli, Inc. v. Stockwell, Harris, Widom & Woolverton*, (2003) 109 Cal.App.4th 1219. But this case is easily distinguishable and, to the extent there are some factual similarities, *Canton* supports the **disclosure** of the communications and not the withholding of same. To be clear, the *Canton* court ruled where the employer had been dismissed from the lawsuit and the case proceeded solely against the employer's insurer, the employer had no reasonable basis to believe that it still had an attorney-client relationship with the attorney retained by the insurer. These facts diverge in critical ways from the present case: (1) State Farm has never been a party to the action – and indeed it disputes even owing a coverage; (2) Safarian specifically communicated to The Estate (through Mrs. Lacey) that he had been retained (and ordered) by State Farm to represent The Estate; (3) Safarian inserted himself into strategic communications between litigation (Cumis) counsel and demanded access to work product. These are all verifiable facts – and State Farm is clearly aware of this. And so to the extent that State Farm has cited *Canton* as support for its position, it omits the court's clear language stating "**where circumstances indicate that an insured might be misled as to the extent of an attorney's representation of the insured, if any, the attorney has the duty to make it clear to the insured that he represents only the [insurance] company**". ("Intent and conduct are critical to the formation of an attorney-client relationship) [Citations]. Here, Mr. Safarian did make his representation very clear – he was representing The Estate and he was not going to be deterred from doing so. And on that point, the factual record is also clear. Again, given the facts and pertinent law, State Farm has no basis to withhold or redact any portion of its communications with Mr. Safarian during the period he purportedly "represented" The Estate.

The following details Plaintiffs' objections and legal basis for the assertion of such objections to each and every improper withheld or redacted communication

**Safarian Subpoena Duces Tecum**

    Withheld/Redacted Communications That Are Not Attorney-Client Privileged

-    *Discussions Between Safarian/Karayan and State Farm Claims Department Personnel*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 4

o **3/20/2024** – email communications with monitoring counsel regarding the remaining claims in the Abdullah Action.

Basis for Objection:  (1) Safarian was—and has never been—counsel *for* State Farm, therefore no attorney-client privilege exists; (2) Even if such attorney-client-privilege existed, the privilege protects confidential communications between an attorney and their client made for the purpose of obtaining or providing legal advice.  This privilege does not extend to documents that are part of the ordinary business activities of the insurer, such as claims adjustment or investigation, and monitoring, <u>even</u> if an attorney is involved in these activities or communications.  *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor, or claims investigation "<u>monitor</u>," rather than as a legal advisor.

o **3/29/2024** – email communications with monitoring counsel regarding the remaining claims in the Abdullah Action.

Basis for Objection:  (1) Safarian was—and has never been—counsel *for* State Farm, therefore no attorney-client privilege exists; (2) Even if such attorney-client-privilege existed, the privilege protects confidential communications between an attorney and their client made for the purpose of obtaining or providing legal advice.  This privilege does not extend to documents that are part of the ordinary business activities of the insurer, such as claims adjustment or investigation, and monitoring, <u>even</u> if an attorney is involved in these activities or communications.  *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor, or claims investigation "<u>monitor</u>," rather than as a legal advisor.

o **7/20/2023** – email communications with monitoring counsel (includes Karayan) regarding the remaining claims in the Abdullah Action.

Basis for Objection:  (1) Safarian was—and has never been—counsel *for* State Farm, therefore no attorney-client privilege exists; (2) Even if such attorney-client-privilege existed, the privilege protects confidential communications between an attorney and their client made for the purpose of obtaining or providing legal advice.  This privilege does not extend to

Jennifer Hoffman
October 18, 2024
Page 5

documents that are part of the ordinary business activities of the insurer, such
as claims adjustment or investigation, and monitoring, <u>even if</u> an attorney is
involved in these activities or communications.  *See*, *Nei v. Travelers Home
and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does <u>not</u> apply when an attorney acts as a claims
adjuster, claims process supervisor, or claims investigation "<u>monitor</u>," rather
than as a legal advisor.

o **7/20/2023** – email communications with monitoring counsel regarding the
remaining claims in the Abdullah Action.

Basis for Objection:  (1) Safarian (and his associate Karayan) was—and has
never been—counsel ***for*** State Farm, therefore no attorney-client privilege
exists; (2) Even if such attorney-client-privilege existed, the privilege
protects confidential communications between an attorney and their client
made for the purpose of obtaining or providing legal advice.  This privilege
does not extend to documents that are part of the ordinary business activities
of the insurer, such as claims adjustment or investigation, and monitoring,
<u>even if</u> an attorney is involved in these activities or communications.  *See*,
*Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018)
(The court noted that the attorney-client privilege does <u>not</u> apply when an
attorney acts as a claims adjuster, claims process supervisor, or claims
investigation "<u>monitor</u>," rather than as a legal advisor.

o **7/26/2023** – email communications with monitoring counsel regarding the
remaining claims in the Abdullah Action.

Basis for Objection:  (1) Safarian was—and has never been—counsel ***for***
State Farm, therefore no attorney-client privilege exists; (2) Even if such
attorney-client-privilege existed, the privilege protects confidential
communications between an attorney and their client made for the purpose of
obtaining or providing legal advice.  This privilege does not extend to
documents that are part of the ordinary business activities of the insurer, such
as claims adjustment or investigation, and monitoring, <u>even if</u> an attorney is
involved in these activities or communications.  *See*, *Nei v. Travelers Home
and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does <u>not</u> apply when an attorney acts as a claims
adjuster, claims process supervisor, or claims investigation "<u>monitor</u>," rather
than as a legal advisor.

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 6

**State Farm Claim File (HO)**

<u>Withheld/Redacted Communications That Are Not Attorney-Client or Work Product Privileged</u>

- o SF-CF (HO) 000016, 18-20, 25-27, 120, 127-128, 172, 222, 236, 266, 625 (Various Dates)

  <u>Basis for Objection</u>: (a) Any purported "confidentiality" of these documents can be maintained with an agreed Protective Order; (2) Rule 26(b)(1) states that discovery can be obtained for any non-privileged matter that is relevant to a party's claim.

- o SF-CF (HO) 000033, 384, 444 – 8/5/2024

  <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (*i.e.*, counsel for The Estate) is not an attorney-client privileged communication.

- o SF-CF (HO) 000039, 384, 444 – 8/2/2024

  <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or

Eʟʟɪs Gᴇᴏʀɢᴇ ʟʟᴘ

Jennifer Hoffman
October 18, 2024
Page 7

claims investigation "monitor" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o  -CF (HO) 000039, 384, 445 – 8/2/2024

Basis for Objection:  (1) James Dorozinsky (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "monitor" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o  SF-CF (HO) 000039, 384, 445 – 6/26/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*,

Jennifer Hoffman
October 18, 2024
Page 8

> *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o SF-CH (HO) 000039-40 – 6/11/2024

> <u>Basis for Objection</u>: (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o SF-CH (HO) 000040 – 6/11/2024

> <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 9

    o   SF-CF (HO) 000040 – 5/31/2024

        <u>Basis for Objection</u>:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

    o   SF-CF (HO) 000040 – 5/30/2024

        <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

    o   SF-CF (HO) 000040, 385, 446 – 5/28/2024

        <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 10

to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 000041 – 5/22/2024

<u>Basis for Objection</u>:  (1) Amy Strum (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 000041 – 5/20/2024

<u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not—

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 11

State Farm's privilege log concedes that the notes were "post litigation."
Further, the "opinions" and "oversight" made by an unidentified attorney in
connection with the activities of litigation counsel (i.e., counsel for The
Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 000041, 386, 447 – 5/17/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 000041-42, 373, 431 – 5/3/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"

Jennifer Hoffman
October 18, 2024
Page 12

"strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000042, 386, 447 – 4/12/2024

  <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000043 – 4/5/2024

  <u>Basis for Objection</u>:  (1) Niclole[*sic*] Priest (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 13

to have been prepared for the purpose of obtaining or providing legal advice;
*See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o    SF-CF (HO) 000043, 373 – 4/4/2024

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
    attorney, nor is the note a communication by or between an attorney—this is
    not an attorney-client communication.  Instead, it appears to be a note to the
    file prepared in the ordinary course of business; (2) nor does the note appear
    to have been prepared for the purpose of obtaining or providing legal advice;
    *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
    (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
    when an attorney acts as claims adjuster, claims process supervisor, or claim
    investigation "monitor" rather than legal advisor; (3) nor does the note even
    identify the attorney from whom the purported "legal communications,"
    "strategy" originates from; (4) nor is this communication protected under the
    work-product privilege.  The creation of notes or documents during the
    claims process is part of the ordinary course of business and <u>not</u> protected by
    the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
    *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
    also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
    652 (2018) (Both ordinary and opinion work product protections are
    generally overcome.  The insurer's claim file, which reflects a unique,
    contemporaneous record of the handling of the claim, is often directly at
    issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 14

o   SF-CF (HO) 000043 – 4/4/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000043, 432 – 4/4/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 15

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000043-44 – 4/4/2024

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000044, 386, 447 – 4/1/2024

> <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 16

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000045-46 – 3/25/2024

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000046-387, 448 – 3/25/2024

   <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

2472509

Jennifer Hoffman
October 18, 2024
Page 17

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000046-47 – 3/22/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

Jennifer Hoffman
October 18, 2024
Page 18

           contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000047-48 – 3/20/2024

      <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000048 – 3/12/2024

      <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 19

claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o    SF-CF (HO) 000048 – 3/12/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o    SF-CF (HO) 000048-49, 432 – 3/11/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

Jennifer Hoffman
October 18, 2024
Page 20

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 000049-50 – 1/31/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 21

     o   SF-CF (HO) 000050-51, 374, 433 – 1/29/2024

        <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

     o   SF-CF (HO) 000051 – 1/29/2024

        <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 22

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o  SF-CF (HO) 000051, 387, 448 – 1/25/2024

  > <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o  SF-CF (HO) 000051-52 – 1/25/2024

  > <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 23

identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 000052, 433 – 1/23/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication. Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 0000552, 387, 448 – 1/22/2024

<u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication. Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 24

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000052 – 12/13/2023

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 25

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000052 – 12/8/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000052 – 11/3/2023

Basis for Objection:  (1) Dalton Holm (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 26

claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 000052-53 – 10/18/2023

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
    attorney, nor is the note a communication by or between an attorney—this is
    not an attorney-client communication.  Instead, it appears to be a note to the
    file prepared in the ordinary course of business; (2) nor does the note appear
    to have been prepared for the purpose of obtaining or providing legal advice;
    *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
    (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
    when an attorney acts as claims adjuster, claims process supervisor, or claim
    investigation "monitor" rather than legal advisor; (3) nor does the note even
    identify the attorney from whom the purported "legal communications,"
    "strategy" originates from; (4) nor is this communication protected under the
    work-product privilege.  The creation of notes or documents during the
    claims process is part of the ordinary course of business and <u>not</u> protected by
    the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
    *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
    also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
    652 (2018) (Both ordinary and opinion work product protections are
    generally overcome.  The insurer's claim file, which reflects a unique,
    contemporaneous record of the handling of the claim, is often directly at
    issue in the context of bad faith.)

o   SF-CF (HO) 000053, 387, 448 – 10/4/2023

    <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an
    attorney, nor is the note a communication by or between an attorney—this is
    not an attorney-client communication.  Instead, it appears to be a note to the
    file prepared in the ordinary course of business; (2) nor does the note appear
    to have been prepared for the purpose of obtaining or providing legal advice;
    *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 27

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 000053 – 10/4/2023

<u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 28

     o   SF-CF (HO) 000053, 387, 448 – 10/4/2023

        <u>Basis for Objection</u>: (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

     o   SF-CF (HO) 000053 – 10/4/2023

        <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 29

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

    o   SF-CF (HO) 000053-54 – 10/4/2023

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even
> identify the attorney from whom the purported "legal communications,"
> "strategy" originates from; (4) nor is this communication protected under the
> work-product privilege.  The creation of notes or documents during the
> claims process is part of the ordinary course of business and <u>not</u> protected by
> the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
> *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
> also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

    o   SF-CF (HO) 000054 – 8/29/2023

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 30

identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 000054, 388, 449 – 8/29/2023

   <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an
   attorney, nor is the note a communication by or between an attorney—this is
   not an attorney-client communication.  Instead, it appears to be a note to the
   file prepared in the ordinary course of business; (2) nor does the note appear
   to have been prepared for the purpose of obtaining or providing legal advice;
   *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
   (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
   when an attorney acts as claims adjuster, claims process supervisor, or claim
   investigation "monitor" rather than legal advisor; (3) nor does the note even
   identify the attorney from whom the purported "legal communications,"
   "strategy" originates from; (4) nor is this communication protected under the
   work-product privilege.  The creation of notes or documents during the
   claims process is part of the ordinary course of business and <u>not</u> protected by
   the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
   *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
   also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
   652 (2018) (Both ordinary and opinion work product protections are
   generally overcome.  The insurer's claim file, which reflects a unique,
   contemporaneous record of the handling of the claim, is often directly at
   issue in the context of bad faith.)

o   SF-CF (HO) 000054, 388, 449 – 8/28/2023

   <u>Basis for Objection</u>:  (1) Jamie Johnson (author) of claim note is not an
   attorney, nor is the note a communication by or between an attorney—this is
   not an attorney-client communication.  Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 31

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000054, 388, 499 – 8/28/2023

Basis for Objection: (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 32

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000054-55 – 8/28/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000055 – 8/1/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

E**LLIS** G**EORGE** LLP

Jennifer Hoffman
October 18, 2024
Page 33

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 000055 – 7/31/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) – 000055, 388, 449 – 7/27/2023

<u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 34

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000056 – 7/27/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

Jennifer Hoffman
October 18, 2024
Page 35

- ○ SF-CF (HO) 000056 – 7/26/2023

  <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 000056, 388, 449 – 7/20/2023

  <u>Basis for Objection</u>:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 36

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

- o  SF-CF (HO) 000056-57 – 7/20/2023

  > <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
  > attorney, nor is the note a communication by or between an attorney—this is
  > not an attorney-client communication.  Instead, it appears to be a note to the
  > file prepared in the ordinary course of business; (2) nor does the note appear
  > to have been prepared for the purpose of obtaining or providing legal advice;
  > *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
  > (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
  > when an attorney acts as claims adjuster, claims process supervisor, or claim
  > investigation "monitor" rather than legal advisor; (3) nor does the note even
  > identify the attorney from whom the purported "legal communications,"
  > "strategy" originates from; (4) nor is this communication protected under the
  > work-product privilege.  The creation of notes or documents during the
  > claims process is part of the ordinary course of business and <u>not</u> protected by
  > the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
  > *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*
  > *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
  > 652 (2018) (Both ordinary and opinion work product protections are
  > generally overcome.  The insurer's claim file, which reflects a unique,
  > contemporaneous record of the handling of the claim, is often directly at
  > issue in the context of bad faith.)

