SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
ANDRE J. CRONTHALL, Cal. Bar No. 117088
350 S. Grand Avenue, 40th Floor
Los Angeles, CA 90071-3460
Telephone:  213.620.1780
Facsimile:  213.620.1398
E mail:        jhoffman@sheppardmullin.com
        acronthall@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130
E mail:        jcrowe@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, CA 92101-3598
Telephone:  619.338.6500
Facsimile:  619.234.3815
E mail:        awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016, <br><br> Plaintiffs, <br><br> v. <br><br> STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive, <br><br> Defendants. | Case No.: 2:24-cv-05205-FMO-MAA <br><br> **NOTICE OF SUBMISSION OF SUPPLEMENTAL LETTER BRIEF TO JAMS RE IDC ISSUES** <br><br> Judge:  Hon. Fernando M. Olguin <br> Crtrm:  6D <br> First Street Courthouse <br><br> Mag.:  Hon. Maria A. Audero <br> Crtrm:  880 <br> Roybal Federal Building |

SMRH:4920-5625-0422.1
NOTICE OF SUBMISSION OF SUPPLEMENTAL LETTER BRIEF TO JAMS RE IDC ISSUES

TO THE SPECIAL MASTER, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to the Special Master's direction during the April 7, 2025 hearing Defendant State Farm General Insurance Company ("State Farm") submits this Notice regarding its supplemental brief regarding IDC issues.  A copy of the Supplemental Letter Brief is attached hereto as Exhibit A.

Dated:  April 14, 2025          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By          /s/ Jennifer M. Hoffman
JENNIFER M. HOFFMAN
ANDRE J. CRONTHAL
ANDREA S. WARREN

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

SMRH:4920-5625-0422.1          NOTICE OF SUBMISSION OF SUPPLEMENTAL LETTER BRIEF TO JAMS RE IDC ISSUES

# EXHIBIT A

**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
213.620.1780 main
213.620.1398 fax
www.sheppardmullin.com

Jennifer M. Hoffman
213.617.4136 direct
jhoffman@sheppardmullin.com

April 14, 2025

File Number:  057V-391525

**VIA E-MAIL**

Hon. Michael R. Wilner (Ret.)
Special Master
JAMS
555 West 5th Street, 32nd Floor
Los Angeles, CA 90013

Re:    Jacquelyn "Jackie" Lacey v. State Farm General Insurance Company – IDC 10
         JAMS Reference Number 1210040394


Dear Judge Wilner:

Thank you for the opportunity to provide supplemental briefing on the propriety of ordering in camera review to assess State Farm's privilege claim.

As stated during the April 7 hearing, State Farm objects to in camera review because of the intrusion that it necessarily imposes on the attorney-client privilege.  California law governs the privilege in this diversity action, and prohibits mandatory inspection of its privileged materials.  But, even if the Special Master applied federal privilege law (which it should not do), it prohibits inspection on this record too.

State Farm has diligently and promptly provided privilege logs and amended logs throughout the discovery process, and applied targeted redactions where possible in lieu of withholding entire documents.  State Farm has also submitted evidence to provide context on its attorney-client relationship and demonstrate that the dominant purpose of coverage counsel's retention was to provide privileged coverage advice.[1]  In contrast, Plaintiffs' counsel have not provided *any* facts to support their broad-brush challenge to State Farm's very ability to assert privilege, which they appear to base simply on the volume of the redactions.  Accordingly, counsel have not satisfied their burden to either overcome the presumption of privilege or show that waiver or some other statutory exception generally applies.  Mandatory inspection is therefore impermissible, under either California or federal privilege law.

An in camera inspection would also be premature.  As Plaintiffs' counsel challenge State Farm's very ability to assert attorney-client privilege, the Special Master should first rule on the basic

---

[1] (*See, e.g.*, State Farm's Brief Re. Informal Discovery Conference ("IDC") Nos. 9 and 10, Section 1 & COE, Ex. B (privilege log) Ex. C (Declaration of Amy Sutter fka Hulick (Outside Coverage Counsel)); Ex. D (Declaration of Chad Zimmerman (State Farm Team Manager)).

1

**SheppardMullin**

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 2

claim of privilege.  And, if the Special Master determines that additional evidence would be helpful to assess the privilege, State Farm requests an opportunity to provide it.

