1  ELLIS GEORGE LLP
   Eric M. George (SBN 166403)
2  egeorge@ellisgeorge.com
   Trent Copeland (SBN 136890)
3  tcopeland@ellisgeorge.com
   2121 Avenue of the Stars, 30th Floor
4  Los Angeles, California 90067
   Telephone:  (310) 274-7100
5  Facsimile:   (310) 275-5697

6  K&L GATES LLP
   Ryan Q. Keech (SBN 280306)
7  Ryan.Keech@klgates.com
   Kevin S. Asfour (SBN 228993)
8  Kevin.Asfour@klgates.com
   Keian Vahedy (SBN 316708)
9  Keian.Vahedy@klgates.com
   10100 Santa Monica Blvd., 8th Floor
10 Los Angeles, California 90067
   Telephone:  (310) 552-5000
11 Facsimile:   (310) 552-5001

12 Attorneys for Plaintiff Jacquelyn "Jackie"
   Lacey (in her individual capacity and as trustee
13 of the D and J Lacey Family Trust)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No. 2:24-cv-05205-FMO-MAA<br><br>*Judge:  Hon. Fernando M. Olguin*<br><br>**PLAINTIFF JACQUELYN "JACKIE" LACEY'S BRIEF IN SUPPORT OF OBTAINING RELEVANT, NON-PRIVILEGED DOCUMENTS FROM DEFENDANT STATE FARM GENERAL INSURANCE COMPANY** |

508432015.1

CASE NO. 2:24-CV-05205-FMO-MAA
PLAINTIFF'S BRIEF IN SUPPORT OF OBTAINING RELEVANT, NON-PRIVILEGED DOCUMENTS
FROM DEFENDANT STATE FARM GENERAL INSURANCE COMPANY

Pursuant to the Special Master's instructions on April 7, 2025, Plaintiff Jacquelyn Lacey, individually, and as trustee of the D and J. Lacey Family Trust Dated November 23, 2016 ("Plaintiff") submits this brief to further address defendant State Farm General Insurance Company's ("State Farm") unjustified withholding of relevant, non-privileged documents and communications in its privilege log.

## I.     PRELIMINARY STATEMENT

This motion presents a focused and practical request: that the Court exercise its authority under California Evidence Code § 915(a) and (b) to conduct an in camera review of a discrete set of documents for which Defendant State Farm asserts attorney-client privilege or work product protection, despite lacking a sufficient factual or legal basis for doing so. The essential issue before the Court is whether State Farm may shield from discovery internal claims handling communications – many involving no attorneys, and created in the ordinary course of business – based solely on generalized and repetitive assertions of privilege that fail to meet the threshold burden required by law.

At the center of this case is a fundamental question: Did State Farm act in bad faith when it denied or delayed coverage for the Laceys' claim? That inquiry necessarily turns on the conduct and state of mind of the decision-makers—specifically, State Farm's claims adjusters—whose internal communications and reasoning during the claims process are directly at issue. Yet State Farm now seeks to withhold precisely those communications through boilerplate assertions of privilege, despite failing to demonstrate that any recognized legal privilege in fact applies.

Plaintiff challenges only a narrow subset of the documents identified in State Farm's privilege log—specifically, those highlighted in red and green in Exhibit B to Plaintiff's April 4, 2025 Letter Brief to the Special Master. The red entries concern communications between claims representatives made during the ordinary course of claims handling, while the green entries reflect internal discussions about purported

508432015.1

1       CASE NO. 2:24-CV-05205-FMO-MAA
PLAINTIFF'S BRIEF IN SUPPORT OF OBTAINING RELEVANT, NON-PRIVILEGED DOCUMENTS FROM DEFENDANT STATE FARM GENERAL INSURANCE COMPANY

"opinions" of outside counsel, though it is unclear whether those opinions were ever formally requested or provided as legal advice. Crucially, many of these documents were created at or near key decision points—when the claim was first tendered, when coverage was denied, and when it was later accepted under a reservation of rights—making them highly relevant to the bad faith analysis.

State Farm's privilege log does not provide individualized or substantive justifications for withholding these documents. Instead, it relies on uniform, cut-and-paste assertions that offer no meaningful detail on the nature or context of the communications. This lack of specificity precludes both Plaintiff and the Court from evaluating the legitimacy of the privilege claims. Moreover, State Farm has already selectively disclosed portions of the same communications, raising serious concerns about waiver and fairness.

