SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
ANDRE J. CRONTHALL, Cal. Bar No. 117088
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Email: jhoffman@sheppardmullin.com
acronthall@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Email: jcrowe@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
E mail: awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,

Plaintiffs,

v.

STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,

Defendants.

Case No.: 2:24-cv-05205-FMO-MAA

Hon. Fernando M. Olguin

**DECLARATION OF JENNIFER HOFFMAN IN SUPPORT OF DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S MOTION FOR SANCTIONS**

Date: May 22, 2025
Time: 10:00 a.m.
Crtrm: 6D

*[Notice of Motion and Motion, Compendium of Exhibits, and [Proposed] Order filed concurrently.]*

**DECLARATION OF JENNIFER M. HOFFMAN**

I, Jennifer Hoffman, declare as follows:

1. I am an attorney duly admitted to practice before this Court. I am a Partner with the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for defendant State Farm General Insurance Company ("State Farm") in this action. If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

**The Initial Representations**

2. On May 24, 2024, Jacquelyn Lacey's ("Mrs. Lacey") filed a Complaint (ECF 1-1) against State Farm alleging claims for breach of contract and bad faith based on State Farm's alleged misconduct in the underlying *Abdullah* Action. For the Court's convenience, a true and correct copy of the Complaint, with certain portions highlighted, is attached as **Exhibit A** to the Compendium of Exhibits.

3. On August 9, 2024, my office received a copy of Plaintiffs' Second Supplemental Rule 26 Disclosure Statement. Attached to the Compendium of Exhibits as **Exhibit B** are true and correct copies of relevant excerpts of Plaintiffs' Second Supplemental Rule 26 Disclosure Statement.

4. On September 4, 2024, my office received a copy of Plaintiff Jacquelyn Lacey in her Individual Capacity's Responses to Defendant's Interrogatories, Set One. Attached to the Compendium of Exhibits as **Exhibit C** are true and correct copies of relevant excerpts of these responses.

5. On September 4, 2024, my office received a copy of Plaintiff Jacquelyn Lacey as Trustee of the D and J Lacey Family Trust Dated November 23, 2016's Responses to Defendant's Interrogatories, Set One. Attached to the Compendium of Exhibits as **Exhibit D** are true and correct copies of relevant excerpts of these responses.

6. On August 5, 2024, my office caused to be served requests for production on Plaintiff, in both her individual and representative capacity, which

sought, among other things, engagement agreements related to the underlying *Abdullah* action.

7. On September 4, 2024, Plaintiff Jacquelyn Lacey in her Individual Capacity served responses to State Farm's First Set of Requests for Production, but did not produce any retention agreements.

8. On September 4, 2024, Plaintiff Jacquelyn Lacey as Trustee of the D and J Lacey Family Trust served responses to State Farm's First Set of Requests for Production, but did not produce any retention agreements.

9. On October 30, 2024, during an Informal Discovery Conference ("IDC"), Plaintiffs' counsel explicitly agreed to produce retention agreements. (ECF 33). A true and correct copy of excerpts of the October 30, 2024 IDC transcript reflecting that agreement are attached as **Exhibit E** to the Compendium of Exhibits.

10. Plaintiffs' subsequent November 8, 2024 production only included the K&L Gates retention agreement dated April 28, 2023. No Ellis George retention agreement was included in that production.

11. During the subsequent IDC on November 12, 2024, I raised deficiencies in Plaintiffs' document production, including the omission of the Ellis George retention agreement. Plaintiffs' counsel claimed that the omission of the Ellis George retention agreement was inadvertent. A true and correct copy of excerpts of the November 12, 2024 IDC transcript reflecting that claim is attached to the Compendium of Exhibits as **Exhibit F**.

**Discovery Proceeds**

12. On November 15, 2024, Plaintiffs first produced the Ellis George retention agreement dated November 24, 2020. Attached to the Compendium of Exhibits as **Exhibit G** is a true and correct copy of the transmittal email and produced document, with certain portions highlighted.

13. On December 11, 2024, I deposed Mrs. Lacey. True and correct copies of excerpts of Mrs. Lacey's deposition transcript and excerpts of Exhibits 3 (privilege log), excerpts of Exhibit 4 (Ellis George retention agreement), excerpts of Exhibit 6 (Dec. 15, 2020 letter), Exhibit 13 (dismissal), and Exhibit 18 (mediation settlement agreement) to the deposition transcript are collectively attached to the Compendium of Exhibits as **Exhibit H**.

**The Special Master's Report and Recommendation**

14. On February 24, 2025, I attended the hearing before Special Master Michael Wilner on State Farm's Motion to Compel Arbitration. Attached to the Compendium of Exhibits as **Exhibit I** is a true and correct copy of excerpts of the February 24, 2025 hearing transcript.

**Mrs. Lacey's Counsel Bargains to Remove Wrongful Settlement Allegations**

15. Meanwhile, my office met and conferred with Mrs. Lacey's counsel regarding State Farm's request for Mr. Copeland's, Mr. Keech's and Mr. Vahedy's depositions. We explained that State Farm needed the depositions because, among other things, the attorneys were material fact witnesses to the negotiations and settlement of the claims against Mr. Lacey's Estate in the underlying *Abdullah* Action, which Plaintiffs had placed squarely at issue in the Complaint. (*See* ECF 1-1 at ¶¶ 44-47). On November 21, 2024, I had a phone call with Mr. Asfour, during which he proposed that, in exchange for State Farm agreeing to forego the attorney depositions, Plaintiffs would narrow the scope of the operative Complaint to remove the wrongful settlement theory. On November 22, 2024, Mr. Asfour sent an email to me attaching a proposed redlined Complaint. I responded that several additional amendments to the Complaint would be needed from State Farm's perspective to make the intent to narrow the scope of the litigation to only an alleged breach of the duty to defend clear. Mr. Asfour responded on November 25, 2024, by attaching another redlined Complaint making further revisions. A true and correct copy of

Mr. Asfour's November 25, 2024 email and attached redlined Complaint is attached to the Compendium of Exhibits as **Exhibit J**.

