SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
ANDRE J. CRONTHALL, Cal. Bar No. 117088
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone: 213.620.1780
Facsimile: 213.620.1398
Email:    jhoffman@sheppardmullin.com
          acronthall@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
Email:    jcrowe@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

*[Additional Counsel Listed on Next Page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>Plaintiffs,<br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br>Defendants. | Case No. 2:24-cv-05205-FMO-MAA<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date:     June 4, 2025<br>Time:     10:30 a.m.<br>Judge:    Hon. Michael Wilner<br>Location: JAMS |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone: 619.338.6500
E mail: awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

1  Pursuant to leave granted by Special Master Wilner on April 29, 2025,
2  Defendant State Farm General Insurance Company ("State Farm") submits this
3  Supplemental Brief in support of its Motion for Sanctions along with accompanying
4  excerpts of the Deposition of Eric George, as follows:

### SUPPLEMENTAL BRIEF

On March 31, 2025, State Farm served its Motion for Sanctions. (ECF 107). The Motion seeks sanctions based on, among other things, allegations that the Laceys incurred direct liability to Ellis George for over $1 million in unpaid attorneys' fees in defending the *Abdullah* Action. Those allegations conflict with the terms of the fully-integrated, written Ellis George *Pro Pono* Agreement, signed by Eric George and David Lacey in 2020, which provides that Ellis George would defend Mr. Lacey in the *Abdullah* Action on a *pro bono* basis.[1]

State Farm did not immediately file the Motion for Sanctions. Instead, it provided Plaintiffs' counsel the full 21-day safe harbor period under Rule 11. State Farm filed the Motion for Sanctions only after the safe harbor period ran, on April 22, 2025.

Meanwhile, on April 7 and during a hearing before Special Master Wilner, Plaintiffs' counsel first identified Eric George as a fact witness in this matter. Plaintiffs' counsel asserted that Mr. George had knowledge of the 2020 Ellis George *Pro Bono* Agreement and a later May 2024 retention agreement between Jackie Lacey and Ellis George related to this action.[2] Plaintiffs' counsel claimed that the

---

[1] As detailed in the Motion, Plaintiffs' counsel initially objected to disclosing their retention agreement related to the *Abdullah* Action, and did not disclose the 2020 Ellis George *Pro Bono* Agreement until November 15, 2024. (ECF 107 at 7:20-8:23). When the 2020 *Pro Bono* Agreement was entered, Ellis George was known as Browne, George, Ross, O'Brien, Annaguey & Ellis LLP.

[2] Plaintiffs' counsel did not produce an unredacted copy of the May 2024 agreement until December 26, 2024, weeks after Mrs. Lacey's December 11, 2024 deposition. The 2024 Agreement is Exhibit 3 to Eric George's deposition, submitted herewith.

1  May 2024 Agreement represented a "written modification" of the 2020 Agreement,
2  and suggested that Mr. George would offer testimony supporting that position.[3]
3  (Transcript of April 7 Hearing, p. 63:3-5 (Mr. Keech: "So with respect to the Ellis
4  George/Browne George engagement agreement, the only written modification was
5  the May 2024 engagement agreement.")).  Based on Plaintiffs' counsel's
6  representations, State Farm subpoenaed Mr. George for deposition.
7       On April 23, 2025, State Farm deposed Mr. George.  Like Mrs. Lacey, Mr.
8  George authenticated the 2020 Ellis George *Pro Bono* Agreement.  (George Dep., p.
9  16:3-22 & Ex. 2).  Contrary to Plaintiffs' counsel's suggestion, Mr. George did not
10 testify that the 2024 Agreement modified the 2020 Ellis George *Pro Bono*
11 Agreement.  In fact, he specifically disclaimed that suggestion.  (George Dep., p.
12 54:21-56:2 & Ex. 3).  Instead, Mr. George asserted that an earlier ▆▆▆▆▆▆▆▆
13 based on claimed oral discussions with the Laceys somehow displaced the terms of
14 the written, fully-integrated 2020 Ellis George *Pro Bono* Agreement.  (George Dep.,
15 p. 25:17-27:5).  He claimed to have not reduced that earlier understanding to writing
16 because: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆
17 ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆  (George Dep., p. 29:16-18).  When asked about why he
18 did not include that earlier understanding in the subsequent written agreement, and
19 about his knowledge as an experienced California lawyer that the terms of an
20 engagement like this must be set out in writing, Mr. George provided non-
21 responsive answers.  (George Dep., pp. 40:12-44:20, 30:25-33:4).

---

[3] That new claim conflicted with Mrs. Lacey's deposition testimony, as detailed in State Farm's Motion for Sanctions.  During her December 11, 2024 deposition, Mrs. Lacey authenticated the 2020 Ellis George *Pro Bono* Agreement, confirmed that she was "not aware of any other document modifying" it, and testified that it was the complete agreement between Ellis George and David Lacey.  (ECF 107 at 8:24-9:2 & ECF 107-2, Ex. H pp. 59-62).

1  Plaintiffs' counsel's claim of a purported earlier oral ▉▉▉▉▉▉▉ that
2  conflicts with the terms of the written, fully-integrated 2020 Ellis George *Pro Bono*
3  Agreement does not comport with the ethical rules governing California lawyers, as
4  detailed in the expert report of Suzanne Burke Spencer (ECF 107-2, Ex. Q), and is
5  similar to claims found sanctionable in *Luna v. Sears Life Ins. Co.*, 2008 WL
6  2484596 (S.D. Cal. Jan. 11, 2008) (recommending sanctions based on plaintiff's
7  counsel's assertion of a claim for attorneys' fees arising out of a purported oral fee
8  agreement in violation of Cal. Bus. & Prof. Code section 6148).  Accordingly, Mr.
9  George's testimony further supports the evidence and argument detailed in State
10 Farm's pending Motion for Sanctions.

11      For the Court's reference, excerpts of Mr. George's April 23, 2025
12 videotaped deposition is submitted herewith as **Exhibit A**, along with Exhibits 2 and
13 3 to the deposition (the 2020 Ellis George *Pro Bono* Agreement and the 2024
14 Agreement related to this action, respectively).

16 Dated:  May 1, 2025          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                              By        /s/ *Jennifer Hoffman*
                                   JENNIFER HOFFMAN
                                   ANDRE J. CRONTHALL
                                   JEFFREY S. CROWE
                                   ANDREA WARREN
                                   Attorneys for Defendant
                                   STATE FARM GENERAL INSURANCE
                                   COMPANY

# EXHIBIT A
# FILED UNDER SEAL