SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER HOFFMAN, Cal. Bar No. 240600
ANDRE J. CRONTHALL, Cal. Bar No. 117088
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:  213.620.1780
Facsimile:  213.620.1398
Email:        jhoffman@sheppardmullin.com
           acronthall@sheppardmullin.com

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY S. CROWE, Cal. Bar No. 216055
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130
Email:        jcrowe@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

*[Additional Counsel Listed on Next Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JACQUELYN "JACKIE" LACEY, in her individual capacity; and JACQUELYN "JACKIE" LACEY as trustee of the D and J Lacey Family Trust dated November 23, 2016,<br><br>        Plaintiffs,<br><br>   v.<br><br>STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation, and DOES 1-50, inclusive,<br><br>        Defendants. | Case No. 2:24-cv-05205-FMO-MAA<br><br>Hon. Fernando M. Olguin<br><br>**DEFENDANT STATE FARM GENERAL INSURANCE COMPANY'S LIMITED OPPOSITION TO MOTION FOR LEAVE TO AMEND**<br><br>Briefing Schedule Specially Set by Special Master Hon. Michael R. Wilner (Ret.) |

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ANDREA S. WARREN, Cal. Bar No. 327033
501 West Broadway, 18th Floor
San Diego, California 92101-3598
Telephone:  619.338.6500
E mail:        awarren@sheppardmullin.com

Attorneys for Defendant
STATE FARM GENERAL INSURANCE COMPANY

Case No. 2:24-cv-05205-FMO-MAA

STATE FARM'S OPPOSITION TO MOTION FOR LEAVE TO AMEND

Defendant State Farm General Insurance Company ("State Farm") submits the following Limited Opposition to Plaintiffs' Motion for Leave to File First Amended Complaint ("Motion") as follows:

## I.    **INTRODUCTION**

State Farm does not oppose Plaintiffs' Motion to the extent it seeks leave to file an amended Complaint that omits allegations that State Farm has long maintained should never have been included in the Complaint.

State Farm only opposes Plaintiffs' Motion to the extent it seeks leave to add new allegations, which they contend include facts within Plaintiffs' counsel's knowledge since 2020.  There is no good cause for these belated additions.  The Special Master should grant the Motion to the extent it seeks to omit allegations, and deny leave to introduce new allegations.

## II.    **RELEVANT BACKGROUND**

Plaintiffs filed their Complaint on May 21, 2024.  (ECF 1-1).  In it, they alleged two central liability theories against their insurer, State Farm: (1) that State Farm breached the duty to defend by declining Mr. Lacey's initial tender of defense and later slow or low paying defense fees billed by Mr. Lacey's *Cumis* counsel in the underlying *Abdullah* Action, and (2) that State Farm somehow wrongfully settled the *Abdullah* Action to the Laceys' detriment.  (ECF 1-1).

The Court entered its initial Scheduling Order on July 22, 2024, which set an October 21, 2024 deadline to amend the pleadings.  (ECF 13).

During discovery, State Farm sought to depose *Cumis* counsel in the *Abdullah* Action, Plaintiffs' counsel herein, regarding the settlement in order to defend against Plaintiffs' wrongful settlement theory.  (ECF 113-1, Ex. F at 29-32).  Plaintiffs' counsel objected and the parties met and conferred in an effort to resolve the dispute.  (ECF 113-1, Ex. F at 5-26).  As part of those discussions, in November 2024, Plaintiffs' counsel proposed withdrawing the wrongful settlement theory from

1 the Complaint entirely. (*Id.*). The parties did not reach an agreement on the issue,

2 and Plaintiffs did not seek leave to amend. (*Id.* at 1-2).

3       More than four months later, on April 7, 2025, the Special Master held a

4 hearing on State Farm's request for the attorney depositions. After the hearing, the

5 parties met and conferred regarding stipulating to the amendment of the Complaint

6 to withdraw the wrongful settlement theory. (ECF 113-1, Ex. G at 14-15). State

7 Farm also offered to consider stipulating to the withdrawal of other allegations

8 addressed in State Farm's pending Motion for Sanctions. (*Id.*).

9       Plaintiffs' counsel responded by proposing to withdraw their wrongful

10 settlement theory allegations, as well as certain additional allegations raised in the

11 Motion for Sanctions. (*See* ECF 113-1, Ex. I). However, Plaintiffs also asked State

12 Farm to agree to the addition of new allegations in their place. (*Id.*). Again, the

13 parties did not reach an agreement.

14       On April 29, 2025, the Special Master gave Plaintiffs the opportunity to file

15 an expedited Motion for Leave to Amend no later than Friday, May 2, with State

16 Farm's response due by Friday, May 9. (ECF 112, ¶ 6). The Special Master also

17 advised the parties that he may rule on the Motion without a hearing.