- o  SF-CF (HO) 000057, 388-389, 450 – 7/20/2023

  > <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an
  > attorney, nor is the note a communication by or between an attorney—this is
  > not an attorney-client communication.  Instead, it appears to be a note to the
  > file prepared in the ordinary course of business; (2) nor does the note appear
  > to have been prepared for the purpose of obtaining or providing legal advice;
  > *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
  > (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
  > when an attorney acts as claims adjuster, claims process supervisor, or claim
  > investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 37

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000057 – 7/20/2023

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000057-58 – 7/20/2023

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 38

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000058 – 7/18/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

2472509

Jennifer Hoffman
October 18, 2024
Page 39

> contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 000059 – 7/3/2023

  Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 000061 – 6/27/2023

  Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 40

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000069-70, 389-390, 451 – 2/17/2023

   <u>Basis for Objection</u>:  (1) Heath Hawsey (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000070 – 2/17/2023

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 41

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000070 – 2/13/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 42

- ○ SF-CF (HO) 000070 – 2/8/2023

   <u>Basis for Objection</u>:  (1) Heath Hawsey (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 000070-71 – 2/8/2023

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 43

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000071 – 2/8/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000071 – 2/7/2023

Basis for Objection:  (1) Heath Hawsey (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

Jennifer Hoffman
October 18, 2024
Page 44

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000071 – 2/7/2023

<u>Basis for Objection</u>:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000071-72 – 2/7/2023

<u>Basis for Objection</u>:  (1) Heath Hawsey (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 45

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000072 – 2/7/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 46

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 000073 – 2/2/2023

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 000073

   <u>Basis for Objection</u>:  (1) Wendy San Pedro (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 47

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000074 – 1/31/2023

   <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000076 – 1/26/2023

   <u>Basis for Objection</u>: (1) Heath Hawsey (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 48

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000076-77 – 1/24/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 49

     ○  SF-CF (HO) 000091, 382, 442 – 1/24/2022

            <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

     ○  SF-CF (HO) 000092 – 10/26/2021

            <u>Basis for Objection</u>:  (1) Tina Crawford (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 50

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 000092 – 10/25/2021

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 000093 – 10/22/2021

  > <u>Basis for Objection</u>: (1) Tina Crawford (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 51

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00094 – 10/15/2021

    <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00094 – 9/28/2021

    <u>Basis for Objection</u>: (1) Susie Deason (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 52

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00095 – 9/20/2021

Basis for Objection: (1) Tina Crawford (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 53

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○  SF-CF (HO) 00095 – 9/14/2021

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○  SF-CF (HO) 00095 – 9/1/2021

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Ellis George llp

Jennifer Hoffman
October 18, 2024
Page 54

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00095-00096 – 8/18/2021

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00096-00097 – 8/12/2021

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 55

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00097 – 7/28/2021

Basis for Objection:  (1) Susie Deason (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 56

    o   **SF-CF (HO) 00097 – 7/28/2021**

        <u>Basis for Objection</u>:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   **SF-CF (HO) 00098 – 7/27/2021**

        <u>Basis for Objection</u>:  (1) Susie Deason (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 57

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00098 – 7/9/2021

Basis for Objection: (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication. Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00098 – 7/9/2021

Basis for Objection: (1) Joyce Bray (author) of claim note is not an attorney,
nor is the note a communication by or between an attorney—this is not an
attorney-client communication. Instead, it appears to be a note to the file
prepared in the ordinary course of business; (2) nor does the note appear to
have been prepared for the purpose of obtaining or providing legal advice;
*See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even

Jennifer Hoffman
October 18, 2024
Page 58

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00098 – 7/7/2021

   <u>Basis for Objection</u>:  (1) Poppy Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00098-00099 – 7/7/2021

   <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 59

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00099 – 7/1/2021

<u>Basis for Objection</u>:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

Jennifer Hoffman
October 18, 2024
Page 60

        contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○  SF-CF (HO) 00099-00100 – 6/30/2021

      <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○  SF-CF (HO) 00100-00101, 391, 452 – 6/28/2021

      <u>Basis for Objection</u>:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 61

> claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00101, 382-383, 443 – 6/7/2021

> <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 6/7/2021 00101 – 6/7/2021

> <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 62

        (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00102, 392, 453 – 5/5/2021

        <u>Basis for Objection</u>:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 63

    o   SF-CF (HO) 00102 – 5/4/2021

         <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   SF-CF (HO) 00102 – 5/3/2021

         <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 64

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 00102 – 5/4/2021

  > <u>Basis for Objection</u>:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 00104 – 2/23/2021

  > <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 65

identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00104, 392-393, 454 – 2/23/2021

    <u>Basis for Objection</u>:  (1) Joyce Bray (author) of claim note is not an attorney,
    nor is the note a communication by or between an attorney—this is not an
    attorney-client communication.  Instead, it appears to be a note to the file
    prepared in the ordinary course of business; (2) nor does the note appear to
    have been prepared for the purpose of obtaining or providing legal advice;
    *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
    (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
    when an attorney acts as claims adjuster, claims process supervisor, or claim
    investigation "monitor" rather than legal advisor; (3) nor does the note even
    identify the attorney from whom the purported "legal communications,"
    "strategy" originates from; (4) nor is this communication protected under the
    work-product privilege.  The creation of notes or documents during the
    claims process is part of the ordinary course of business and <u>not</u> protected by
    the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
    *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
    also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
    652 (2018) (Both ordinary and opinion work product protections are
    generally overcome.  The insurer's claim file, which reflects a unique,
    contemporaneous record of the handling of the claim, is often directly at
    issue in the context of bad faith.)

o   SF-CF (HO) 00104 – 2/22/2021

    <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an
    attorney, nor is the note a communication by or between an attorney—this is
    not an attorney-client communication.  Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 66

file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00104-0105, 393, 454 – 2/18/2021

   <u>Basis for Objection</u>:  (1) Joyce Bray (author) of claim note is not an attorney,
   nor is the note a communication by or between an attorney—this is not an
   attorney-client communication.  Instead, it appears to be a note to the file
   prepared in the ordinary course of business; (2) nor does the note appear to
   have been prepared for the purpose of obtaining or providing legal advice;
   *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
   (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
   when an attorney acts as claims adjuster, claims process supervisor, or claim
   investigation "monitor" rather than legal advisor; (3) nor does the note even
   identify the attorney from whom the purported "legal communications,"
   "strategy" originates from; (4) nor is this communication protected under the
   work-product privilege.  The creation of notes or documents during the
   claims process is part of the ordinary course of business and <u>not</u> protected by
   the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
   *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
   also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
   652 (2018) (Both ordinary and opinion work product protections are
   generally overcome.  The insurer's claim file, which reflects a unique,

Jennifer Hoffman
October 18, 2024
Page 67

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00105 – 2/17/2021

Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00105, 393, 454 – 2/8/2021

Basis for Objection:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 68

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00105 – 2/5/2021

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00109 – 11/13/2020

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 69

     (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

 o SF-CF (HO) 00109 – 11/11/2020

   <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 70

    o   **SF-CF (HO) 00109 – 11/3/2020**

        <u>Basis for Objection</u>:  (1) Gary Roach (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   **SF-CF (HO) 000109-110 – 11/2/2020**

        <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 71

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00110-111, 383, 444 – 11/2/2020

> <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00111 – 11/2/2020

> <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

2472509

Jennifer Hoffman
October 18, 2024
Page 72

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00111 – 10/31/2020

  <u>Basis for Objection</u>:  (1) Richard J. Marks (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00114 – 6/11/2024

  <u>Basis for Objection</u>:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 73

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 00114 – 5/30/2024

   <u>Basis for Objection</u>:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 00115 – 4/4/2024

   <u>Basis for Objection</u>:  (1) Nicole Priest (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 74

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00119 – 2/1/2023

<u>Basis for Objection</u>:  (1) Wendy Tate (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00127 – 11/24/2020

<u>Basis for Objection</u>:  (1) Felicia Couch (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 75

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00135 – 8/2/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

Jennifer Hoffman
October 18, 2024
Page 76

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00135 – 8/2/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00135 – 7/16/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 77

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00135 – 7/8/2024

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00136 – 7/8/2024

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

Jennifer Hoffman
October 18, 2024
Page 78

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00136 – 7/7/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 79

      o   **SF-CF (HO) 00137 – 6/26/2024**

           <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   **SF-CF (HO) 00138 – 6/25/2024**

           <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 80

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 00139 – 6/19/2024

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 00142 – 5/28/2024

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

Jennifer Hoffman
October 18, 2024
Page 81

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00144 – 5/20/2024

<u>Basis for Objection</u>:  (1) Autumn Hallam (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00145 – 5/16/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 82

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00146 – 5/15/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 83

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00154 – 4/5/2024

Basis for Objection:  (1) Nicole Priest (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00158 – 3/28/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 84

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00166 – 2/1/2024

Basis for Objection: (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00202 – 1/18/2023

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 85

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00206 – 7/26/2022

    <u>Basis for Objection</u>:  (1) Shawna Townsend (author) of claim note is not an
    attorney, nor is the note a communication by or between an attorney—this is
    not an attorney-client communication. Instead, it appears to be a note to the
    file prepared in the ordinary course of business; (2) nor does the note appear
    to have been prepared for the purpose of obtaining or providing legal advice;
    *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
    (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
    when an attorney acts as claims adjuster, claims process supervisor, or claim
    investigation "monitor" rather than legal advisor; (3) nor does the note even
    identify the attorney from whom the purported "legal communications,"
    "strategy" originates from; (4) nor is this communication protected under the
    work-product privilege. The creation of notes or documents during the
    claims process is part of the ordinary course of business and <u>not</u> protected by
    the work-product doctrine, even if litigation is pending or anticipated. (*See*,
    *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
    also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
    652 (2018) (Both ordinary and opinion work product protections are
    generally overcome. The insurer's claim file, which reflects a unique,
    contemporaneous record of the handling of the claim, is often directly at
    issue in the context of bad faith.)

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 86

      o   SF-CF (HO) 00210 – 10/27/2021

          Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (HO) 00218 – 5/5/2021

          Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 87

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00219 – 5/4/2021

> Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000222 [their numbering] – 02/23/2021

> Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

2472509

Jennifer Hoffman
October 18, 2024
Page 88

identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00234 – 6/6/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00302 – 11/17/2020

<u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 89

file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00302-00303 – 11/18/2020

<u>Basis for Objection</u>:  (1) Richard Marks (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 90

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○ SF-CF (HO) 00303 – 11/18/2020

Basis for Objection:  (1) Richard Marks (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○ SF-CF (HO) 00303 – 11/18/2020

Basis for Objection:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 91

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (See, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00304 – 11/18/2020

Basis for Objection: (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (See, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00310 – 10/6/2023

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

Jennifer Hoffman
October 18, 2024
Page 92

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00311 – 10/6/2023

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 93

<ul><li>SF-CF (HO) 00312 – 6/14/2024

<u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

<li>SF-CF (HO) 00312 – 6/14/024

<u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*</ul>

Jennifer Hoffman
October 18, 2024
Page 94

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 00312 – 5/15/2024

> <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 00312 – 1/16/2024

> <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 95

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o SF-CF (HO) 00312 – 10/43[*sic*]/2023

<u>Basis for Objection</u>: (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o SF-CF (HO) 00312 – 2/2/2023

<u>Basis for Objection</u>: (1) Heath Haswey (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 96

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00313 – 5/15/2024

     <u>Basis for Objection</u>:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 97

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00313 – 3/28/2024

Basis for Objection:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00314 – 5/10/2023

Basis for Objection:   (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims

Jennifer Hoffman
October 18, 2024
Page 98

process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00314-00315 – 1/27/2023

    <u>Basis for Objection</u>:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00316 – 1/27/2023

    <u>Basis for Objection</u>:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 99

when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00317 – 3/28/2024

<u>Basis for Objection</u>: (1) Tony Nelson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 100

o   SF-CF (HO) 00324-325 – 1/30/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00325 – 6/29/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 101

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00326-327 – 1/30/2024

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00327-328 – 7/3/2023

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

Jennifer Hoffman
October 18, 2024
Page 102

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00332 – 2/1/2024

    <u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00336 – 4/12/2024

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 103

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00336-337 – 4/11/2024

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 104

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○ SF-CF (HO) 00337 – 4/9/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○ SF-CF (HO) 00337 – 7/28/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 105

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00338 – 4/12/2024

Basis for Objection: (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00338 – 4/11/2024

Basis for Objection: (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 106

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00338 – 4/09/2024

<u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 107

o   SF-CF (HO) 00338-339 – 6/20/2024

Basis for Objection:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00339 – 4/12/2024

Basis for Objection:  (1) Tony Nelson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 108

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00373-374 – 3/11/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00379 – 9/13/2022

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 109

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00483 – 5/30/2024

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00483 – 5/28/2024

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 110

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00484 – 5/28/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 111

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00485 – 5/28/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00486 – 5/21/2024

Basis for Objection:  (1) Amy Strum (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 112

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00487 – 5/20/2024

   <u>Basis for Objection</u>:  (1) Autumn Hallam (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00488 – 5/20/2024

   <u>Basis for Objection</u>:  (1) Autumn Hallam (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 113

(2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00491 – 5/6/204

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 114

- o   SF-CF (HO) 00492– 5/7/2024

  Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 00495 – 4/17/2024

  Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 115

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00496 – 4/16/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00503 – 4/4/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 116

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00504 – 4/4/2024

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00505 – 4/4/2024

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 117

file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00508 – 3/28/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,

Ellis George llp

Jennifer Hoffman
October 18, 2024
Page 118

contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00513 – 3/26/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00515 – 3/25/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 119

claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00517 – 3/21/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00521 – 3/14/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 120

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00521 – 3/11/2024

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 121

○  SF-CF (HO) 00523 – 3/05/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○  SF-CF (HO) 00523 – 2/26/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 122

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 00523 – 2/28/2024

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 00526 – 1/31/2024

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

Jennifer Hoffman
October 18, 2024
Page 123

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00527 – 1/31/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00528 – 1/31/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 124