1.      **State Farm Withheld or Redacted a Fraction of its Documents to Safeguard its Privileged Communications**

State Farm claimed privilege for its confidential, attorney-client communications with two law firms over a four-year period.  In 2020, State Farm retained counsel to provide legal advice regarding the *Abdullah* Action and its potential coverage obligations, which continued through 2024.  (Wade & Lowe, then Tressler LLP).  Indeed, Plaintiffs' counsel agreed that State Farm "***hired [counsel] to seek legal advice***."  (Rough Transcript of April 7, 2025 Discovery Hearing ("Hr'g Tr.")).  State Farm also retained litigation counsel to provide legal advice for this bad faith action in 2024 (Sheppard Mullin).  State Farm's subsequent claim file production, generated months after the lawsuit was filed, documented privileged communications with counsel at both firms.

State Farm withheld and redacted only those communications which it had a good faith basis to claim privilege for in its document productions and provided Plaintiff's counsel with corresponding privilege logs on October 24, 2024, February 10, 2025, and April 4, 2025.

To date, State Farm has produced approximately 750 pages of electronic claim notes and another 11,313 pages of other documents.  Of those 11,313 pages, State Farm withheld approximately 550 pages (5%) and partially redacted approximately 804 pages (7.1%).  And out of the approximately 750 pages of electronic claim notes, State Farm applied *targeted* redactions to a fraction of those pages, and withheld *none*.

In their April 4 IDC Brief, Plaintiffs' counsel attached as an exhibit selected pages of the claim notes as "exemplars" of what they characterized as purported unsupported redactions.[2] Notably, even those cherry-picked exemplars contain indicia of privileged communications on their face because they explicitly reference the fact of State Farm's communication with coverage counsel.

For example, in claim note bearing bates stamp number SF-CF (HO) 00392, State Farm partially redacted a single paragraph and left unredacted two references that demonstrate the fact of a communication with coverage counsel:

---

[2] Plaintiff's counsel's exemplars are also outdated. After the parties met and conferred on State Farm's privilege claim, State Farm re-produced its claim files four months ago, on December 18, 2024.  The excerpts herein are from the latest December 18 production.

**SheppardMullin**

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 3



And again, targeted redactions on claim note pages bearing bates stamp numbers SF-CF (HO) 000109 and SF-CF (HO) 00454 leave references to communications with coverage counsel Wade & Lowe:





**SheppardMullin**

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 4

The redactions are so targeted, that only *part* of the above note plainly documenting the call with coverage counsel is redacted.

It bears repeating that *all* of the above examples came from the "exemplars" that Plaintiff's counsel identified in their April 4 IDC Brief.  Plaintiff's counsel offered those "exemplars" as purportedly egregious examples of unsupported redactions in State Farm's files.  However, as reflected above, even those "exemplars" demonstrate the opposite.

**2.      In Camera Review is Improper**

The request for in camera review of State Farm's privileged attorney-client communications is an intrusion which has not been justified on this record.  *See* Cal. Evid. Code § 915(a) (A "presiding officer may not require disclosure of information claimed to be privileged . . . to rule on a claim of privilege . . . ."); *In re Grand Jury Investigation*, 974 F.2d 1068, 1074-75 (9th Cir. 1992) (finding inspection improper because the government failed to provide a "sufficient factual basis" to support a "reasonable, good faith belief" that inspection "may reveal evidence that information in the materials is not privileged.").  State Farm offered evidence establishing its privilege claim and Plaintiffs' counsel have not provided any legitimate basis or factual support to challenge it, whether under California or federal approaches to in camera review.

**a.      California law prohibits mandatory inspection to assess whether State Farm established its *prima facie* claim of attorney-client privilege.**

"Contrary to traditional federal practice, California 'Evidence Code [S]ection 915 prohibits a court from ordering in camera review of information claimed to be privileged in order to rule on the claim of privilege.'"  *Laub v. Horbaczewski*, 2019 WL 1744846, at *4 (C.D. Cal. Feb. 8, 2019) (citing *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 739 (2009); Cal. Evid. Code § 915(a) (vacating discovery order applying federal law and remanding to assess under California law); *see also Laub v. Horbaczewski*, 2019 WL 11029175, at *7 (C.D. Cal. Apr. 15, 2019) (subsequently denying motion to compel without ordering inspection).  Although the Ninth Circuit has not decided whether Section 915 governs in a diversity case, "[m]ost district courts to identify and consider Cal. Evid. Code § 915 have determined" that it does.  *Laub v. Horbaczewski*, 2019 WL 1744846, at *5 (collecting cases).  Those courts reason that Section

4

**Sheppard**Mullin

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 5

915 "is a rule of substance that is intertwined with the core of privilege under California law" and, accordingly, "applies in a diversity action with respect to California state law claims." *Id*. at *6.