Evidence Code § 915(b) is tailored for precisely this type of discovery dispute. Where, as here, a prima facie showing has been made that the claimed privilege may not apply, and the proponent has failed to substantiate its claim, the Court is expressly authorized to conduct an in camera review to resolve the issue. This mechanism is not only appropriate but necessary to safeguard the integrity of the discovery process, particularly where withheld documents go to the heart of the case.

Plaintiff's request is modest, narrowly tailored, and consistent with both statutory authority and principles of fairness. A limited in camera review of these selected documents (or a subset of these challenged documents) will allow the Court to determine whether State Farm's privilege claims are valid or merely an attempt to shield relevant, discoverable evidence. Because these documents bear directly on the conduct and state of mind of the claims personnel whose decisions are central to the bad faith claim, Plaintiff respectfully requests that the Court grant the request for in camera review pursuant to Evidence Code § 915(a) and (b).

508432015.1

2   CASE NO. 2:24-CV-05205-FMO-MAA
PLAINTIFF'S BRIEF IN SUPPORT OF OBTAINING RELEVANT, NON-PRIVILEGED DOCUMENTS FROM DEFENDANT STATE FARM GENERAL INSURANCE COMPANY

## II. LEGAL STANDARD

Under California Evidence Code section 915(a), when a party claims that a communication is privileged, the court may conduct an *in camera* review to determine whether that claim is valid, especially where there is a dispute or uncertainty regarding the scope or waiver of the privilege.[1] *People v. Superior Court*, 25 Cal.4th 703, 725 (2001) ("A trial court has broad discretion to review materials *in camera* to determine whether a claimed privilege applies."); *see also Costco Wholesale Corp. v. Superior Court*, 47 Cal.4th 725, 739 (2009) (Court did not preclude *in camera* review entirely.  It suggested that *in camera* review may be proper when there's a sufficient showing that the privilege may not apply — *e.g.*, because of waiver, third-party involvement, or a lack of legal content.)

As the Ninth Circuit has counseled, it is not the purpose of the attorney-client privilege "to permit an attorney to conduct his client's business affairs in secret." *Matter of Fischel,* 557 F.2d 209, 211 (9th Cir. 1977).  Therefore, caution should be taken to apply the privilege strictly to ensure that "[a]n attorney's involvement in, or recommendation of, a transaction does not place a cloak of secrecy around all the incidents of such a transaction." *Id.* at 212.  Countless authorities make clear that "a litigant cannot cloak business information in privilege by involving an attorney in the communication of business matters."

## III. STATE FARM IS WITHHOLDING RELEVANT, NON-PRIVILEGED DOCUMENTS WITHIN ITS PRIVILEGE LOG

**A. State Farm Cannot Make a *Prima Facie* Showing That the "Dominant Purpose" For Its Redacted/ Withheld Documents Is For Legal Advice.**

---

[1] While section 915 would preclude reviewing the billing records in their entirety, to the extent they disclose privileged information, it does not preclude the review of redacted versions. *Lincoln General Ins. Co. v. Ryan Mercaldo LLP*, No. 13 CV 2192-W (DHB), 2015 WL 12672143 at *5 (S.D. Cal. July 31, 2015) (ordering that plaintiff reduce amount of redactions to billing records to "provide more information about the general nature of the services performed without revealing privileged communications, or attorney thought processes.")

California law requires that a party asserting the attorney-client privilege bears the burden of establishing the preliminary facts necessary to support its application. *Costco*, *supra*, 47 Cal.4th at 733; *Wellpoint Health Networks, Inc. v. Superior Court*, 59 Cal.App.4th 110, 119 (1997). As the party seeking to withhold responsive documents based on the attorney-client privilege or work product doctrine, State Farm must show why Plaintiff's request for production and/or *in camera* review should not be granted. *Mancini v. Ins. Corp.,* Case No. 07-cv-1750-L(NLS), 2009 WL 1765295, at *1 (S.D. Cal. June 18, 2009).

The California Supreme Court in *Costco* held that the "proper procedure" to determine whether the attorney-client privilege applies is to consider "the dominant purpose of the relationship" rather than the dominant purpose of a particular communication. *Costco, supra,* 47 Cal.4th at 734 (**"If... the dominant purpose of the relationship was not that of attorney and client, the communications would not be subject to the attorney-client privilege and therefore would generally be discoverable."**) *Id.* at 740 (emphasis added).