**Meet and Confer Attempts**

16. On December 17, 2024 my office sent counsel for Plaintiffs a Rule 11 warning letter. The letter asked for a response by December 23, 2024. Attached to the Compendium of Exhibits as **Exhibit K** is a true and correct copy of the December 17, 2024 letter.

17. On December 23, 2024, Mrs. Lacey's counsel acknowledged receipt of our letter and advised they would provide a "full response" no later than January 6, 2024. Attached to the Compendium of Exhibits as **Exhibit L** is a true and correct copy of the December 23, 2024 correspondence.

18. On December 26, 2024, my co-counsel Andrea Warren sent another letter asking to schedule a meet and confer regarding our December 17, 20204 letter in a further good faith effort to avoid a motion for sanctions pursuant to Local Rule 7-3. She stated that she was generally available the following week, and asked Mrs. Lacey's counsel to provide their availability so that she could circulate a call-in invitation for a mutually-agreeable time. Attached to the Compendium of Exhibits as **Exhibit M** is a true and correct copy of the December 26, 2024 letter.

19. On January 3, 2025, my co-counsel Andrea Warren contacted Mrs. Lacey's counsel again and recounted that she received no response to her request for a meet and confer that week. She asked Mrs. Lacey's counsel to provide their availability for a meeting the following week. Attached to the Compendium of Exhibits as **Exhibit N** is a true and correct copy of Ms. Warren's January 3, 2025 correspondence.

20. On January 6, 2025, Mrs. Lacey's counsel responded to our December 17, 2024 Rule 11 warning letter, but did not provide a time to meet and confer to discuss the issues, as we had specifically requested on December 26, 2024 and again

on January 3, 2025. Attached to the Compendium of Exhibits as **Exhibit O** is a true and correct copy of their January 6, 2025 correspondence.

21. On February 19, 2025, during a meeting of counsel on another issue, I raised counsel's failure to provide dates to meet and confer regarding our Rule 11 letter in response to our repeated requests. I again asked that they provide dates to meet and confer pursuant to Local Rule 7-3 regarding State Farm's contemplated motion for sanctions. Mrs. Lacey's counsel again refused to provide dates, either during our meeting or after it, and instead resorted to name-calling. Attached to the Compendium of Exhibits as **Exhibit P** is a true and correct copy of my February 19, 2025 correspondence confirming my request and Mr. Keech's response.

**Expert Report**

22. On March 6, 2025, State Farm produced the Expert Witness Report of Suzanne Burke Spencer with its Expert Disclosures. Attached to the Compendium of Exhibits as **Exhibit Q** is a true and correct copy of the Burke Spencer Report without attachments.

**Fees and Costs Incurred**

23. To date, State Farm has incurred over $500,000 in fees and costs in defending against this action. This includes at least $37,000 in Special Master fees.

24. Between meeting and conferring, preparing this motion, preparing a reply and appearing at a hearing, I expect that State Farm will have incurred at least $20,000 in bringing its Motion for Sanctions alone.

**Service**

25. On March 31, 2025, I directed my office to serve a copy of State Farm's Motion for Sanctions of the same date and all supporting papers on Mrs. Lacey's counsel of record, including Trent Copeland and Eric George of Ellis George LLP and Ryan Keech, Kevin Asfour, Zachary Timm and Keian Vahedy of K&L Gates LLP via personal delivery and email.

I declare under penalty of perjury, pursuant to the laws of the State of California and the United States of America, that the foregoing is true and correct.

Executed on this 31st day of March 2025 at Los Angeles, California.

*/s/ Jennifer M. Hoffman*
JENNIFER M. HOFFMAN

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 350 South Grand Avenue, 40th Floor, Los Angeles, California 90071-3460.

On March 31, 2025, I served true copies of the following document(s) described as **DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S NOTICF OF MOTION AND MOTION FOR SANCTIONS** on

**Eric M. George, Esq.**
**Trent Copeland, Esq.**
**ELLIS GEORGE LLP**
**2121 Avenue of the Stars, 30th Floor**
**Los Angeles, CA 90067**
**egeorge@ellisgeorge.com**
**tcopeland@ellisgeorge.com**
**kmccormick@ellisgeorge.com**

***Attorneys for Plaintiff***

**Ryan Q. Keech, Esq.**
**Kevin A. Asfour, Esq.**
**Zachary T. Timm, Esq.**
**Keian Vahedy, Esq..**
**K&L GATES LLP**
**10100 Santa Monica Boulevard, 8th Floor**
**Los Angeles, CA 90067**
**Ryan.Keech@klgates.com**
**Kevin.Asfour@klgates.com**
**Zach.Timm@klgates.com**
**keian.Vahedy@klgates.com**
**klgateseservice@klgates.com**
**Jonathan.randolph@klgates.com**
**Litigation.docketing@klgates.com**

***Attorneys for Plaintiff***

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address gpasquale@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the office of the addressee(s).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 31, 2025, at Los Angeles, California.

Gino Pasquale

057V-391525