18       Plaintiffs filed their Motion after 11:00 pm on May 2. (ECF 113). In it, they

19 seek leave to amend the Complaint to withdraw the wrongful settlement theory,

20 withdraw certain other allegations addressed in State Farm's Motion for Sanctions,

21 and add new allegations in their place. (*Id.*).

22 **III.**   **LEGAL STANDARD**

23       As Plaintiffs recognize in their Motion, to amend a complaint after a

24 scheduling order is entered, a party must first establish "good cause" under Rule

25 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-10 (9th Cir. 1992)

26 (party failed to demonstrate good cause for "belated motion to amend" filed four

27 months after the cut-off). This "standard primarily considers the diligence of the

28 party seeking the amendment." *Id.* at 609. "Although the existence or degree of

prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Id.* at 609. "*If that party was not diligent, the inquiry should end.*" *Id.* (emphasis added). Only *after* that good cause requirement is satisfied may the party show that amendment also satisfies Rule 15. *Id.* at 608.

Under Rule 15, amendment should not be permitted if it would "cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Id.* at 607. Accordingly, courts properly deny leave to amend under Rule 15 where plaintiffs seek to belatedly allege facts and theories that they have known all along. *See, e.g.*, *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (denying late attempt to recast claim where plaintiff "has known all of the underlying facts and theories he now wishes to allege since the commencement of the litigation").

## IV.    THE SPECIAL MASTER SHOULD DENY LEAVE TO ADD NEW ALLEGATIONS

The Special Master should deny the Motion to the extent it seeks to add new allegations more than six months after the Court's deadline to amend the pleadings has passed. (ECF 13 (Initial Scheduling Order) & ECF 113-1, Ex. A (Proposed Amended Complaint)). Plaintiffs have not, and cannot, establish diligence or good cause in seeking such amendments.

Plaintiffs' counsel claim there was "literally no way" to seek the current amendment because State Farm did not request dates for counsel's deposition until after the deadline to amend the Complaint had passed. (ECF 113 at 9:18). That fails, because Plaintiffs' Complaint placed their counsel's knowledge directly at issue in the case, not State Farm. Moreover, State Farm identified Plaintiffs' counsel as witnesses in the Rule 26 Joint Report, filed on July 18, 2024. (ECF 12 at 14:7).

Plaintiffs also argue that their new allegations merely "clarify" the nature of Plaintiffs' 2020 Ellis George *Pro Bono* retainer agreement in an effort to "try and

address" the issues raised by State Farm's pending Motion for Sanctions.  (ECF 113 at 10:18-24).  That fails, because Plaintiffs' counsel entered the Ellis George *Pro Bono* Agreement in 2020, and therefore knew the surrounding facts long before they filed their Complaint in May 2024.  Plaintiffs' counsel therefore could and should have candidly stated the fact of the *pro bono* arrangement, or at least have not affirmatively alleged that the Laceys bore direct liability to Ellis George for more than $1 million in fees, in their original Complaint.  Moreover, Plaintiffs' counsel's proposed amendment seeks to withdraw only some, but not all, of the offending allegations that are the subject of State Farm's pending Motion for Sanctions.  (*See* ECF 107 & ECF 113-1, Ex. A (at-issue allegations in original paragraphs 8, 27, 29, 32, and 48 remain).  In addition, State Farm sent its first Rule 11 warning letter to Plaintiffs' counsel in December 2024 – *nearly six months ago*.  (ECF 107-2, Ex. K).

Regardless, none of Plaintiffs' proposed additions allege facts new to Plaintiffs' counsel.  (*See* ECF 113-1, Ex. A (new proposed paragraphs 28, 40 n.4, 42, 46, 53, and 58).  Accordingly, the Special Master may properly deny their belated request on that ground alone.  *See Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir. 1982) (affirming district court's denial of amendment to clarify basis for damages because plaintiff "provided no satisfactory explanation for his failure to fully develop his contentions originally," and the allegations were "not premised upon new facts"); *see also Acri v. International Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.") (affirming denial of late "tactical" decision to seek leave to amend because, among other things, it was brought to avoid the possibility of an adverse motion ruling), cert. denied, 479 U.S. 816.

## V.    <u>CONCLUSION</u>

Given the foregoing reasons, the Special Master should deny Plaintiffs' Motion as to the new allegations, and limit any leave to amend to only withdrawing allegations.[1]

Dated:  May 9, 2025                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
                                    /s/ *Jennifer Hoffman*
                            JENNIFER HOFFMAN
                            ANDRE J. CRONTHALL
                            JEFFREY S. CROWE
                            ANDREA WARREN
                            Attorneys for Defendant
                            STATE FARM GENERAL INSURANCE
                            COMPANY

---

[1] State Farm also maintains that the new allegations lack legal and factual merit. However, State Farm does not challenge the request to amend on that basis.  Instead, State Farm reserves the right to challenge the merits (as opposed to the timeliness) of any new allegations in a subsequent motion, to the extent leave is granted.