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00529 – 1/30/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 125

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00530 – 1/30/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00531 – 1/29/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 126

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00532 – 1/29/2024

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00532 – 1/25/2024

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 127

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00535 – 12/13/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 128

- o SF-CF (HO) 00536 – 12/13/2023

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 00538 – 11/3/2023

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 129

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

    o   SF-CF (HO) 00538-539 – 10/19/2023

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even
> identify the attorney from whom the purported "legal communications,"
> "strategy" originates from; (4) nor is this communication protected under the
> work-product privilege.  The creation of notes or documents during the
> claims process is part of the ordinary course of business and <u>not</u> protected by
> the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
> *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
> also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

    o   SF-CF (HO) 00540 – 10/19/2023

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 130

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00541 – 10/18/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00542 – 10/18/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 131

file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00543 – 10/18/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 132

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00545 – 10/4/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00546 – 9/11/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 133

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00546-547 – 9/11/2023

<u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00547 – 8/30/2023

<u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 134

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00548 – 8/23/2023

Basis for Objection: (1) Jeffrey Conarton (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 135

  o   SF-CF (HO) 00549 – 8/1/2023

      <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

  o   SF-CF (HO) 00550 – 7/31/2023

      <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 136

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

o   SF-CF (HO) 00550 – 7/25/2023

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even
> identify the attorney from whom the purported "legal communications,"
> "strategy" originates from; (4) nor is this communication protected under the
> work-product privilege.  The creation of notes or documents during the
> claims process is part of the ordinary course of business and <u>not</u> protected by
> the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
> *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
> also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

o   SF-CF (HO) 00550-551 – 7/24/2023

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 137

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00553 – 7/21/2023

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00555 – 7/20/2023

   <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 138

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00556 – 7/18/2023

   Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 139

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00557 – 7/18/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00561 – 7/3/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 140

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00566 – 5/23/2023

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00573 – 2/13/2023

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 141

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00573 – 2/8/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 142

- o  SF-CF (HO) 00574 – 2/8/2023

  <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o  SF-CF (HO) 00574 – 2/7/2023

  <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 143

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 00574-575 – 2/7/2023

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 00580 – 1/26/2023

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 144

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00583 – 1/17/2023

<u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00584 – 1/12/2023

<u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

2472509

Ellis George llp

Jennifer Hoffman
October 18, 2024
Page 145

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 00589 – 8/18/2022

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 146

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00590 – 8/6/2022

   Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 00592 – 2/8/2022

   Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 147

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00598 – 10/25/2021

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00599 – 10/14/2021

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 148

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See,
Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00601 – 8/31/2021

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 149

    o   SF-CF (HO) 00604 – 8/16/2021

       <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   SF-CF (HO) 00604 – 8/11/2021

       <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 150

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

    o   SF-CF (HO) 00605 – 8/6/2021

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even
> identify the attorney from whom the purported "legal communications,"
> "strategy" originates from; (4) nor is this communication protected under the
> work-product privilege.  The creation of notes or documents during the
> claims process is part of the ordinary course of business and <u>not</u> protected by
> the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
> *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
> also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

    o   SF-CF (HO) 00607 – 7/19/2021

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an
> attorney, nor is the note a communication by or between an attorney—this is
> not an attorney-client communication.  Instead, it appears to be a note to the
> file prepared in the ordinary course of business; (2) nor does the note appear
> to have been prepared for the purpose of obtaining or providing legal advice;
> *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
> (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
> when an attorney acts as claims adjuster, claims process supervisor, or claim
> investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 151

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00608 – 6/30/2021

<u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00608 – 6/24/2021

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 152

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00609 – 6/21/2021

Basis for Objection: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 153

contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00610 – 6/7/2021

Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 00611 – 5/26/2021

Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 154

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00613 – 4/30/2021

    Basis for Objection: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00614 – 4/19/2021

    Basis for Objection: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 155

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO)  00617 – 4/9/2021

<u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 156

○ SF-CF (HO) 00622 – 2/4/2021

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

○ SF-CF (HO) 00622-623 – 2/2/2021

Basis for Objection: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 157

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o SF-CF (HO) 00629 – 11/11/2020

> <u>Basis for Objection</u>: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o SF-CF (HO) 000639-640, 642 – 6/5/2024 – 5/30/2024

> <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes

Jennifer Hoffman
October 18, 2024
Page 158

that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 000644-648 – 5/20/2024

Basis for Objection:  This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000649-652 – 5/20/2024

Basis for Objection:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 159

the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 00-0653, 660 – 5/15/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000661, 663 – 5/8/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 160

the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 000664, 667, 3205, 3208 – 5/7/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 000671-675 – 4/25/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 161

the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000677-686 – 4/16/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000687, 689 – 3/28/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 162

the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000690, 696 – 3/27/2024

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000697, 701 – 3/26/2024

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 163

the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000702-703 – 3/15/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000707-710 – 3/13/2024 – 3/12/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by

Jennifer Hoffman
October 18, 2024
Page 164

the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000711-716 – 3/11/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000717-718 – 2/21/2024

Basis for Objection:  (1) Angela Dennis (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications,"

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 165

"strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000729, 733-735 – 11/3/2023

<u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000737, 740, 758 – 9/11/2023

<u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather

Jennifer Hoffman
October 18, 2024
Page 166

than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000782, 785-786 – 7/22/2023

    <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 000824-825 – 5/23/2023

    <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 167

than legal advisor; (2) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See,
Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 000874-875 – 8/18/2022 – 2/8/2022

Basis for Objection: This is not an attorney-client communication. Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does not apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See,
Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 000879-880 – 8/8/2022 – 2/8/2022

Basis for Objection: This is not an attorney-client communication. Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does not apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 168

than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc*. *v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o SF-CF (HO) 000881 – 2/8/2022

<u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc*. *v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o SF-CF (HO) 001014-1015 – 5/30/2024

<u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 169

than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001035 – 5/28/2024

<u>Basis for Objection</u>:  (1) State Farm Legal Dept. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001086-1088 – 5/28/2024

<u>Basis for Objection</u>:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 170

to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 001107, 1111 – 5/20/2/24

Basis for Objection:  (1) Kathleen Jaskowiak (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001113-1120 – 5/20/2024

Basis for Objection:  (1) Kathleen Jaskowiak (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear

E LLIS G EORGE LLP

Jennifer Hoffman
October 18, 2024
Page 171

to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001121, 1125 – 5/10/2024

   <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 172

    o   SF-CF (HO) 0011441-1143, 1166-1170 – 5/9/2024 – 5/8/2024

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   SF-CF (HO) 001171 – 5/8/2024

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 173

      ○   SF-CF (HO) 001193 – 5/8/204

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      ○   SF-CF j(HO) 001303-1311 – 4/4/2024 – 3/11/2024

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 174

- o SF-CF (HO) 001312-1316 – 3/13/2024—3/12/2024

  <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 001317-1324 – 4/4/2024

  <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 175

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 001354 – 3/28/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 001378-1383 – 3/27/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) ) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 176

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 001394-1395 – 3/27/2024

> <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 001429, 1432-1433 – 3/25/2024

> <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 177

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001452-1453 – 3/23/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001461 – 3/21/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 178

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001505-1506 – 3/5/2024 – 2/28/2024

    <u>Basis for Objection</u>:  This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001507 – 2/28/2024

    <u>Basis for Objection</u>:  This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 179

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001513 – 2/15/2024

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001520, 1526 – 2/1/2024

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 180

claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 001528-1538 – 1/31/2024

   <u>Basis for Objection</u>:  This is not an attorney-client communication. Instead,
   it appears to be a note to the file prepared in the ordinary course of business;
   (1) nor does the note appear to have been prepared for the purpose of
   obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
   Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
   attorney-client privilege does <u>not</u> apply when an attorney acts as claims
   adjuster, claims process supervisor, or claim investigation "monitor" rather
   than legal advisor; (2) nor is this communication protected under the
   work-product privilege. The creation of notes or documents during the
   claims process is part of the ordinary course of business and <u>not</u> protected by
   the work-product doctrine, even if litigation is pending or anticipated. (*See*,
   *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
   also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
   652 (2018) (Both ordinary and opinion work product protections are
   generally overcome. The insurer's claim file, which reflects a unique,
   contemporaneous record of the handling of the claim, is often directly at
   issue in the context of bad faith.)

o   SF-CF (HO) 001540-1542 – 1/31/2024

   <u>Basis for Objection</u>:  This is not an attorney-client communication. Instead,
   it appears to be a note to the file prepared in the ordinary course of business;
   (1) nor does the note appear to have been prepared for the purpose of
   obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
   Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
   attorney-client privilege does <u>not</u> apply when an attorney acts as claims
   adjuster, claims process supervisor, or claim investigation "monitor" rather
   than legal advisor; (2) nor is this communication protected under the
   work-product privilege. The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 181

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001544-1553 – 1/31/2024

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001555-1560 – 1/31/2024 – 1/30/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 182

identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 001561-1565 – 1/31/2024 – 1/30/2024

    <u>Basis for Objection</u>: This is not an attorney-client communication. Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does <u>not</u> apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 001569-1571 – 1/30/2024

    <u>Basis for Objection</u>: This is not an attorney-client communication. Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does <u>not</u> apply when an attorney acts as claims

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 183

adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 001586-1588 – 1/29/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 001589-1590 – 1/23/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 184

file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o    SF-CF (HO) 001646-1647 – 10/18/2023

   <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead,
   it appears to be a note to the file prepared in the ordinary course of business;
   (1) nor does the note appear to have been prepared for the purpose of
   obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
   Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
   attorney-client privilege does <u>not</u> apply when an attorney acts as claims
   adjuster, claims process supervisor, or claim investigation "monitor" rather
   than legal advisor; (2) nor is this communication protected under the
   work-product privilege. The creation of notes or documents during the
   claims process is part of the ordinary course of business and <u>not</u> protected by
   the work-product doctrine, even if litigation is pending or anticipated. (*See*,
   *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
   also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
   652 (2018) (Both ordinary and opinion work product protections are
   generally overcome. The insurer's claim file, which reflects a unique,
   contemporaneous record of the handling of the claim, is often directly at
   issue in the context of bad faith.)

Ellis George LLP

Jennifer Hoffman
October 18, 2024
Page 185

- SF-CF (HO) 001648 – 10/19/2023

  Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- SF-CF (HO) 001738-1739 – 10/4/2023

  Basis for Objection:  (1) Harry Safarian, Esq. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 186

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 001740-1741 – 10/3/2023

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o    SF-CF (HO) 001742 – 9/11/2023

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 187

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001763-1775 – 8/31/2023

Basis for Objection: This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001790-1792 – 8/23/2023

Basis for Objection: This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 188

contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 001821-1823 – 7/31/2023

Basis for Objection:  This is not an attorney-client communication.  Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does not apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See,
Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 001824 – 7/26/2023

Basis for Objection:  This is not an attorney-client communication.  Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does not apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See,
Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 189

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001833-1838 – 7/24/2023

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001839-1841 – 7/20/2023

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

Ellis George llp

Jennifer Hoffman
October 18, 2024
Page 190

        contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 001843-1846 – 7/21/2023 – 7/20/02023[*sic*]

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 001857-1859 – 7/20/2023

    <u>Basis for Objection</u>:  (1) Christina Karayan, Esq. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 191

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001860-1871 – 7/19/2023

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001914-1917 – 7/18/2023

Basis for Objection:  (1) Christina Karayan, Esq. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

Jennifer Hoffman
October 18, 2024
Page 192

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 001924-1928 – 7/18/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 002232-2238 – 2/1/2023

<u>Basis for Objection</u>:  This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of

Jennifer Hoffman
October 18, 2024
Page 193

obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 002645 – 11/2/2021

   <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 002646 – 10/27/2021 [Not Relevant]

   <u>Basis for Objection</u>:  (1) State Farm Claims Dept. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 194

to the file prepared in the ordinary course of business; (2) nor does the note
appear to have been prepared for the purpose of obtaining or providing legal
advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D.
652 (2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 002647-2648 – 10/25/2021

Basis for Objection: This is not an attorney-client communication. Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does not apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 195

      ○   SF-CF (HO) 002649-2659 – 10/14/2021

           <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      ○   SF-CF (HO) 002660-2670, 2679-2689, 2690-2700 – 10/14/2021

           <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 196

- o SF-CF (HO) 002709, 2713 – 9/28/2021

    <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 002722-2723 – 9/14/2021

    <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 197

  o SF-CF (HO) 002724-2738 – 8/31/2021

    <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

  o SF-CF (HO) 002745, 2749 – 8/26/2021

    <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

Ellis George llp

Jennifer Hoffman
October 18, 2024
Page 198

      o   SF-CF (HO) 002770-2782 – 8/11/2021

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2)  nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (HO) 002783-2796 – 8/6/2021

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 199

      o   SF-CF (HO) 002823-2832 – 7/19/2021

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (HO) 002833-2850 – 6/29/2021

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 200

    o   **SF-CF (HO) 002851-2860 – 6/24/2021—6/21/2021**

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   **SF-CF (HO) 002872 – 6/7/2021**

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 201

    o   SF-CF (HO) 002907-2913 – 5/20/2021

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   SF-CF (HO) 002920-2922 – 4/19/2021—4/9/2021

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 202

   o   SF-CF (HO) 002942-2951 – 4/9/2021

       <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

   o   SF-CF (HO) 003015, 3030 – 2/5/2021

       <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 203

    o   **SF-CF (HO) 003031-3047 – 2/4/2021**

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   **SF-CF (HO) 003159-3174 – 11/11/2020**

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 204

- ○ SF-CF (HO) 003175-3179 – 11/2/2020

  <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- ○ SF-CF (HO) 003214-3215 – 4/17/2024

  <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 205

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003216-3217 – 4/4/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003218-3219 – 4/4/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 206

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003231-3235 – 3/26/2024 – 7/20/2023

      <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003245-3246 – 3/25/2024

      <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 207

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003247-3248 – 3/28/2024

    <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 208

> contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 003251-3254 – 1/30/2024

  Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice;  *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 003255-3256 – 1/29/2024

  Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 209

> claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 003257-3258 – 1/25/2024

    <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 003259-3260 – 1/23/2024

    <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

Jennifer Hoffman
October 18, 2024
Page 210

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003263-3264 – 12/13/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 211

      o   SF-CF (HO) 003267-3269 – 10/19/2023 – 10/18/2023

          <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (HO) 003272-3273 – 10/18/2023

          <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 212

> also, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome. The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

- ○ SF-CF (HO) 003278-3279 – 8/31/2023

  > <u>Basis for Objection</u>: This is not an attorney-client communication. Instead,
  > it appears to be a note to the file prepared in the ordinary course of business;
  > (1) nor does the note appear to have been prepared for the purpose of
  > obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine
  > Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
  > attorney-client privilege does <u>not</u> apply when an attorney acts as claims
  > adjuster, claims process supervisor, or claim investigation "monitor" rather
  > than legal advisor; (2) nor is this communication protected under the
  > work-product privilege. The creation of notes or documents during the
  > claims process is part of the ordinary course of business and <u>not</u> protected by
  > the work-product doctrine, even if litigation is pending or anticipated. (*See*,
  > *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
  > also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
  > 652 (2018) (Both ordinary and opinion work product protections are
  > generally overcome. The insurer's claim file, which reflects a unique,
  > contemporaneous record of the handling of the claim, is often directly at
  > issue in the context of bad faith.)