The California Supreme Court has explained that Section 915 prohibits a court from ordering in camera review to determine if a claim is privileged because the "the primary harm in the discovery of privileged material is the disruption of [the confidential attorney-client] relationship, not the risk that parties seeking discovery may obtain information to which they are not entitled." *Costco*, 47 Cal. 4th at 740–41 (citations omitted).

Given the California Supreme Court's interpretation of Section 915 as an "important subset of the attorney-client privilege," most district courts find that Section 915 is substantive, and "intertwined with the core of privilege under California law." *Id.* at *6; *see e.g.*, *Goro v. Flowers Foods, Inc.*, 2019 WL 6252499, at *10-11 (S.D. Cal. Nov. 22, 2019) ("because of the unique interplay with California law, the Court declines to conduct such an in camera review here"); *Ritchie v. Sempra Energy*, 2015 WL 12912030, at *13 (S.D. Cal. June 11, 2015) (declining inspection because "defendant has submitted enough information to establish a *prima facie* claim of attorney-client privilege . . . [and plaintiff] has not met his burden to establish that the attorney-client privilege does not apply. Under these circumstances, 'courts are not free to ignore [Section 915's] prohibition and demand *in camera* disclosure.'"). !

Notably, Section 915 "does not prevent a court from reviewing [other] facts asserted as the basis for the privilege to determine, for example, whether the attorney-client relationship existed at the time the communication was made, whether the client intended the communication to be confidential, or whether the communication emanated from the client." *Costco*, 47 Cal. 4th at 737. Because courts may employ other means to assess privilege, courts are not "free to ignore the section's prohibition and demand in camera disclosure of the allegedly privileged information itself for this purpose." *Id.*

Rather, a court may only order inspection to protect the disclosure of privileged information *after* the challenging party demonstrates the privilege is inapplicable because either waiver or a statutory exception applies. In other words, "after the court has determined the privilege is waived or an exception applies generally, the court to protect the claimant's privacy[,] may conduct or order an in camera review of the communication at issue to determine if some protection is warranted notwithstanding the waiver or exception." *Id.* at 740; *see, e.g.*, *Ritchie*, 2015 WL 12912030, at *14 (finding mandatory inspection is prohibited because plaintiff presented "no actual evidence from which a Court could reasonably infer" that an exception applies and finding no waiver because defendant did not assert advice of counsel as a defense).

Plaintiff's counsel have not set forth any facts to make a prima facie showing that waiver or a statutory exception applies here. Instead, they challenge the very existence of the privilege, which cannot be assessed based on a mandatory in camera review. Rather, the Special Master must determine whether State Farm has properly asserted privilege based on the non-privileged evidence submitted. If the Special Master requires additional evidence to make that determination, State Farm should be provided the opportunity to provide it.

5

**SheppardMullin**

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 6

**b.    To order in camera inspection under federal law, the challenger must offer a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal that a document is not privileged.**

Even under federal privilege law, in camera review is "an intrusion which must be justified." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992). Accordingly, to obtain an order for inspection, a party must "show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Id.* at 1074–75 (finding a company's privilege log and affidavits sufficient to show its *prima facie* claim and that the government failed to meet the threshold for inspection of documents claimed privileged under federal law, not California law).

Importantly, a party "may not rely solely on speculation that the primary purpose of the communication is something other than seeking or obtaining legal advice, or that the document does not contain legal advice merely because no attorney participated in the communication." *In re Google RTB Consumer Priv. Litig.*, 2024 WL 3642191, at *5 (N.D. Cal. Aug. 1, 2024) (involving claim of privilege under federal law, not California law).

Instead, a party "must provide a *factual basis* sufficient to support a *reasonable, good faith* belief that *in camera* inspection may reveal that the logged document is not privileged . . . . It is not sufficient for plaintiffs to rely solely on the absence of information about the underlying document." *Id.* at *4 (emphasis in original).