As explained by *Ivy Hotel San Diego, LLC v. Houston Casualty Co.*, Case No. 10-cv-2183-L, 2011 WL 4914941 (S.D. Cal. Oct. 17, 2011), in the context of a bad faith case, "[t]he attorney-client privilege would not be applicable if [the insurance company's] dominant purpose was to have [the law firm] provide business advice or act as an claims adjuster." *Id*. at *4; *Aetna Cas. & Surety Co. v. Superior Court*, 153 Cal.App.3d 467, 476 (1984) ("Where the evidence sought is directly at issue… a party should not be allowed to use privilege as both a sword and a shield."); *Zurich American Ins. Co. v. Superior Court*, 155 Cal.App.4th 1485, 1503 (2007) ("Communications by corporate employees that are not made at the direction of counsel or for the purpose of legal advice are not privileged.")

State Farm cannot meet its burden here, as its counsel's factual assertions are not sufficient to establish State Farm's privilege case. *See, e.g., League of California Cities v. Superior Court,* 241 Cal.App.4th 976, 991 (2015) (upholding trial court's

1. finding that litigation attorney's representations were insufficient to establish privilege and applicability of Evidence Code section 915). It is not enough to claim that as long as an attorney provides any legal advice, that *per se* turns "the dominant purpose" of the relationship into one of attorney-client rather than adjuster-insurance corporation. This argument is untenable because it ignores *Costco*'s instruction to evaluate the purpose of the relationship as a whole. Indeed, in *Costco*, the communication at issue was made <u>directly</u> to legal counsel for the purpose of obtaining legal advice. In contrast, many of the communications at issue here do not involve legal counsel, and were exchanged between claims adjusters discussing routine claim handling activities. These communications are business-oriented, not legal in nature, and do not fall within the scope of the attorney-client privilege. Additionally, other communications were originated from a claims adjuster/handler and were sent directly to "State Farm Claim File" without any indication of how, when or where an attorney communication was involved. *Costco*, *supra*, 47 Cal.4th at 739 ("The privilege... applies only when the client intends to seek legal advice and the communication is made for that purpose.")

Many courts have explained that while the attorney might be retained to both adjust a claim and provide legal advice, the question of whether the communications are privileged hinges on what purpose predominated. *See*, *e.g.*, *Cason v. Federated Life Ins. Co.*, Case No. C-10-0792 EMC, 2011 WL 1807427, 2 (N.D. Cal. May 11, 2011). Because the test is a holistic one, a few needles of legal advice amongst a haystack of claims adjusting does not turn a predominantly claims adjusting relationship into an attorney-client relationship. There are also multiple district court cases in which parties have been ordered to produce communications after a finding that the dominant purpose under the *Costco* analysis was not attorney-client. *See, e.g., Syncora Guarantee Inc. v. EMC Mortg. Corp.*, Case No. MC 13-80037 SI, 2013 WL 2552360, *3 (N.D. Cal. Jun. 10, 2013) (finding that "dominant purpose" of relationship under *Costco* was not that of attorney-client, ordering production).

Suffice to say, the dominant purpose of State Farm's redacted and withheld communications is to seek business advice and discuss claims handling functions, not legal advice. See *Costco*, *supra*, 47 Cal.4th at 735; *Davis v. City of Santa Ana*, 51 Cal.App.5th 1094, 1115 (2020). Its privilege log identifies 519 redactions and documents, each uniformly withheld as: "legal communications, oversight, opinions and strategy involving litigation counsel." Approximately 44 entries (color-coded as green) and 248 entries (color-coded as red) are claims file notes created by and between State Farm's claims representatives in the ordinary course of business. And as argued before the Special Master, these entries do not comport with the description. State Farm fails to identify even a single attorney that was either (a) the author or contributor of the "privileged" documents; or (b) a party to an allegedly confidential communication with State Farm. And the examples of this are both



expansive and egregious.