- ○ SF-CF (HO) 003328-3329 – 7/3/2023

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an
  > attorney, nor is the note a communication by or between an attorney—this is
  > not an attorney-client communication. Instead, it appears to be a note to the
  > file prepared in the ordinary course of business; (2) nor does the note appear
  > to have been prepared for the purpose of obtaining or providing legal advice;
  > *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
  > (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
  > when an attorney acts as claims adjuster, claims process supervisor, or claim
  > investigation "monitor" rather than legal advisor; (3) nor does the note even
  > identify the attorney from whom the purported "legal communications,"
  > "strategy" originates from; (4) nor is this communication protected under the
  > work-product privilege. The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 213

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003334-3335 – 2/13/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003336 – 2/8/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

Jennifer Hoffman
October 18, 2024
Page 214

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003356-3357 – 2/7/2023

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003371 – 2/7/2023

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 215

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003388-3390 – 2/2/2023

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 216

o  SF-CF (HO) 003397-3398 – 1/26/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 003422-3425 – 1/17/2023 – 1/12/2023

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 217

> also, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o  SF-CF (HO) 003426-3427 – 1/12/2023

  > Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o  SF-CF (HO) 003458 – 9/1/2021

  > Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 218

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003463 – 7/7/2021

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003476-3509 – 5/28/2024

<u>Basis for Objection</u>:  (1) State Farm Legal Dept.  (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 219

the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003510 – 5/21/2024

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) ) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 220

    o   SF-CF (HO) 003535-3538 – 5/18/2024 ---5/15/2024

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

    o   SF-CF (HO) 003580 – 5/15/2024

        <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 221

- o  SF-CF (HO) 003609-3615 – 3/25/2024 – 1/30/2024

  <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o  SF-CF (HO) 003616-3618 – 3/14/2024

  <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

Ellis George llp

Jennifer Hoffman
October 18, 2024
Page 222

      o   SF-CF (HO) 003676 – 8/27/2021

            <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (HO) 003682 – 8/27/2021

            <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 223

      o   SF-CF (HO) 003687 – 8/27/2021

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (HO) 003689, 3696 – 8/9/2021

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 224

     o   SF-CF (HO) 003697, 3705 – 7/28/2021

         <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

     o   SF-CF (HO) 003715 – 6/21/2021

         <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 225

      o   SF-CF (HO) 003734-3735 – 5/26/2021

          <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (HO) 003778-3779 – 5/15/2024

          <u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

Ellis George llp

Jennifer Hoffman
October 18, 2024
Page 226

contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 003806-3815 – 4/19/2021—4/9/2021

Basis for Objection:  (1) Joyce Bray (author) of claim note is not an attorney,
nor is the note a communication by or between an attorney—this is not an
attorney-client communication.  Instead, it appears to be a note to the file
prepared in the ordinary course of business; (2) nor does the note appear to
have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o   SF-CF (HO) 003817-3818 – 11/2/2020

Basis for Objection:  This is not an attorney-client communication.  Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does not apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 227

>    *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
>    652 (2018) (Both ordinary and opinion work product protections are
>    generally overcome.  The insurer's claim file, which reflects a unique,
>    contemporaneous record of the handling of the claim, is often directly at
>    issue in the context of bad faith.)

- o   SF-CF (HO) 003819 – 11/2/2020

>    Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an
>    attorney, nor is the note a communication by or between an attorney—this is
>    not an attorney-client communication.  Instead, it appears to be a note to the
>    file prepared in the ordinary course of business; (2) nor does the note appear
>    to have been prepared for the purpose of obtaining or providing legal advice;
>    *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
>    (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
>    when an attorney acts as claims adjuster, claims process supervisor, or claim
>    investigation "monitor" rather than legal advisor; (3) nor does the note even
>    identify the attorney from whom the purported "legal communications,"
>    "strategy" originates from; (4) nor is this communication protected under the
>    work-product privilege.  The creation of notes or documents during the
>    claims process is part of the ordinary course of business and <u>not</u> protected by
>    the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
>    *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*
>    *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
>    652 (2018) (Both ordinary and opinion work product protections are
>    generally overcome.  The insurer's claim file, which reflects a unique,
>    contemporaneous record of the handling of the claim, is often directly at
>    issue in the context of bad faith.)

- o   SF-CF (HO) 003820 – 3/27/2024

>    Basis for Objection:  This is not an attorney-client communication.  Instead,
>    it appears to be a note to the file prepared in the ordinary course of business;
>    (1) nor does the note appear to have been prepared for the purpose of
>    obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine*
>    *Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
>    attorney-client privilege does <u>not</u> apply when an attorney acts as claims
>    adjuster, claims process supervisor, or claim investigation "monitor" rather
>    than legal advisor; (2) nor is this communication protected under the
>    work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 228

> claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 003847-3848 – 7/9/2021

  > <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 003867-3875 – 5/26/2021

  > <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 229

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 003876-3884 – 4/30/2021

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004078-4080 – 7/8/2024 – 6/21/2024

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 230

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004081-4082 – 6/27/2024

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004083-4084 – 6/21/2024

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

Jennifer Hoffman
October 18, 2024
Page 231

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 004085 – 6/18/2024

   <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 004105 – 7/8/2024

   <u>Basis for Objection</u>: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 232

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004121 – 7/6/2024

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004126 – 7/5/2024

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 233

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004129 – 6/28/2024

   <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004136-4137 – 6/26/2024

   <u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 234

claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004138-4150 – 6/25/2024

Basis for Objection: (1) State Farm Legal Dept. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "monitor" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 004151-4156 – 6/25/2024

Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 235

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
> 652 (2018) (Both ordinary and opinion work product protections are
> generally overcome.  The insurer's claim file, which reflects a unique,
> contemporaneous record of the handling of the claim, is often directly at
> issue in the context of bad faith.)

- o   SF-CF (HO) 004158 – 6/21/2024

  > Basis for Objection:  This is not an attorney-client communication.  Instead,
  > it appears to be a note to the file prepared in the ordinary course of business;
  > (1) nor does the note appear to have been prepared for the purpose of
  > obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
  > Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
  > attorney-client privilege does <u>not</u> apply when an attorney acts as claims
  > adjuster, claims process supervisor, or claim investigation "monitor" rather
  > than legal advisor; (2) nor is this communication protected under the
  > work-product privilege.  The creation of notes or documents during the
  > claims process is part of the ordinary course of business and <u>not</u> protected by
  > the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
  > *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
  > also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
  > 652 (2018) (Both ordinary and opinion work product protections are
  > generally overcome.  The insurer's claim file, which reflects a unique,
  > contemporaneous record of the handling of the claim, is often directly at
  > issue in the context of bad faith.)

- o   SF-CF (HO) 004169 – 6/19/2024

  > Basis for Objection:  This is not an attorney-client communication.  Instead,
  > it appears to be a note to the file prepared in the ordinary course of business;
  > (1) nor does the note appear to have been prepared for the purpose of
  > obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
  > Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
  > attorney-client privilege does <u>not</u> apply when an attorney acts as claims
  > adjuster, claims process supervisor, or claim investigation "monitor" rather
  > than legal advisor; (2) nor is this communication protected under the
  > work-product privilege.  The creation of notes or documents during the
  > claims process is part of the ordinary course of business and <u>not</u> protected by
  > the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
  > *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese

Jennifer Hoffman
October 18, 2024
Page 236

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 004176 – 6/19/2024

> Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (HO) 004184 – 6/19/2024

> Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 237

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 004190 – 6/18/2024

  > Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (HO) 004195 – 6/18/2024

  > Basis for Objection: This is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 238

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o    SF-CF (HO) 004198 – 6/14/2024

Basis for Objection:  This is not an attorney-client communication.  Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does <u>not</u> apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o    SF-CF (HO) 004210 – 6/27/2024

Basis for Objection:  This is not an attorney-client communication.  Instead,
it appears to be a note to the file prepared in the ordinary course of business;
(1) nor does the note appear to have been prepared for the purpose of
obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine
Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the
attorney-client privilege does <u>not</u> apply when an attorney acts as claims
adjuster, claims process supervisor, or claim investigation "monitor" rather
than legal advisor; (2) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 239

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004216 – 6/26/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004239-4240 –  6/26/024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 240

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 004241 – 6/25/2024

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (HO) 004248 – 6/21/2024

<u>Basis for Objection</u>:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 241

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (HO) 004258-4270 – 8/2/2024

<u>Basis for Objection</u>:  (1) State Farm Legal Dept. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice.  *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 004290-4302 – 6/25/2024

<u>Basis for Objection</u>:  (1) State Farm Legal Dept. (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice.  *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 242

connection with the activities of litigation counsel (i.e., counsel for The
Estate) is not an attorney client privileged communication.

o   SF-CF (HO) 004303-4304 – 6/19/2024 – 6/18/2024

Basis for Objection:  (1) Jennifer Hoffman, Esq. (author) of claim note is not
an attorney, nor is the note a communication by or between an attorney—this
is not an attorney-client communication.  Instead, it appears to be a note to
the file prepared in the ordinary course of business; (2) nor does the note
appear to have been prepared for the purpose of obtaining or providing legal
advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D.
652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

**State Farm Claim File (PLUP)**

<u>Withheld/Redacted Communications That Are Not Attorney-Client or Work Product
Privileged</u>

o   SF-CF (PLUP) 000012, 14-15, 55 (Various Dates) [Not Relevant]

Basis for Objection:  (1) State Farm Claims Dept. (author) of claim note is
not an attorney, nor is the note a communication by or between an attorney—
this is not an attorney-client communication.  Instead, it appears to be a note
to the file prepared in the ordinary course of business; (2) nor does the note
appear to have been prepared for the purpose of obtaining or providing legal
advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D.
652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 243

when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000025 – 8/5/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (PLUP) 000025 – 6/26/2024

<u>Basis for Objection</u>:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply

Jennifer Hoffman
October 18, 2024
Page 244

when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "monitor" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o    SF-CF (PLUP) 000025 – 6/11/2024

Basis for Objection:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "monitor" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o    SF-CF (PLUP) 000025-26 – 6/11/2024

Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "monitor" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 245

connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o SF-CF (PLUP) 000026 – 5/31/2024

Basis for Objection: (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o SF-CF (PLUP) 000026 – 5/30/2024

Basis for Objection: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 246

  o    SF-CF (PLUP) 000026, 88 – 5/20/2024

       Basis for Objection:  (1) Chad Zimmerman (author) of claim note is not an
       attorney, nor is the note a communication by or between an attorney—this is
       not an attorney-client communication.  Instead, it appears to be a note to the
       file prepared in the ordinary course of business; (2) nor does the note appear
       to have been prepared for the purpose of obtaining or providing legal advice;
       *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
       (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
       when an attorney acts as claims adjuster, claims process supervisor, or claim
       investigation "monitor" rather than legal advisor; (3) nor does the note even
       identify the attorney from whom the purported "legal communications,"
       "strategy" originates from; (4) nor is this communication protected under the
       work-product privilege.  The creation of notes or documents during the
       claims process is part of the ordinary course of business and <u>not</u> protected by
       the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
       *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
       also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
       652 (2018) (Both ordinary and opinion work product protections are
       generally overcome.  The insurer's claim file, which reflects a unique,
       contemporaneous record of the handling of the claim, is often directly at
       issue in the context of bad faith.)

  o    SF-CF (PLUP) 000026 – 5/3/2024

       Basis for Objection:  (1) Stacey Allman (author) of claim note is not an
       attorney, nor is the note a communication by or between an attorney—this is
       not an attorney-client communication.  Instead, it appears to be a note to the
       file prepared in the ordinary course of business; (2) nor does the note appear
       to have been prepared for the purpose of obtaining or providing legal advice;
       *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
       (2018) (The court noted that the attorney-client privilege does <u>not</u> apply
       when an attorney acts as claims adjuster, claims process supervisor, or claim
       investigation "monitor" rather than legal advisor; (3) nor does the note even
       identify the attorney from whom the purported "legal communications,"
       "strategy" originates from; (4) nor is this communication protected under the
       work-product privilege.  The creation of notes or documents during the
       claims process is part of the ordinary course of business and <u>not</u> protected by
       the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
       *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 247

*also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000026-27, 89 – 4/1/2024

Basis for Objection:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000028 – 3/31/2021

Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

Jennifer Hoffman
October 18, 2024
Page 248

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000028 – 3/31/2021

Basis for Objection:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000028 – 3/30/2021

Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 249

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000029, 85 – 2/22/2021

<u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See, Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also, Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 250

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000029 – 2/10/2021

Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000029-30, 90

Basis for Objection:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

2472509

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 251

claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000031, 86 – 11/2/2021

Basis for Objection: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000033 —6/11/2024

Basis for Objection: (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 252

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o  SF-CF (PLUP) 000033 – 5/30/2024

<u>Basis for Objection</u>:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o  SF-CF (PLUP) 000041 –  6/11/2024

<u>Basis for Objection</u>:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in

Jennifer Hoffman
October 18, 2024
Page 253

connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (PLUP) 000042 – 5/31/2024

   <u>Basis for Objection</u>:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice.  *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (PLUP) 000048 – 7/15/2021

   <u>Basis for Objection</u>:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 254

> contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (PLUP) 000048-49 – 3/31/2021

  > Basis for Objection:  (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o   SF-CF (PLUP) 000055 – 5/28/2024

  > Basis for Objection:  (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 255

claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o  SF-CF (PLUP) 000055 – 5/9/2024