And even where a party makes that showing, a court may still decline inspection. *In re Google RTB Consumer Priv. Litig.*, 2024 WL 3642191, at *2 ("The court's discretion is guided by the following factors: (a) the amount of material to be reviewed, (b) the relevance of the material to the case, and (c) the likelihood that in camera review will reveal evidence establishing that the material is not privileged.").

In *In re Google*, for example, the court declined to order in camera review and instead adopted a "practical approach" of ordering Google to re-review its log and redactions based on guidance from the court regarding each disputed category of withheld documents. *Id.* at *5.

**c.    Plaintiff's counsel does not assert facts or legitimate grounds to challenge State Farm's privilege claim.**

State Farm provided ample support for its privilege claim with its April 4 IDC Brief. (*See* State Farm's Brief Re. IDC Nos. 9 and 10, Section 1 & COE, Ex. B (privilege log), Ex. C (Declaration of Amy Sutter fka Hulick (Outside Coverage Counsel), Ex. D (Declaration of Chad Zimmerman (State Farm Team Manager).). Plaintiff's counsel, in turn, failed to offer any evidence or cognizable argument to question the assertion of privilege. To the contrary, they acknowledged that State Farm "hired [counsel] to seek legal advice." (Hr'g Tr.).

*First*, counsel's challenge to virtually every entry on State Farm's privilege log because State Farm withheld "at least 500 documents" is insufficient and inaccurate. For example, in *Ritchie v. Sempra Energy*, a magistrate judge rejected the argument that a defendant was attempting to

6

**SheppardMullin**

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 7

hide communications "based on the number of documents produced and withheld" and thought it was pure speculation because it was "not surprising that attorneys would be heavily involved" given the nature of the case.  2015 WL 12912030, at *6.  There, the defendant produced approximately 2,356 documents and withheld 600 as privileged (25%).[3]  *Id*. at *5-6.  The court found "nothing suspicious" about the number of documents withheld since it involved a land dispute spanning over at least four years.  *Id.* at *2, 6.

Here, State Farm produced 12,063 pages and withheld only approximately 550 pages—less than 5%.  Most privilege log entries relate to targeted redactions, not wholly withheld documents.  Even with respect to the 750 pages of claim file notes, which document about four-years of privileged communications, State Farm applied *targeted* redactions to approximately 255 pages (34%) and withheld *none*.

**Second**, counsel **speculates** that certain communications between State Farm and its coverage counsel may not contain legal advice, and therefore, there is no privilege. (Hr'g Tr. ("The Court: So . . . you[r] contention is 100 percent of [these discussions] may not be protected by the privilege because maybe some measurable number were not for the purposes of seeking legal advice?  Mr. Copeland: Yes.")).

That fails, because application of the privilege turns on the relationship between State Farm and its counsel—**not** the purpose or content of specific communications.  *Ritchie*, 2015 WL 12912030, at *7 ("[T]he California Supreme Court in *Costco v. Superior Court*, 47 Cal.4th 725, instructed that the 'proper procedure' to determine whether the attorney-client privilege applies is to consider 'the dominant purpose *of the relationship*' rather than the dominant purpose of a particular communication."); *see also* State Farm's Brief Re. IDC Nos. 9 and 10, Section 1).

State Farm's evidence shows that the dominant purpose of the relationship between State Farm and its coverage counsel was to seek coverage advice.  (State Farm's Brief Re. IDC Nos. 9 and 10, COE, Ex. C (Declaration of Amy Sutter fka Hulick (Outside Coverage Counsel), Ex. D (Declaration of Chad Zimmerman (State Farm Team Manager)).   And counsel agrees.  (Hr'g Tr. ("The Court: . . . [W]hy else would State Farm ha[ve] hired an outside lawyer other than to seek legal advice?  Mr. Copeland: I'm not suggesting, your Honor . . . . in the first instance.  They hired her to seek legal advice.")  Accordingly, there is a presumption of privilege.

Plaintiff's counsel provided no factual support or legal basis to overcome that presumption.  Rather, they questioned privilege because they speculated that there may be some "instances" where a particular communication between State Farm and its coverage counsel did not contain legal advice.  Counsel however "may not rely solely on speculation that the primary purpose of the communication is something other than seeking or obtaining legal advice" to require in camera review.  *In re Google RTB Consumer Priv. Litig.*, 2024 WL 3642191, at *5.  Again, it bears repeating that at the hearing, counsel acknowledged that State Farm "hired [coverage counsel] **to seek legal advice**."  (Hr'g Tr.) (emphasis added).