For example, State Farm's privilege log contains voluminous copy-and-paste entries stating, "redaction of claim note reflecting legal communications, oversight, opinions, and strategy involving coverage counsel," withheld as "ACP, AWP." But

508432015.1

6   CASE NO. 2:24-CV-05205-FMO-MAA
PLAINTIFF'S BRIEF IN SUPPORT OF OBTAINING RELEVANT, NON-PRIVILEGED DOCUMENTS
FROM DEFENDANT STATE FARM GENERAL INSURANCE COMPANY

upon review of the documents themselves, the authors identified are claims adjusters,

```
03-30-2021 - 12:07 PM CDT      Performer: Brookins, Pierre       Office: COWNPHX
File Note: Casualty Pending
Participant:                   COL / Line (Participant):
Category: Pending              Sub Category:
Investigation
 • Finalize potential for damages
 • MSJ outcome for Jacquelyn Lacey
 • Coverage questions surrounding false imprisonment for David Lacey
 • Review Amended Complaints
Liability
 • Finalize Liability
Damages/ Evaluation
 • Obtain damage docs that outline claimants damages
 • Respond to PL counsel regarding rates
03-30-2021 - 11:20 AM CDT      Performer: Brookins, Pierre       Office: COWNPHX
File Note: Casualty Claim Note
Participant: ELLIS GEORGE CIPOLLONE   COL / Line (Participant):
Category: Authority            Sub Category:
NI atty has provided this letter challenging the rate that we have advised that we are willing to pay in this matter. Insured Cumis Counsel is
providing case law showing cases where higher rates have been considered ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

03-16-2021 - 6:22 PM CDT       Performer: Bray, Joyce            Office: COWNPHX

Date: 08-05-2024                                                              Page 4
```

not lawyers (*e.g.*, Richard Marks, Pierre Brookins, Jamie Johnson, and Stacey Allman). The communications are internal, identifying the recipients of the communications as "State Farm Claim File," rather than a person. See *e.g.*, SF-CF-(PLUP) 000074-75:

See also, SF-CF (PLUP) 000028:

Each of the above examples, *albeit limited given the page limits*, are claims file notes entered by claims adjusters assigned to handle the Lacey's claim file in the regular course of their business, none of which are addressed to counsel for legal opinions, nor are they attorney-work product. Rather, these internal notes reference the adjusters' recommendations, pending activities, and discussion with other State Farm claims representatives regarding the Lacey's insurance claim. *National Steel Products Co. v. Superior Court*, 164 Cal.App.3d 476, 489 (1985) ("Internal memoranda or claims file materials, although they may discuss legal theories, litigation tactics or potential liability, are not privileged unless they are written by or at the direction of counsel and prepared for the purpose of transmitting information to counsel for legal advice.")

What *Costco* also reaffirmed is the long-standing principle that "a client cannot protect unprivileged information from discovery by transmitting it to an attorney."

1  *Costco, supra,* 47 Cal.4th at 735.  Indeed, "[b]ecause an in-house lawyer often has
2  other functions in addition to providing legal advice, the lawyer's role on a particular
3  occasion will not be self-evident as it usually is in the case of outside counsel."
4  *Minebea Co., Ltd. v. Papst,* 228 F.R.D. 13, 21 (D.D.C. 2005).  Accordingly, "courts
5  impose a higher burden on in-house counsel to 'clearly demonstrate' that advice was
6  given in a legal capacity." *Neuberger Berman Real Estate Income Fund, Inc. v. Lola
7  Brown Trust No. 1B,* 230 F.R.D. 398, 411 n.20 (D. Md. 2005) (citation omitted).

8        And the principle applies equally here with regard to State farm's coverage
9  counsel. To justify withholding communications with coverage counsel, the
10 "lawyer's role as a lawyer must be primary to her participation" in the
11 communication.  *In re Vioxx Prods. Liability Litig.,* 501 F. Supp. 2d 789, 798 (E.D.
12 La. 2007).  Communications with in-house counsel are not privileged to the extent
13 they "would have been made because of a business purpose," regardless of whether
14 there may have been a "perceived additional interest in securing legal advice."
15 *McCaugherty v. Siffermann,* 132 F.R.D. 234, 238 (N.D. Cal. 1990).  *See also, e.g.*,
16 *Upjohn Co. v. U.S.*, 449 U.S. 383, 395-96 (1981) (ACP only protects
17 communications from client to attorney, and not disclosure of underlying facts).
18 Based on the foregoing, *Plaintiff has made* a factual showing that State Farm's claims
19 file notes may not be privileged.