Basis for Objection: (1) Stacey Allman (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication. Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does not apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege. The creation of notes or documents during the
claims process is part of the ordinary course of business and not protected by
the work-product doctrine, even if litigation is pending or anticipated. (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome. The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o  SF-CF (PLUP) 000074 – 11/17/2020

Basis for Objection: (1) Pierre Brookins (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication. Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652

Jennifer Hoffman
October 18, 2024
Page 256

(2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000074-75 – 11/18/2020

<u>Basis for Objection</u>:  (1) Richard Marks (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

E LLIS G EORGE LLP

Jennifer Hoffman
October 18, 2024
Page 257

      o   SF-CF (PLUP) 000075-76 – 11/18/2020

          <u>Basis for Objection</u>:  (1) Richard Marks (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product privilege, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

      o   SF-CF (PLUP) 000076 – 11/18/2020

          <u>Basis for Objection</u>:  (1) Jamie Johnson (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese*

Jennifer Hoffman
October 18, 2024
Page 258

> *also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (PLUP) 000084 – 5/3/2024

  > <u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

- o SF-CF (PLUP) 000085 – 2/22/2021

  > <u>Basis for Objection</u>: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See, Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 259

identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (PLUP) 000086 – 11/2/2020

<u>Basis for Objection</u>: (1) Pierre Brookins (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication. Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege. The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated. (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome. The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o  SF-CF (PLUP) 000086 – 8/5/2024

<u>Basis for Objection</u>: (1) Stacey Allman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication. Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 260

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "<u>monitor</u>" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (PLUP) 000086 – 6/26/2024

    <u>Basis for Objection</u>:  (1) Stacey Allman  (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000087 – 6/11/2024

    <u>Basis for Objection</u>:  (1) Nick Wireman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney – this is not an attorney-client communication.  Instead, it appears to be a note to the

Jennifer Hoffman
October 18, 2024
Page 261

file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice. *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as a claims adjuster, claims process supervisor or claims investigation "monitor" rather than as a legal advisor; (3) even if an attorney had been involved in these communications—and they were not— State Farm's privilege log concedes that the notes were "post litigation." Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

o   SF-CF (PLUP) 000088 – 5/20/2024

Basis for Objection:  (1) Chad Zimmerman (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (2) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does not apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (3) nor does the note even identify the attorney from whom the purported "legal communications," "strategy" originates from; (4) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and not protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000090 – 2/8/2021

Basis for Objection:  (1) Joyce Bray (author) of claim note is not an attorney, nor is the note a communication by or between an attorney—this is not an attorney-client communication.  Instead, it appears to be a note to the file

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 262

prepared in the ordinary course of business; (2) nor does the note appear to
have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,
contemporaneous record of the handling of the claim, is often directly at
issue in the context of bad faith.)

o    SF-CF (PLUP) 000094 – 6/26/2024

<u>Basis for Objection</u>:  (1) Stacey Allman  (author) of claim note is not an
attorney, nor is the note a communication by or between an attorney—this is
not an attorney-client communication.  Instead, it appears to be a note to the
file prepared in the ordinary course of business; (2) nor does the note appear
to have been prepared for the purpose of obtaining or providing legal advice;
*See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652
(2018) (The court noted that the attorney-client privilege does <u>not</u> apply
when an attorney acts as claims adjuster, claims process supervisor, or claim
investigation "monitor" rather than legal advisor; (3) nor does the note even
identify the attorney from whom the purported "legal communications,"
"strategy" originates from; (4) nor is this communication protected under the
work-product privilege.  The creation of notes or documents during the
claims process is part of the ordinary course of business and <u>not</u> protected by
the work-product doctrine, even if litigation is pending or anticipated.  (*See*,
*Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese
also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D.
652 (2018) (Both ordinary and opinion work product protections are
generally overcome.  The insurer's claim file, which reflects a unique,

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 263

contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000177-178 – 6/26/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) nor is this communication protected under the work-product privilege.  The creation of notes or documents during the claims process is part of the ordinary course of business and <u>not</u> protected by the work-product doctrine, even if litigation is pending or anticipated.  (*See*, *Aecon Bldgs. Inc. v. Zurich North America*, 253 F.R.D. 655 (2008); *Sese also*, *Nei v. Travelers Home and Marine Insurance Company*, 326 F.R.D. 652 (2018) (Both ordinary and opinion work product protections are generally overcome.  The insurer's claim file, which reflects a unique, contemporaneous record of the handling of the claim, is often directly at issue in the context of bad faith.)

o   SF-CF (PLUP) 000555 – 6/18/2024

Basis for Objection:  This is not an attorney-client communication.  Instead, it appears to be a note to the file prepared in the ordinary course of business; (1) nor does the note appear to have been prepared for the purpose of obtaining or providing legal advice; *See*, *Nei v. Travelers Home and Marine Insurance Co.*, 326 F.R.D. 652 (2018) (The court noted that the attorney-client privilege does <u>not</u> apply when an attorney acts as claims adjuster, claims process supervisor, or claim investigation "monitor" rather than legal advisor; (2) even if an attorney had been involved in these communications—and they were not—State Farm's privilege log concedes that the notes were "post litigation."  Further, the "opinions" and "oversight" made by an unidentified attorney in connection with the activities of litigation counsel (i.e., counsel for The Estate) is not an attorney client privileged communication.

ELLIS GEORGE LLP

Jennifer Hoffman
October 18, 2024
Page 264


       Finally, we have taken the time (and expense) of reviewing each of the 519 redactions as to withheld documents with the implicit understanding that State Farm and its counsel will withdraw <u>all</u> non-meritorious privilege assertions immediately.  In the absence of doing so, we will move to compel and/or seek the documents review by a Special Master or the magistrate assigned this matter.

       Please advise by Thursday, October 24th whether you will produce unredacted versions of the identified and requested documents.  Alternatively, if you believe (in good faith) that a virtual or in-person meet and confer on this issue would be productive, please so advise.  Bear in mind, there are 519 entries/redactions and we intend to cover each of them—no matter the amount of time.


                Sincerely,

                Trent Copeland


TC:dnr

2472509

# EXHIBIT B

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| BATES NO(S). | DATE(S) | AUTHOR | RECIPIENT(S) | DESCRIPTION | PRIVILEGE(S) ASSERTED | |
|---|---|---|---|---|---|---|
| **SAFARIAN PRODUCTION DOCUMENTS** | | | | | | |
| SAFARIAN SDT | 3/20/2024 | Harry Safarian, Esq. - Outside Counsel Stacey Allman - State Farm Claims Dept. | Stacey Allman - State Farm Claims Dept. Harry Safarian, Esq. - Outside Counsel | Redaction of email communications with monitoring counsel regarding the remaining claims in the Abdullah Action. | Attorney-Client Privilege ("A-CP") | ● |
| SAFARIAN SDT | 3/29/2024 | Chad Zimmerman - State Farm Claims Dept. Harry Safarian , Esq. - Outside Counsel | Harry Safarian, Esq. - Outside Counsel Chad Zimmerman - State Farm Claims Dept. | Redaction of email communications with monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP | ● |
| SAFARIAN SDT | 7/20/2023 | Stacey Allman - State Farm Claims Dept. Harry Safarian, Esq. - Outside Counsel Christina Karayan, Esq. - Outside Counsel | Harry Safarian, Esq. - Outside Counsel Stacey Allman - State Farm Claims Dept. | Redaction of email communications with monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP | ● |
| SAFARIAN SDT | 7/20/2023 | Harry Safarian, Esq. - Outside Counsel Stacey Allman - State Farm Claims Dept. | Stacey Allman - State Farm Claims Dept. Harry Safarian, Esq. - Outside Counsel | Redaction of email communications with monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP | ● |
| SAFARIAN SDT | 7/26/2023 | Harry Safarian, Esq. - Outside Counsel Stacey Allman - State Farm Claims Dept. | Stacey Allman - State Farm Claims Dept. Harry Safarian, Esq. - Outside Counsel | Redaction of email communications with monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP | ● |
| **STATE FARM CLAIM FILE (HO)** | | | | | | |
| SF-CF (HO) 000016, 18-20, 25-27, 120, 127-128, 172, 222, 236, 266, 625 | Various Dates | State Farm Claims Dept. | State Farm Claim File | Redactions of private and confidential business information. | A-CP, AWP, Not Relevant | |
| SF-CF (HO) 000033-38, 343-360, 395-422, 457-467 | Various Dates | State Farm Claims Dept. | State Farm Claim File | Redactions of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant | |
| SF-CF (HO) 000039, 384, 444 | 8/5/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | ● |

**LEGEND:**
* Documents involving communication with Safarian/panel counsel
* Documents created by and between claims reps regarding "opinions" of outside counsel.
* Documents created by and between claims reps made in the ordinary course of business.
* Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | | |
|---|---|---|---|---|---|---|
| SF-CF (HO) 000039, 384, 444 | 8/2/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File` | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | 🟣 |
| SF-CF (HO) 000039, 384, 444 | 8/2/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | 🟣 |
| SF-CF (HO) 000039, 384, 445 | 8/2/2024 | James Dorozinsky – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | 🟣 |
| SF-CF (HO) 000039; 384, 445 | 6/26/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | 🟣 |
| SF-CF (HO) 000039-40 | 6/11/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | 🟣 |
| SF-CF (HO) 000040 | 6/11/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | 🟣 |
| SF-CF (HO) 000040 | 5/31/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | 🟣 |
| SF-CF (HO) 000040 | 5/30/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation | 🟣 |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | | |
|---|---|---|---|---|---|---|
| SF-CF (HO) 000040, 385, 446 | 5/28/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note re the Lacey v. State Farm action. | A-CP, NR – Post Litigation | ● |
| SF-CF (HO) 000041 | 5/22/2024 | Amy Strum – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note re communication with coverage counsel re the Lacey v. State Farm action. | A-CP, NR – Post Litigation | ● |
| SF-CF (HO) 000041 | 5/22/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communication, oversight, opinion and strategy involving coverage counsel. | A-CP, NR – Post Litigation | ● |
| SF-CF (HO) 000041 | 5/20/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 000041, 386, 447 | 5/17/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 000041-42, 373, 431 | 5/3/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 000042, 386, 447 | 4/12/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 000043 | 4/5/2024 | Niclole Priest – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 000043, 373 | 4/4/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 000043 | 4/4/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |

**LEGEND:**
● Documents involving communication with Safarian/panel counsel
● Documents created by and between claims reps regarding "opinions" of outside counsel.
● Documents created by and between claims reps made in the ordinary course of business.
● Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3

10/24/2024

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000043, 432 | 4/4/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000043-44 | 4/4/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000044, 386, 447 | 4/1/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000045-46 | 3/25/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP, AWP |
| SF-CF (HO) 000046, 387, 448 | 3/25/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000046-47 | 3/22/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000047-48 | 3/20/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000048 | 3/12/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000048 | 3/12/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000048-49, 432 | 3/11/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000049 | 2/21/2024 | Chad Zimmerman – State Farm Claims Dept | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 000049 | 2/21/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 000049-50 | 1/31/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000050-51, 374, 433 | 1/29/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 000051 | 1/29/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000051, 387, 448 | 1/25/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000051-52 | 1/25/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP, AWP |
| SF-CF (HO) 000052, 433 | 1/23/2024 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 000052, 387, 448 | 1/22/2024 | Chad Zimmerman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3

10/24/2024

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000052 | 12/13/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000052 | 12/8/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000052 | 11/3/2023 | Dalton Holm – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000052-53 | 10/18/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000053, 387, 448 | 10/4/2023 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 000053 | 10/4/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP, AWP |
| SF-CF (HO) 000053, 387, 448 | 10/4/2023 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000053 | 10/4/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000053-54 | 10/4/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000054 | 8/29/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000054, 388, 449 | 8/29/2023 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000054, 388, 449 | 8/28/2023 | Jamie Johnson – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000054, 388, 449 | 8/28/2023 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000054-55 | 8/28/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000055 | 8/1/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP, AWP |
| SF-CF (HO) 000055 | 7/31/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000055, 388, 449 | 7/27/2023 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000056 | 7/27/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| SF-CF (HO) 000056 | 7/26/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
|---|---|---|---|---|---|
| SF-CF (HO) 000056, 388, 449 | 7/20/2023 | Jamie Johnson – State Farm Claims Dept. | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 000056-57 | 7/20/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 000057, 388-389, 450 | 7/20/2023 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000057 | 7/20/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 000057-58 | 7/20/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 000058 | 7/18/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000058 | 7/18/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000059 | 7/3/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000061 | 6/27/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000068 | 3/2/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 000069-70, 389-390, 451 | 2/17/2023 | Heath Hawsey – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000070 | 2/17/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000070 | 2/13/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000070 | 2/8/2023 | Heath Hawsey – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000070-71 | 2/8/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000071 | 2/8/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000071 | 2/7/2023 | Heath Hawsey – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000071 | 2/7/2023 | Jamie Johnson – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000071-72 | 2/7/2023 | Heath Hawsey – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000072 | 2/7/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000073 | 2/2/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000073 | 2/1/2023 | Wendy San Pedro – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000074 | 1/31/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000076 | 1/26/2023 | Heath Hawsey – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000076-77 | 1/24/2023 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000091, 382, 442 | 1/24/2022 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000092 | 10/26/2021 | Tina Crawford – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000092 | 10/25/2021 | Stacey Allman – State Farm Claims Dept | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000093 | 10/22/2021 | Tina Crawford – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000093 | 10/20/2021 | Tina Crawford – State Farm Claims Dept. | State Farm Claim File | Redactions of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 000093 | 10/18/2021 | Tina Crawford – State Farm Claims Dept. | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 00094 | 10/15/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00094 | 9/28/2021 | Susie Deason - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00095 | 9/20/2021 | Tina Crawford – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00095 | 9/14/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00095 | 9/1/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00095-00096 | 8/18/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
* Documents involving communication with Safarian/panel counsel
* Documents created by and between claims reps regarding "opinions" of outside counsel.
* Documents created by and between claims reps made in the ordinary course of business.
* Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00096-00097 | 8/12/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00097 | 7/28/2021 | Susie Deason - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00097 | 7/28/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00098 | 7/27/2021 | Susie Deason - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00098 | 7/9/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00098 | 7/9/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00098 | 7/7/2021 | Poppy Johnson - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00098-00099 | 7/7/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00099 | 7/1/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00099-00100 | 6/30/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00100-00101, 391, 452 | 6/28/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00101, 382-383, 443 | 6/7/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00101 | 6/7/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00102, 392, 453 | 5/5/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00102 | 5/4/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00102 | 5/3/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00102 | 5/4/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00104 | 2/23/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00104, 392-393, 454 | 2/23/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00104, | 2/22/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3          -13-          10/24/2024