---

[3] The plaintiff in *Ritchie* contended that defendant withheld 3,159 communications; defendant explained the difference was based on the way e-mails were counted.  *Id*. at *5-6.

**SheppardMullin**

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 8

***Third***, counsel contends that State Farm provided insufficient descriptions on their privilege log and improperly redacted documents because, as Mr. Copeland stated, "we don't trust the redactions and we certainly don't trust the assertion of privilege."  (Hr'g Tr.; Plaintiff's April 4, 2025 IDC Brief at 1-2).  But providing more detail about the communication itself would invade the privilege or a potentially amount to a waiver, and counsel could not articulate what additional context was needed to describe the privileged information other than that they need "more."  (Hr'g Tr.).  The Special Master responded, "Of course not . . . they have redacted that bit."  (Hr'g Tr.).

In reviewing specific excerpts that Plaintiff's counsel selected, counsel said they "do not believe given the context of [these] document[s] that legal advice is contained . . . [because the] document itself provides "no evidence" that what was conveyed was "a result of communications from legal advice" received.  (Hr'g Tr.).  But it "is not sufficient for [counsel] to rely solely on the absence of information about the underlying document" to provide a *factual basis* sufficient to support a *reasonable, good faith* belief that *in camera* inspection may reveal that the logged document is not privileged."  *In re Google RTB Consumer Priv. Litig.*, 2024 WL 3642191, at *4 (emphasis in original).

State Farm was judicious in asserting privilege because, where possible, it applied tailored redactions rather than withholding entire documents.  And, as reflected above, even the exemplars that Plaintiff's counsel cherry-picked as purportedly egregious examples of redactions reference the fact of a communication with coverage counsel on their face.  Inspection is not justified.

***Finally****,* Plaintiff's counsel's brief asserted that communications between "claims representatives" and other non-attorney corporate representatives could not possibly be privileged.  (Plaintiff's April 4, 2025 IDC Brief at 2).  But counsel provided no legal or factual support.  Instead, at the hearing, counsel acknowledged that State Farm is entitled to share its privileged attorney-client communications within the company.

> The Court: Am I also correct that you had the contention that the sharing of Ms. Sutter's legal advice within and among these claim representatives is that problematic?
>
> Mr. Copeland: It is not problematic your Honor. If it's true again assuming that it was all true and above board –
>
> [ . . .]
>
> The Court: My question to you was about five minutes ago if Ms. Sutter had made communications to a person within the claims function at State Farm and that person then conveyed that information to a colleague at State Farm, I thought I read your papers to say well that transfer vitiates eliminates the privilege, and you immediately said yes. That's California law. Did I misunderstand?
>
> Mr. Copeland: I don't think you misunderstood.

**Sheppard**Mullin

Hon. Michael R. Wilner (Ret.)
April 14, 2025
Page 9

(Hr'g Tr.).  Indeed, State Farm cited authority supporting application of the privilege to such intra-company communications.  *Zurich American v. Superior Court*, 155 Cal. App. 4th 1485,1502-03 (Cal. Ct. App. 2007); *U.S. Specialty Ins. Co. v. Capitol Films U.S., LLC*, 2008 WL 11340369, at *4-5 (C.D. Cal. Oct. 7, 2008).

Again, this argument fails because counsel "may not rely solely on speculation . . . that the document does not contain legal advice merely because no attorney participated in the communication" to require in camera review.  *In re Google RTB Consumer Priv. Litig.*, 2024 WL 3642191, at *5.

In sum, counsel has offered no legitimate basis, let alone factual support, to negate State Farm's privilege claim or argue that waiver or an exception applies.

Because they have not satisfied their burden, mandatory inspection is not permitted.

Accordingly, State Farm respectfully requests that the Special Master deny Plaintiff's motion challenging State Farm's assertion of privilege without ordering in camera review of any privileged communications.  If, however, the Special Master believes that additional evidence is necessary to support the claim of privilege, apart from privileged communications, State Farm requests the opportunity to provide it.

Sincerely,

*/s/ Jennifer Hoffman*

Jennifer M. Hoffman
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:4906-5681-7715.6

cc:     Trent Copeland, Esq. (via Email)
        Ryan Q. Keech, Esq. (via Email)
        Kevin A. Asfour, Esq. (via Email)
        Zachary T. Timm, Esq. (via Email)
        Keian Vahedy, Esq. (via Email)