20       **B. *In Camera* Review Is Warranted Because the Claims Adjusters'**
21       **Conduct Is the Core of the Bad Faith Claim and Cannot Be Shielded.**

22       This case turns on what State Farm's claims personnel did, when they did it,
23 and why.  The internal communications reflect the evaluative process that led to State
24 Farm's decisions regarding its initial denial of coverage to David Lacey. Indeed,
25 State Farm seeks to withhold from disclosure even the <u>very</u> <u>first</u> entry into its claims
26 file titled "**New Suit Notification**."  This communication has been entirely redacted
27 and reflects the entry as having been made into the file by a claims representative –
28 without reference to an attorney (or even a communication with an attorney)

508432015.1

whatsoever.  The wholesale redaction reflected in SF-CF (HO) 000110 is a further illustration of this point:.

SF-CF (HO) 000110



In sum, to allow State Farm to hide those very communications would defeat the truth-seeking purpose of discovery in bad faith litigation.  *Lipton v. Superior Court*, 48 Cal.App.4th 1599, 1619 (1996) ("A party may not use the privilege as both a sword and a shield.")

Courts frequently conduct *in camera* review of communications in appropriate circumstances.  *See, e.g., Minebea Co., Ltd. v. Papst,* 228 F.R.D. 13, 21 (D.D.C. 2005) (ordering communications produced after *in camera* review: "Because an in-house lawyer often has other functions in addition to providing legal advice, the lawyer's role on a particular occasion will not be self-evident.").  Here, review is imperative given the lack of integrity of State Farm's privilege log more generally.

*First*, the issue remains that the description for every entry in State Farm's privilege log is nearly the same: "Redaction of claim note reflecting legal communications, oversight, opinions and strategy involving litigation counsel."

508432015.1

9   CASE NO. 2:24-CV-05205-FMO-MAA
PLAINTIFF'S BRIEF IN SUPPORT OF OBTAINING RELEVANT, NON-PRIVILEGED DOCUMENTS FROM DEFENDANT STATE FARM GENERAL INSURANCE COMPANY

These kinds of inaccuracies alone can justify *in camera* review. *See,* e.g*, Hohider v. United Parcel Service, Inc.,* 257 F.R.D. 80, 84 (W.D. Pa. 2009) (*in camera* review is justified where "doubts" are present regarding the assertions and descriptions in a privilege log).

*Second*, with regard to communications between State Farm's claims representatives and coverage counsel, there is also no basis to withhold unless such communications include the request or receipt of "legal advice." Communications reflecting or containing coverage counsel's "impressions" or opinions of litigation counsel and/or litigation counsels' strategy are not privileged. California courts are especially skeptical of overbroad privilege assertions in bad faith insurance litigation, where the insurer's claims conduct is directly at issue. *See*, *Booth v. Allstate Ins. Co.*, 198 Cal.App.3d 1357, 1366 (1989) ("An insurer cannot assert privilege to shield evidence of bad faith.")

Here, State Farm has not provided sufficient information for Plaintiff to even evaluate whether its coverage counsel was engaged in anything other than "claims investigation activities." Indeed, it is hard to imagine what legal advice, if any, State Farm could be seeking day after day for the entirety of its claim handling. There is no basis for redacting claims representative documents, especially where this bad faith action challenges State Farm's "oversight, opinions and strategy," all of which prejudiced Plaintiff in the underlying matter. See *Nei v. Travelers Home and Marine Ins. Co.*, 326 F.R.D. 652 (2018) (holding that attorney-client privilege does not apply when an attorney acts as a claims adjuster, supervisor, or investigation monitor rather than a legal advisor).

## IV. CONCLUSION

For the foregoing reasons, the Special Master should order those red and green color-colored entries from State Farm's privilege log be submitted to the Special Master for *in camera* review and, if appropriate based on such review, order them produced to Plaintiff.

| | | |
|---|---|---|
| Dated: | April 14, 2025 | Respectfully Submitted, |

ELLIS GEORGE LLP

By: /s/ Trent Copeland
Eric M. George
Trent Copeland

Attorneys for Plaintiffs
Jacquelyn "Jackie" Lacey and
Jacquelyn "Jackie" Lacey as trustee
of the D and J. Lacey Family Trust
Dated November 23, 2016

508432015.1

11   CASE NO. 2:24-CV-05205-FMO-MAA
PLAINTIFF'S BRIEF IN SUPPORT OF OBTAINING RELEVANT, NON-PRIVILEGED DOCUMENTS FROM DEFENDANT STATE FARM GENERAL INSURANCE COMPANY