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00104-0105, 393, 454 | 2/18/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00105 | 2/17/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00105, 393, 454 | 2/8/2021 | Joyce Bray - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00105 | 2/5/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00109 | 11/13/2020 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00109 | 11/11/2020 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00109 | 11/3/2020 | Gary Roach - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000109-110 | 11/2/2020 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00110-111   383, 444 | 11/2/2020 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00111 | 11/2/2020 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00111 | 11/2/2020 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00111 | 10/31/2020 | Richard J. Marks - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00114 | 6/11/2024 | Nick Wireman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR-Post litigation |
| SF-CF (HO) 00114 | 5/30/2024 | Nick Wireman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR-Post litigation |
| SF-CF (HO) 00115 | 4/4/2024 | Nicole Priest - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP |
| SF-CF (HO) 00119 | 2/1/2023 | Wendy Tate - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00127 | 11/24/2020 | Felicia Couch – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP |
| SF-CF (HO) 00135 | 8/2/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3

10/24/2024

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00135 | 8/2/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP |
| SF-CF (HO) 00154 | 4/5/2024 | Nicole Priest - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP |
| SF-CF (HO) 00154 | 4/5/2024 | Nicole Priest - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP |
| SF-CF (HO) 00158 | 3/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00164 | 2/21/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 00165 | 2/1/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 00166 | 2/1/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00202 | 1/18/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00206 | 7/26/2022 | Shawna Townsend - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00210 | 10/27/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00218 | 5/5/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00219 | 5/4/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000222 | 2/23/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00234 | 6/6/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000262 | 10/18/2021 | Tina Crawford - State Farm Claims Dept. | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 00302 | 11/17/2020 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim Fi | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00302-00303 | 11/18/2020 | Richard Marks - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00303 | 11/18/2020 | Richard Marks - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00303 | 11/18/2020 | Jamie Johnson - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| SF-CF (HO) 00304 | 11/18/2020 | Jamie Johnson - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
|---|---|---|---|---|---|
| SF-CF (HO) 00310 | 10/6/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00311 | 10/6/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00312 | 6/14/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00312 | 6/14/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00312 | 5/15/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00312 | 1/16/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00312 | 10/43/2023 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00312 | 2/2/2023 | Heath Haswey – State Farms Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00313 | 5/15/2024 | Jamie Johnson, State Farm Claims | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00313 | 3/28/2024 | Jamie Johnson, State Farm Claims | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00314 | 5/10/2023 | Jamie Johnson, State Farm Claims | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00314-00315 | 1/27/2023 | Jamie Johnson, State Farm Claims | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00316 | 1/27/2023 | Jamie Johnson, State Farm Claims | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00317 | 3/28/2024 | Tony Nelson, State Farm Claims | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00324-325 | 1/30/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00325 | 6/29/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00325 | 6/29/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00326-327 | 1/30/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00327-328 | 7/3/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00332 | 2/1/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00336 | 4/12/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00336-337 | 4/11/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00337 | 4/9/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00337 | 7/28/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 00338 | 4/12/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00338 | 4/11/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00338 | 4/11/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00338 | 4/09/2024 | Chad Zimmerman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00338-339 | 6/20/2024 | Jamie Johnson, State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00339 | 4/12/2024 | Tony Nelson - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00373-374 | 3/11/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00379 | 9/13/2022 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00483 | 5/30/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00483 | 5/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00484 | 5/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00484 | 5/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00484 | 5/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00485 | 5/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the *Lacey v. State Farm* action. | A-CP, AWP |
| SF-CF (HO) 00486 | 5/21/2024 | Amy Strum - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00487 | 5/20/2024 | Autumn Hallam - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00487 | 5/20/2024 | Autumn Hallam - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00487 | 5/20/2024 | Autumn Hallam - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00488 | 5/20/2024 | Autumn Hallam - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00491 | 5/6/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00491 | 5/6/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00492 | 5/7/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00492 | 5/7/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00492 | 5/7/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00495 | 4/17/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00496 | 4/16/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00503 | 4/4/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00503 | 4/4/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00504 | 4/4/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00505 | 4/4/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00508 | 3/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00508 | 3/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00513 | 3/26/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00515 | 3/25/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00515 | 3/25/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00517 | 3/21/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00521 | 3/14/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00521 | 3/11/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00523 | 3/05/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00523 | 2/26/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00523 | 2/28/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| SF-CF (HO) 00524 | 2/20/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant | |
|---|---|---|---|---|---|---|
| SF-CF (HO) 00524 | 2/20/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant | |
| SF-CF (HO) 00524 | 2/14/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of legal fee/expense information related to payments made to coverage counsel and monitoring counsel. | A-CP, AWP, Not Relevant | |
| SF-CF (HO) 00526 | 1/31/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 00527 | 1/31/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 00528 | 1/31/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 00528 | 1/31/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 00529 | 1/30/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 00529 | 1/30/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |
| SF-CF (HO) 00530 | 1/30/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP | ● |

**LEGEND:**

● Documents involving communication with Safarian/panel counsel

● Documents created by and between claims reps regarding "opinions" of outside counsel.

● Documents created by and between claims reps made in the ordinary course of business.

● Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3

10/24/2024

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00531 | 1/29/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00532 | 1/29/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00532 | 1/25/2024 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00535 | 12/13/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00535 | 12/13/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00536 | 12/13/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00536 | 12/13/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00538 | 11/3/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00538-539 | 10/19/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00540 | 10/19/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00541 | 10/18/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00541 | 10/18/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00542 | 10/18/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00543 | 10/18/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00545 | 10/4/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the *Abdullah* Action. | A-CP |
| SF-CF (HO) 00545 | 10/3/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting confidential legal fee information. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 00546 | 10/3/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting confidential legal fee information. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 00546 | 9/11/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00546-547 | 9/11/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00547 | 8/30/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

LEGEND:
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| SF-CF (HO) 00548 | 8/23/2023 | Jeffrey Conarton – State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |  |
|---|---|---|---|---|---|---|
| SF-CF (HO) 00549 | 8/1/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redacted claim note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action.    A-CP | A-CP |  |
| SF-CF (HO) 00550 | 7/31/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |  |
| SF-CF (HO) 00550 | 7/25/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |  |
| SF-CF (HO) 00550-551 | 7/24/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |  |
| SF-CF (HO) 00553 | 7/21/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |  |
| SF-CF (HO) 00555 | 7/20/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP |  |
| SF-CF (HO) 00556 | 7/18/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note entries reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP |  |
| SF-CF (HO) 00557 | 7/18/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |  |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| SF-CF (HO) 00561 | 7/3/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
|---|---|---|---|---|---|
| SF-CF (HO) 00566 | 5/23/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00573 | 2/13/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00573 | 2/8/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00574 | 2/8/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00574 | 2/7/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00574-575 | 2/7/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00580 | 1/26/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00583 | 1/17/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00584 | 1/12/2023 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel

• Documents created by and between claims reps regarding "opinions" of outside counsel.

• Documents created by and between claims reps made in the ordinary course of business.

• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00589 | 8/18/2022 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00590 | 8/6/2022 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00592 | 2/8/2022 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00598 | 10/25/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00599 | 10/14/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00599 | 10/14/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00601 | 8/31/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00604 | 8/16/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00604 | 8/11/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00605 | 8/6/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel

• Documents created by and between claims reps regarding "opinions" of outside counsel.

• Documents created by and between claims reps made in the ordinary course of business.

• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00607 | 7/19/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00608 | 6/30/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00608 | 6/30/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00608 | 6/24/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00609 | 6/21/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00610 | 6/7/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00611 | 5/26/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00611 | 5/26/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00613 | 4/30/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00614 | 4/19/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 00617 | 4/9/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list notes reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00622 | 2/4/2021 | Stacey Allman - State Farm Claims Dept. | State Farm Claim File | Redaction of document list notes reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00622-623 | 2/2/2021 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list notes reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 00629 | 11/11/2020 | Pierre Brookins - State Farm Claims Dept. | State Farm Claim File | Redaction of document list note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000639-640, 642 | 6/5/2024 – 5/30/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Jennifer Hoffman, Esq. -Litigation counsel Jeffrey Crowe, Esq. – Litigation counsel Chris Quesada – Sheppard Mullin Andrea Warren, Esq. – Litigation counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP, NR- Post Litigation |
| SF-CF (HO) 000644-648 | 5/20/2024 | Amy Hulick, Esq. – Coverage Counsel | Chad Zimmerman – State Farm Claims Dept. Kathy Jaskowiak – State Farm Claims Dept. Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000649-652 | 5/20/2024 | Chad Zimmerman – State Farm Claims Dept. | Kathy Jaskowiak – State Farm Claims Dept. Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000653, 660 | 5/15/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000661, 663 | 5/8/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000664, 667, 3205, 3208 | 5/7/2024 | Kathy Jaskowiak – State Farm Claims Dept. | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000671-675 | 4/25/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000677-686 | 4/16/2024 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 000687, 689 | 3/28/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000690, 696 | 3/27/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000697, 701 | 3/26/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000702-703 | 3/15/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000704, 706 | 3/13/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel

• Documents created by and between claims reps regarding "opinions" of outside counsel.

• Documents created by and between claims reps made in the ordinary course of business.

• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 000707-710 | 3/13/2024 – 3/12/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000711-716 | 3/11/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000717-718 | 2/21/2024 | Angela Dennis – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000729, 733-735 | 11/3/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment.. | A-CP, AWP |
| SF-CF (HO) 000737, 740, 758 | 9/11/2023 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 000782, 785-786 | 7/22/2023 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 000824-825 | 5/23/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000874-875 | 8/18/2022 – 2/8/2022 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000879-880 | 8/8/2022 – 2/8/2022 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 000881 | 2/8/2022 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**

* Documents involving communication with Safarian/panel counsel
* Documents created by and between claims reps regarding "opinions" of outside counsel.
* Documents created by and between claims reps made in the ordinary course of business.
* Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 001014-1015 | 5/30/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Jennifer Hoffman, Esq. -Litigation counsel Jeffrey Crowe, Esq. – Litigation counsel Chris Quesada – Sheppard Mullin Andrea Warren, Esq. – Litigation counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel and litigation counsel. | A-CP, AWP |
| SF-CF (HO) 001035 | 5/28/2024 | State Farm Legal Dept. | Stacey Allman – State Farm Claims Dept. Chad Zimmerman – State Farm Claims Dept. State Farm Legal Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving State Farm Legal Dept. re the Lacey v. State Farm action | A-CP, AWP, NR Post-Litigation |
| SF-CF (HO) 001086-1088 | 5/28/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Legal Dept. Jamie Johnson – State Farm Claims Dept. Tony Nelson – State Farm Claims Dept. Stacey Allman – State Farm Claims Dept. Chad Zimmerman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving State Farm Legal Dept. re the Lacey v. State Farm action. | A-CP, AWP, NR Post-Litigation |
| SF-CF (HO) 001107, 1111 | 5/20/2024 | Kathleen Jaskowiak – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Chad Zimmerman – State Farm Claims Dept. Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001113-1120 | 5/20/2024 | Kathleen Jaskowiak – Tessler LLP | State Farm Claims Dept. Mailbox Chad Zimmerman – State Farm Claims Dept. Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachments. | A-CP, AWP |
| SF-CF (HO) 001121, 1125 | 5/10/2024 | Julie Knaus – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
* Documents involving communication with Safarian/panel counsel
* Documents created by and between claims reps regarding "opinions" of outside counsel.
* Documents created by and between claims reps made in the ordinary course of business.
* Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 001141-1143, 1166-1170 | 5/9/2024 – 5/8/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001171 | 5/8/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001193 | 5/8/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001303-1311 | 4/4/2024 – 3/11/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001312-1316 | 3/13/2024-3/12/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001317-1324 | 4/4/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001354 | 3/28/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001378-1383 | 3/27/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001394-1395 | 3/27/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001429, 1432-1433 | 3/25/2024 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
* Documents involving communication with Safarian/panel counsel
* Documents created by and between claims reps regarding "opinions" of outside counsel.
* Documents created by and between claims reps made in the ordinary course of business.
* Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 001452-1453 | 3/23/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001461 | 3/21/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001505-1506 | 3/5/2024 – 2/28/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001507 | 2/28/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001513 | 2/15/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001520, 1526 | 2/1/2024 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001528-1538 | 1/31/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Nicole Perren – Tessler LLP | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001540-1542 | 1/31/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. Nicole Perren – Tessler LLP | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001544-1553 | 1/31/2024 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Nicole Perren – Tessler LLP Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001555-1560 | 1/31/2024 – 1/30/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 001561-1565 | 1/31/2024 – 1/30/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001569-1571 | 1/30/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001586-1588 | 1/29/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001589-1590 | 1/23/2024 | Stacey Allman – State Farm Claims Dept. | Harry Safarian, Esq. – Monitoring Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001646-1647 | 10/18/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001648 | 10/19/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001738-1739 | 10/4/2023 | Harry Safarian, Esq. – Monitoring Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP |
| SF-CF (HO) 001740-1741 | 10/3/2023 | Rebecca Ehrmman – Tessler LLP | State Farm Claims Dept. Mailbox Pierre Brookins – State Farm Claims Dept. Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment.. | A-CP, AWP |
| SF-CF (HO) 001742-1 | 9/11/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Nicole Perren – Tessler LLP | Email strng communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001763-1775 | 8/31/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment.. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3

10/24/2024

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 001790-1792 | 8/23/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001821-1823 | 7/31/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001824 | 7/26/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 001833-1838 | 7/24/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001839-1841 | 7/20/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001843-1846 | 7/21/2023 – 7/20/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001857-1859 | 7/20/2023 | Christina Karayan, Esq. – Monitoring Counsel | Harry Safarian, Esq. – Monitoring Counsel Stacey Allman – State Farm Claims Dept. | Email communication reflecting legal communications, oversight and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action. | ACP |
| SF-CF (HO) 001860-1871 | 7/19/2023 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 001914-1917 | 7/18/2023 | Christina Karayan, Esq. – Monitoring Counsel | Harry Safarian, Esq. – Monitoring Counsel Stacey Allman – State Farm Claims Dept. | Email communication reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action. | ACP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 001924-1928 | 7/18/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel<br>Christina Karayan, Esq. – Monitoring Counsel<br>Harry Safarian, Esq. – Monitoring Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002232-2238 | 2/1/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept.<br>State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002645 | 11/2/2021 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept.<br>Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 002646 | 10/27/2021 | State Farm Claims Dept. | State Farm Claims Dept. Mailbox | Email communication reflecting confidential legal fee information. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 002647-2648 | 10/25/2021 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept.<br>State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002649-2659 | 10/14/2021 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept.<br>State Farm Claims Dept. Mailbox<br>Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002660-2670, 2679-2689, 2690-2700 | 10/14/2021 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept.<br>Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 002709, 2713 | 9/28/2021 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept.<br>State Farm Claims Dept. Mailbox<br>Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 002722-2723 | 9/14/2021 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 002724-2738 | 8/31/2021 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3

10/24/2024

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 002745, 2749 | 8/26/2021 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 002770-2782 | 8/11/2021 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002783-2796 | 8/6/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. Susie Deason – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002823-2832 | 7/19/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002833-2850 | 6/29/2021 | Amy Hulick, Esq. – Coverage Counsel | Pierre Brookins -State Farm Claims Dept. William Lowe, Esq. – Coverage Counsel | Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment.. | A-CP, AWP |
| SF-CF (HO) 002851-2860 | 6/24/2021 – 6/21/2021 | Amy Hulick, Esq. – Coverage Counsel | Pierre Brookins -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment.. | A-CP, AWP |
| SF-CF (HO) 002872 | 6/7/2021 | Amy Hulick, Esq. – Coverage Counsel | Pierre Brookins -State Farm Claims Dept. William Lowe, Esq. – Wade & Lowe | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 002907-2913 | 5/20/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment.. | A-CP, AWP |
| SF-CF (HO) 002920-2922 | 4/19/2021 – 4/9/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 002942-2951 | 4/9/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 003015, 3030 | 2/5/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003031-3047 | 2/4/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003159-3174 | 11/11/2020 | Julie Knaus – Wade & Lowe | Pierre Brookins -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003175-3179 | 11/2/2020 | Pierre Brookins -State Farm Claims Dept. | Wade & Lowe – Coverage Counsel | Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003214-3215 | 4/17/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003216-3217 | 4/4/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003218-3219 | 4/4/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003231-3235 | 3/26/2024 – 7/20/2023 | Stacey Allman – State Farm Claims Dept. | Harry Safarian, Esq. – Monitoring Counsel Christina Karayan, Esq. – Monitoring Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP |
| SF-CF (HO) 003245-3246 | 3/25/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003247-3248 | 3/28/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 003251-3254 | 1/30/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003255-3256 | 1/29/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003257-3258 | 1/25/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003259-3260 | 1/23/2024 | Stacey Allman – State Farm Claims Dept. | Harry Safarian, Esq. – Monitoring Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving monitoring counsel regarding the remaining claims in the Abdullah Action. | A-CP |
| SF-CF (HO) 003263-3264 | 12/13/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003267-3269 | 10/19/2023 - 10/18/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003272-3273 | 10/18/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003278-3279 | 8/31/2023 | Nicole Perren – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003328-3329 | 7/3/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003334-3335 | 2/13/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 003336 | 2/8/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003356-3357 | 2/7/2023 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003371 | 2/7/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003388-3390 | 2/2/2023 | Julie Knaus – Wade & Lowe | Stacey Allman -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003397-3398 | 1/26/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003422-3425 | 1/17/2023 – 1/12/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003426-3427 | 1/12/2023 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003458 | 9/1/2021 | Stacey Allman – State Farm Claims Dept. | Wade & Lowe. – Coverage Counsel | Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003463 | 7/7/2021 | Stacey Allman – State Farm Claims Dept. | Wade & Lowe. – Coverage Counsel | Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003476-3509 | 5/28/2024 | State Farm Legal Dept. | Stacey Allman – State Farm Claims Dept. Chad Zimmerman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email string communication reflecting legal communications, oversight, opinions and strategy involving State Farm Legal Dept. re the Lacey v. State Farm action | A-CP, AWP, NR Post-Litigation |

**LEGEND:**
* Documents involving communication with Safarian/panel counsel
* Documents created by and between claims reps regarding "opinions" of outside counsel.
* Documents created by and between claims reps made in the ordinary course of business.
* Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 003510 | 5/21/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. Chad Zimmerman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003535-3538 | 5/18/2024 – 5/15/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. Chad Zimmerman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel.re the Lacey v. State Farm action. | A-CP, AWP, NR Post-Litigation |
| SF-CF (HO) 003580 | 5/15/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel.re the Lacey v. State Farm action. | A-CP, AWP |
| SF-CF (HO) 003609-3615 | 3/25/2024 – 1/30/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003616-3618 | 3/14/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003619-3622 | 2/21/2024 | Angela Dennis – Tressler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting confidential legal fee information with coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003676 | 8/27/2021 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003682 | 8/27/2021 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

SMRH:4888-1723-2362.3

10/24/2024

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 003687 | 8/27/2021 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003689, 3696 | 8/9/2021 | Julie Knaus – Wade & Lowe | Stacey Allman -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003697, 3705 | 7/28/2021 | Julie Knaus – Wade & Lowe | Stacey Allman -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003715 | 6/21/2021 | Amy Hulick, Esq. – Coverage Counsel | Pierre Brookins – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003734-3735 | 5/26/2021 | Arhlene Buning-Perez – Wade & Lowe | Stacey Allman -State Farm Claims Dept. State Farm Claims Dept. Mailbox William Lowe, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003758-3760 | 2/2/2021 | Kodi Heininger – Tressler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting confidential legal fee and expense information with coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003778-3779 | 5/15/2024 | Stacey Allman – State Farm Claims Dept. | Chad Zimmerman – State Farm Claims Dept. Amy Hulick, Esq. – Coverage Counsel State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003803 | 7/28/2021 | Susie Deason - State Farm Claims Dept. State Farm Claims Dept. Mailbox | Julie Knaus – Wade & Lowe | Email communication reflecting confidential legal fee and expense information with coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003805 | 5/5/2021 – 4/30/2021 | Pierre Brookins - State Farm Claims Dept. | Julie Knaus – Wade & Lowe State Farm Claims Dept. Mailbox | Email string communication reflecting confidential legal fee and expense information with coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003806-3815 | 4/19/2021 - 4/9/2021 | Joyce Bray - State Farm Claims Dept. | Pierre Brookins - State Farm Claims Dept. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |

**LEGEND:**

• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 003817-3818 | 11/2/2020 | Claudia Handlen – Wade & Lowe | Pierre Brookins - State Farm Claims Dept William Lowe, Esq. – Coverage Counsel | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003819 | 11/2/2020 | Pierre Brookins - State Farm Claims Dept | Claudia Handlen – Wade & Lowe | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003820 | 3/27/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003847-3848 | 7/9/2021 | Julie Knaus – Wade & Lowe | Stacey Allman - State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 003867-3875 | 5/26/2021 | Arhlene Buning-Perez – Wade & Lowe | Stacey Allman -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003876-3884 | 4/30/2021 | Julie Knaus – Wade & Lowe | Pierre Brookins - State Farm Claims Dept State Farm Claims Dept. Mailbox | Communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 003999 | 10/22/2021 | State Farm Claims Dept. | State Farm Claims Dept. Mailbox | Email communication regarding confidential legal fee payment information. | A-CP, AWP, Not Relevant |
| SF-CF (HO) 004078-4080 | 7/8/2024 – 6/21/2024 | Amy Sutter (fka Hulick), Esq. – Coverage Counsel | Stacey Allman -State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004081-4082 | 6/27/2024 | Julie Knaus – Tessler LLP | Stacey Allman - State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004083-4084 | 6/21/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
* Documents involving communication with Safarian/panel counsel
* Documents created by and between claims reps regarding "opinions" of outside counsel.
* Documents created by and between claims reps made in the ordinary course of business.
* Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 004085 | 6/18/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004105 | 7/8/2024 | Amy Sutter (fka Hulick), Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004121 | 7/6/2024 | Amy Sutter (fka Hulick), Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004126 | 7/5/2024 | Amy Sutter (fka Hulick), Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004129 | 6/28/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004136-4137 | 6/26/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004138-4150 | 6/25/2024 | State Farm Legal Dept. | Stacey Allman – State Farm Claims Dept. Chad Zimmerman - State Farm Claims Dept. | Redaction of email reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP, NR Post Litigation |
| SF-CF (HO) 004151 - 4156 | 6/25/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel with attachment. | A-CP, AWP |
| SF-CF (HO) 004158 | 6/21/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004169 | 6/19/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3

10/24/2024

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 004176 | 6/19/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004184 | 6/19/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. Jennifer Hoffman, Esq. -Litigation counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004190 | 6/18/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004195 | 6/18/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email string communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004198 | 6/14/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004210 | 6/27/2024 | Julie Knaus – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004216 | 6/26/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004239-4240 | 6/26/2024 | Stacey Allman – State Farm Claims Dept. | Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004241 | 6/25/22024 | Kathy Jaskowiak – Tessler LLP | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. Amy Hulick, Esq. – Coverage Counsel | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (HO) 004248 | 6/21/2024 | Amy Hulick, Esq. – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (HO) 004258-4270 | 8/2/2024 | State Farm Legal Dept. | State Farm Claims Dept. Mailbox | Redaction of email reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP, NR Post Litigation |
| SF-CF (HO) 004290-4302 | 6/25/2024 | State Farm Legal Dept. | Stacey Allman – State Farm Claims Dept. Chad Zimmerman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Redaction of email reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, AWP, NR Post Litigation |
| SF-CF (HO) 004303-4304 | 6/19/2024 – 6/18/2024 | Jennifer Hoffman, Esq. – Litigation counsel | Amy Hulick, Esq. – Coverage Counsel Stacey Allman – State Farm Claims Dept. State Farm Claims Dept Mailbox. | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel and coverage counsel in the Lacey v. State Farm action. | A-CP, AWP |
| **STATE FARM CLAIM FILE (PLUP)** | | | | | |
| SF-CF (PLUP) 000012, 14-15, 55 | Various Dates | State Farm Claims Dept. | State Farm Claim File | Redactions of private and confidential business information. | A-CP, AWP, Not Relevant |
| SF-CF (PLUP) 000025 | 8/5/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000025 | 6/26/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |

LEGEND:
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

SMRH:4888-1723-2362.3                    -50-                    10/24/2024

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

### JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (PLUP) 000025 | 6/11/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000025-26 | 6/11/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000026 | 5/31/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000026 | 5/30/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000026, 88 | 5/20/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000026 | 5/3/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000026-27, 89 | 4/1/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000028 | 3/31/2021 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000028 | 3/31/2021 | Joyce Bray – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (PLUP) 000028 | 3/30/2021 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000029, 85 | 2/22/2021 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000029 | 2/10/2021 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000029-30, 90 | 2/8/2021 | Joyce Bray – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000031, 86 | 11/2/2021 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000033 | 6/11/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000033 | 5/30/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000041 | 6/11/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000042 | 5/31/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |

LEGEND:
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

## STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (PLUP) 000042 | 5/31/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000048-49 | 3/31/2021 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000055 | 5/28/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000055 | 5/9/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000074 | 11/17/2020 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000074-75 | 11/18/2020 | Richard Marks – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000075-76 | 11/18/2020 | Richard Marks – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000076 | 11/18/2020 | Jamie Johnson – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000084 | 5/3/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000085 | 2/22/2021 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| | | | | | |
|---|---|---|---|---|---|
| SF-CF (PLUP) 000086 | 11/2/2020 | Pierre Brookins – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000086 | 8/5/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000086 | 6/26/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000087 | 6/11/2024 | Nick Wireman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-CF (PLUP) 000088 | 5/20/2024 | Chad Zimmerman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000090 | 2/8/2021 | Joyce Bray – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000094 | 6/26/2024 | Stacey Allman – State Farm Claims Dept. | State Farm Claim File | Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000177-178 | 6/26/2024 | Amy Hulick, Esq.  – Coverage Counsel | Stacey Allman – State Farm Claims Dept. State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel. | A-CP, AWP |
| SF-CF (PLUP) 000555 | 6/18/2024 | Amy Hulick, Esq.  – Coverage Counsel | Jennifer Hoffman, Esq. – Litigation counsel State Farm Claims Dept. Mailbox | Email communication reflecting legal communications, oversight, opinions and strategy involving coverage counsel and litigation counsel in the Lacey v. State Farm action. | A-CP, AWP, NR Post Litigation |

**LEGEND:**
- Documents involving communication with Safarian/panel counsel
- Documents created by and between claims reps regarding "opinions" of outside counsel.
- Documents created by and between claims reps made in the ordinary course of business.
- Documents lacking information necessary to review propriety of privilege claim.

**STATE FARM GENERAL INSURANCE COMPANY'S LOG OF REDACTIONS AND DOCUMENTS WITHHELD FROM DISCLOSURE**

JACKIE LACEY v. STATE FARM GENERAL INSURANCE CO.

| STATE FARM UNDERWRITING FILE (UW) | | | | | |
|---|---|---|---|---|---|
| SF-UW 000109 | 5/24/2024 | State Farm Underwriting Dept. | State Farm Underwriting File | Redaction of underwriting note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |
| SF-UW 000126 | 5/24/2024 | State Farm Underwriting Dept. | State Farm Underwriting File | Redaction of underwriting note reflecting legal communications, oversight, opinions and strategy involving litigation counsel in the Lacey v. State Farm action. | A-CP, NR – Post Litigation |

LEGEND:
• Documents involving communication with Safarian/panel counsel
• Documents created by and between claims reps regarding "opinions" of outside counsel.
• Documents created by and between claims reps made in the ordinary course of business.
• Documents lacking information necessary to review propriety of privilege claim.

# EXHIBIT C

**New Suit Notification**

Style of the Case (Plaintiffs and Defendants): Abdullah v Lacey
Service (Who/When/How):Service was effected in person on 10/20/2020
Was the case filed within Statute of Limitations (Y/N): Y
Answer Due Date:11/19/2020
Is there a motion for or entry of a default judgment filed or entered (Y/N):N
Venue (State/Federal/County): Los Angeles County Superior Court
Summary of the Complaint: Claimants allege they arrived the NI home while protesting was taking place with about 40 BLM protesters when the 3 PL approached the NI home and rang the door bell 2 times. The NI Mr Lacey opens his front door and tells the protesters to get off of his porch. At this time he is holding the fun in one hand and the door in the other hand. He then allegedly points the gun at the PL and tells them that he will shoot them  if they do not leave his porch. As a result of this incident the PL are alleging that they sought treatment from medical doctors, psychologists and psychiatrist as a result of the trauma from the incident.
Are punitive damages being sought (Y/N): Y
Are Extra Contractual allegations present (Y/N):N
Facts of the case:

There is a claim being tendered to State Farm by both NI Jacquelyn Lacey and David Lacey. COA presented against the NI are as follow:

COA 1 Negligence
COA 2 Civil Rights Violations
COA 3 Assault & Battery
COA 4 Intentional Infliction of Emotional Distress

Is there an unresolved coverage question (if yes, explain):Y
What issues are in dispute: Whether the claims being presented would meet the insuring agreement
Any modifiers that may impact the outcome: N/A
Jurisdictional Considerations: N/A
Recommendations for handling the case: My recommendations for this case has been provided per the Request Review. ████████

████████████████████████████████████

Litigation Strategy:
What discovery is needed to support your selected litigation strategy above?     None at this time
Claimant/Plaintiff: (information needed) - Claim Specialist or Defense Attorney (timeline) N/A
Insured/Defendant: (information needed) - Claim Specialist or Defense Attorney (timeline) N/A
 Initial consultation date: N/A

11-02-2020 - 9:37 AM CST          Performer:Brookins, Pierre                    Office:COWNPHX
   **File Note:** Casualty Pending
   **Participant:**                             **COL / Line (Participant):**
   **Category:** Pending                        **Sub Category:**
 Pending
 •
 • ████████████████████████████

11-02-2020 - 9:35 AM CST          Performer:Brookins, Pierre                    Office:COWNPHX
   **File Note:** Casualty Claim Note
   **Participant:**                             **COL / Line (Participant):**
   **Category:** Claim Note                     **Sub Category:**
 Reviewed TM note sent Assignment letter to TM ████████████

10-31-2020 - 9:04 AM CST          Performer:Marks, Richard J                    Office:COWNASG
   **File Note:** Coverage
   **Participant:**                             **COL / Line (Participant):** 07 / 001(JUSTIN MARKS), 07 / 001(DAHLIA
                                                  FERLITO), 07 / 001(MELINA ABDULLAH)
   **Category:** Management                      **Sub Category:**
 Pierre, discussed this case with CSM Johnson. ████████████████████████

10-27-2020 - 3:18 PM CDT          Performer:Brookins, Pierre                    Office:COWNPHX

Date: 08-05-2024                                                                 Page 73

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only



Called and spoke with the NI atty to advise that we are going to disclaim coverage for David and we will be extending coverage to Jacquelyn subject to a reservation of rights. He advised that he would be cumis counsel. I advised that at this time we are sending this file to be handled by panel counsel.

11-18-2020 - 10:25 AM CST          Performer: Marks, Richard J                    Office:COWNASG
File Note: CSM response to RR
Participant:                                    COL / Line (Participant): 07 / 001(JUSTIN MARKS), 07 / 001(DAHLIA
                                                                            FERLITO), 07 / 001(MELINA ABDULLAH)
Category: Management                            Sub Category:

Pierre, CSM Johnson has granted authority to disclaim coverage to David Lacey and agrees with providing coverage to Jacquelyn Lacey under ROR.  Please review comments in RR

11-18-2020 - 9:58 AM CST           Performer: Marks, Richard J                    Office:COWNASG
File Note: Request Review
Participant:                                    COL / Line (Participant): 07 / 001(JUSTIN MARKS), 07 / 001(DAHLIA
                                                                            FERLITO), 07 / 001(MELINA ABDULLAH)
Category: Coverage                              Sub Category:

Submitted request review to CSM for review.

11-13-2020 - 3:07 PM CST           Performer: Allman, Stacey                      Office:COWNPHX
File Note: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Participant: WADE & LOWE                        COL / Line (Participant): 07 / 001(MELINA ABDULLAH)
Category: Coverage                              Sub Category:

11-11-2020 - 6:14 PM CST           Performer: Brookins, Pierre                   Office:COWNPHX
File Note: Casualty Contact
Participant: WADE & LOWE                        COL / Line (Participant):
Category: Contact                               Sub Category:

11-03-2020 - 1:11 PM EST           Performer: Roach, Gary                        Office:CSACHVL
File Note: Produce Claim File Complete
Participant:                                    COL / Line (Participant):
Category: Claim Note                            Sub Category:

11-02-2020 - 4:27 PM CST           Performer: Brookins, Pierre                   Office:COWNPHX
File Note:
Participant:                                    COL / Line (Participant):
Category:                                       Sub Category:

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only



| 11-02-2020 - 9:55 AM CST | Performer: Brookins, Pierre | Office:COWNPHX |
| --- | --- | --- |
| **File Note:** New Suit Notification | | |
| **Participant:** | **COL / Line (Participant):** | |
| **Category:** Litigation | **Sub Category:** | |

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only

**Participant:**                          COL (Participant):
**Category:** Pending                     **Subcategory:**

Investigation
• ~~Determine if Mrs. Lacey will be dismissed from Complaint~~
• ████████████████████████████████████
• Review and Analyze invoice from Cumis Counsel
Liability
• Finalize Liability
Evaluation
• Finalize Damages

03/08/2021 - 3:53 PM CST                  **Performer:** Brookins, Pierre          **Office:** COWNPHX
  **File Note:** Casualty Pending

**Participant:**                          COL (Participant):
**Category:** Pending                     **Subcategory:**

Pending
• MSJ will be filed for Jacquelyn Lacey
• Issue ROR for David Lacey
• Discuss with Cumis Counsel Rates
• Status conference with Cumis Counsel

02/22/2021 - 10:04 AM CST                 **Performer:** Brookins, Pierre          **Office:** COWNPHX
  **File Note:** Casualty Pending

**Participant:** DAVID LACEY               COL (Participant):
**Category:** Pending                     **Subcategory:**

Pending
• Call with Coverage Counsel and TM
• Advise the NI of our decision since the amended complaint was filed.
• Potential MSJ for Jacquelyn Lacey

12/18/2020 - 8:22 AM CST                  **Performer:** Brookins, Pierre          **Office:** COWNPHX
  **File Note:** Casualty Pending

**Participant:**                          COL (Participant):
**Category:** Pending                     **Subcategory:**

Pending
• Review Discovery Responses
• Potential MSJ for Jacquelyn Lacey
• Finailze Liability

11/02/2020 - 9:37 AM CST                  **Performer:** Brookins, Pierre          **Office:** COWNPHX
  **File Note:** Casualty Pending

**Participant:**                          COL (Participant):
**Category:** Pending                     **Subcategory:**

Pending
• ██████████████████████████
• Advise NI atty of coverage decision once evaluation complete

10/27/2020 - 3:18 PM CDT                  **Performer:** Brookins, Pierre          **Office:** COWNPHX
  **File Note:** Casualty Pending

**Participant:**                          COL (Participant):
**Category:** Pending                     **Subcategory:**

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only

SF-CF (HO) 000383

**File Note:** RE:follow up

| | |
|---|---|
| **Participant:** | **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS) |
| **Category:** Management | **Subcategory:** |

At this time DC believes that Mrs. Lacey will eventually be dismissed from this matter but there are a few more procedural hurdles they need to work through. I dont believe that there would be a conflict between Mr. & Mrs. Lacey that would call for split handing. Throughout the course of this defense I believe that their position has been unified. From Mrs. Lacey's perspetive she is alleging that she had no knowledge of what her husband was going to do while she looked out the window at the protesters and Mr. Lacey has never indicated anything different. At this time I do not feel that we need to seperate the handling of this file out

| 05/17/2021 - 5:58 PM CDT | **Performer:** Bray, Joyce | **Office:** COWNPHX |
|---|---|---|

**File Note:** follow up

| | |
|---|---|
| **Participant:** | **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS) |
| **Category:** Management | **Subcategory:** |

Pierre in follow up to my file note of 3/18 do we need to split the defense of one of the Insureds to another handler?

| 05/05/2021 - 11:40 AM CDT | **Performer:** Bray, Joyce | **Office:** COWNPHX |
|---|---|---|

**File Note:** coverage counsel response

| | |
|---|---|
| **Participant:** | **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS) |
| **Category:** Management | **Subcategory:** |

Reviewed with CS Brookins.

██████████████████████████████████████████████████████

| 05/04/2021 - 8:59 PM CDT | **Performer:** Bray, Joyce | **Office:** COWNPHX |
|---|---|---|

**File Note:** Coverage counsel letter

| | |
|---|---|
| **Participant:** | **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS) |
| **Category:** Management | **Subcategory:** |

Pierre prior to my approval please review with me what the demand is from Plaintiff counsel requiring this response from Plaintiff counsel?

| 03/18/2021 - 12:28 PM CDT | **Performer:** Bray, Joyce | **Office:** COWNPHX |
|---|---|---|

**File Note:** ILP

| | |
|---|---|
| **Participant:** | **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS) |
| **Category:** Management | **Subcategory:** |

Thank you for the outline of the ILP with defense counsel for Mr. Lacey. Pierre since Mr. and Mrs. Lacey have separate counsel we will need to determine if we should assign the defense of Mrs. Lacey to another adjuster. Is Mrs. Lacey still in the case? Also lets confirm that Mr. Lacey understands he would be responsible for any hourly billing difference between the hourly rate we are able to agree to and the rate his attorney charges. Let me know if we need to open a separate claim for Mrs. Lacey.

| 02/23/2021 - 12:19 PM CST | **Performer:** Bray, Joyce | **Office:** COWNPHX |
|---|---|---|

**File Note:** call with coverage counsel

| | |
|---|---|
| **Participant:** | **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN |

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only

MARKS)

**Category:** Management      **Subcategory:**

███████████████████████████████████████████████████████

Pierre please advise the attorney for David Lacey we will accept the defense and confirm the date we will accept the defense. Obtain the resume and information for retained by David Lacey. Draft your ROR/assignment letter for my review.

02/18/2021 - 6:13 PM CST      **Performer:** Bray, Joyce      **Office:** COWNPHX

     **File Note:** ammended complaint

**Participant:**      **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS)

     **Category:** Management      **Subcategory:**

███████████████████████████████████████████████████████

02/08/2021 - 10:39 AM CST      **Performer:** Bray, Joyce      **Office:** COWNPHX

     **File Note:** Discussion with Insureds

**Participant:**      **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS)

     **Category:** Management      **Subcategory:**

Reviewed with CS Brookins my message I left for Mrs. Lacey is if she and Mr Lacey are represented by personal counsel I would need approval from her personal counsel to discuss the claim and our coverage decisions with her or Mr. Lacey. Since that message to Mrs. Lacey we have received communication from the Insureds personal counsel that he believes SF acted in bad faith by disclaiming coverage to Mr. Lacey while providing a defense subject to Reservation to Mrs. Lacey. ███████

████████████████████████████████████████████████████

It appears we are pending an ammended complaint in this matter.

Pierre please advise me once we have the ammended complaint. ████████████████████████

████████████████████████

01/14/2021 - 6:20 PM CST      **Performer:** Bray, Joyce      **Office:** COWNPHX

     **File Note:** review

**Participant:**      **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS)

     **Category:** Management      **Subcategory:**

Reviewed CS Brookins discussion with our Named Insureds. They are not in agreement with our decision of coverage for Mr. Lacey. Based on the facts we disclaimed coverage to Mr. Lacey and are handling under Reservation for Mrs. Lacey.

Request for TM Bray to contact the Insureds to discuss our coverage decision. Will contact Mr. and Mrs. Lacey to discuss our coverage determination regarding Mr. Lacey.

12/16/2020 - 10:46 AM CST      **Performer:** Johnson, Jamie D      **Office:** CSTWDASG

     **File Note:** SM Review

**Participant:**      **COL (Participant):** 07 (MELINA ABDULLAH), 07 (DAHLIA FERLITO), 07 (JUSTIN MARKS)

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only

SF-CF (HO) 000393

03/18/2021 - 12:28 PM CDT                    Performer: Bray, Joyce                    Office: COWNPHX
  **File Note:** ILP
  **Participant:**                           COL (Participant): 07 (MELINA ABDULLAH),
                                             07 (DAHLIA FERLITO), 07
                                             (JUSTIN MARKS)
  **Category:** Management                   **Subcategory:**

Thank you for the outline of the ILP with defense counsel for Mr. Lacey. Pierre since Mr. and Mrs. Lacey have separate counsel we will need to determine if we should assign the defense of Mrs. Lacey to another adjuster. Is Mrs. Lacey still in the case? Also lets confirm that Mr. Lacey understands he would be responsible for any hourly billing difference between the hourly rate we are able to agree to and the rate his attorney charges. Let me know if we need to open a separate claim for Mrs. Lacey.

02/23/2021 - 12:19 PM CST                    Performer: Bray, Joyce                    Office: COWNPHX
  **File Note:** call with coverage counsel
  **Participant:**                           COL (Participant): 07 (MELINA ABDULLAH),
                                             07 (DAHLIA FERLITO), 07
                                             (JUSTIN MARKS)
  **Category:** Management                   **Subcategory:**

Pierre please advise the attorney for David Lacey we will accept the defense and confirm the date we will accept the defense. Obtain the resume and information for retained by David Lacey. Draft your ROR/assignment letter for my review.

02/18/2021 - 6:13 PM CST                     Performer: Bray, Joyce                    Office: COWNPHX
  **File Note:** ammended complaint
  **Participant:**                           COL (Participant): 07 (MELINA ABDULLAH),
                                             07 (DAHLIA FERLITO), 07
                                             (JUSTIN MARKS)
  **Category:** Management                   **Subcategory:**

02/08/2021 - 10:39 AM CST                    Performer: Bray, Joyce                    Office: COWNPHX
  **File Note:** Discussion with Insureds
  **Participant:**                           COL (Participant): 07 (MELINA ABDULLAH),
                                             07 (DAHLIA FERLITO), 07
                                             (JUSTIN MARKS)
  **Category:** Management                   **Subcategory:**

Reviewed with CS Brookins my message I left for Mrs. Lacey is if she and Mr Lacey are represented by personal counsel I would need approval from her personal counsel to discuss the claim and our coverage decisions with her or Mr. Lacey. Since that message to Mrs. Lacey we have received communication from the Insureds personal counsel that he believes SF acted in bad faith by disclaiming coverage to Mr. Lacey while providing a defense subject to Reservation to Mrs. Lacey.

It appears we are pending an ammended complaint in this matter.

Pierre please advise me once we have the ammended complaint

STATE FARM CONFIDENTIAL INFORMATION
Distribution on a Business Need to Know Basis Only

SF-CF (HO) 000454